

**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

**John Grossbart**
312.876.8095
jgrossbart@sonnenschein.com

8000 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
312.876.8000
312.876.7934 fax
www.sonnenschein.com

*Chicago*
*Kansas City*
*Los Angeles*
*New York*
*San Francisco*
*Short Hills, N.J.*
*St. Louis*
*Washington, D.C.*
*West Palm Beach*

April 28, 2005

**VIA HAND DELIVERY**

Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124, Lockbox 27
Wilmington, Delaware 19801

Re:
- *MBIA Ins. Corp. and Wells Fargo Bank v. Royal*, Case No. 02-1294-JJF;

- *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Pepper Hamilton, et al.*, Case No. 04-1551-JJF;

- *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen LLP, et al.*, Case No. 05-72-JJF; and

- *Royal v. Pepper Hamilton, et al.*, Case No 05-165-JJF

Dear Judge Farnan:

There currently are four cases pending before Your Honor that all involve the business and affairs of now bankrupt Student Finance Corporation ("SFC"). We represent Royal Indemnity Company ("Royal") in two of those cases (nos. 02-1294 and 05-165). We are writing in response to letters sent to the Court on April 14, 2005 by counsel for Charles A. Stanziale, Jr., the Chapter 7 Trustee of SFC (the "Trustee"), and on April 15, 2005 by counsel for McGladrey & Pullen LLP, which is a defendant in case nos. 05-72 and 05-165. Both of those letters requested a joint status conference in order to coordinate the proceedings in these matters. Royal agrees that a joint status conference is appropriate at this time.

Background

All four cases involve an alleged fraud scheme centered around the business of SFC. Before its collapse, SFC claimed to be in the business of originating or purchasing tuition loans made to students enrolled in truck-driving schools. Royal's credit risk insurance policies insured against defaults by the student borrowers. In case no. 02-1294, MBIA Insurance Corporation



Honorable Joseph J. Farnan, Jr.
April 28, 2005
Page 2


("MBIA") and Wells Fargo Bank Minnesota, N.A. ("Wells Fargo") sued to enforce the Royal policies. In addition to claims and defenses directly related to those policies, Royal filed counterclaims against Wells Fargo on separate Pooling and Servicing Agreements and brought third-party tort and other claims against various SFC-affiliated entities and their owner, Andrew Yao. While the portion of case no. 02-1294 involving the insurance policies was decided on summary judgment and is pending on appeal, Royal's separate breach of contract claims against Wells Fargo and its tort and other claims against the SFC-related parties are still before this Court.

Subsequent to the filing of case no. 02-1294, the Trustee filed separate lawsuits against the Pepper Hamilton law firm and others ("Pepper") (case no. 04-1551), and the accounting firm of McGladrey & Pullen LLP and others ("McGladrey") (case no. 05-72), both of which were originally filed in the bankruptcy court and then removed to this Court. These cases allege that Pepper and McGladrey knew about, and wrongfully facilitated and benefited from, the same SFC fraud scheme that is the subject of case no. 02-1294.

Royal's March 2005 Motion To Amend

In March 2005, Royal filed a motion to amend its claims in case no. 02-1294 in order to add Pepper, McGladrey, the accounting firm of Freed Maxick & Battaglia CPAs PC ("Freed"), and various individuals as third-party defendants for their active and knowing role in the SFC fraud scheme. Although none of the parties to case no. 02-1294 opposed Royal's motion, at the March, 18, 2005 hearing on Royal's motion, the Court ruled that rather than have Royal amend its third-party claim in case no. 02-1294, the Court preferred that Royal file a new, separate complaint against the parties it had proposed to add as third-party defendants in case no. 02-1294. Royal has done so and that action is pending in this Court as case no. 05-165. In ruling on Royal's motion, the Court noted the existence of the other cases discussed above and stated as follows:

> [Once Royal has filed its case against Pepper, McGladrey and Freed], then we'll look at all the cases and see how we're going to manage them, whether consolidated or in pieces, but we're going to get scheduling orders in place for all of them. . . . And then we'll actually anticipate without any prediction the dropping back of the bank [MBIA and Wells Fargo appeal] cases. So I'm going to give some firm trial dates, but they'll be out far enough that if those cases are dropped back in here, they won't blow up the work that you've done. There will be an ability to mesh them so that we can go forward.

(March 18, 2005 Hearing Tr. at 20-21.)



Honorable Joseph J. Farnan, Jr.
April 28, 2005
Page 3


Current Status Of Cases

*MBIA and Wells Fargo v. Royal* (Case No. 02-1294): As noted above, the insurance policy-related claims are pending on appeal. Proceedings related to Royal's affirmative claims are still in their early stages. Initial interrogatories and document requests have been exchanged, and documents recently have been produced. No deposition discovery has been scheduled or has occurred.

*Trustee v. Pepper* (Case No. 04-1551): We understand the parties have completed briefing on Pepper's motion to dismiss. No discovery, beyond Rule 2004 discovery in the bankruptcy court, has taken place and no discovery schedule is in place.

*Trustee v. McGladrey* (Case No. 05-72): We understand the parties are in the process of briefing McGladrey's motion to dismiss. No discovery, beyond Rule 2004 discovery in the bankruptcy court, has taken place. No discovery schedule is in place. The Court's request for a scheduling order was the subject of the Trustee's April 14, 2005, and McGladrey's April 15, 2005, letters to the Court.

*Royal v. Pepper, McGladrey and Freed* (Case No. 05-165): Responsive pleadings are not yet due. No discovery has taken place and no discovery schedule is in place.

Consolidation

Royal concurs with the Trustee's and McGladrey's request for a joint status conference. The core issues in each case all revolve around the same SFC fraud scheme -- how it was formed, how it functioned, what parties knew about and participated in that fraud, and how those parties facilitated and benefited from that wrongdoing. Many of the same witnesses will be required to provide testimony in all of the actions. Likewise, most, if not all of the parties will be making document productions and responding to interrogatories in all of the actions. For example, Wells Fargo has indicated it will be soon be reviewing Pepper Hamilton's bankruptcy rule 2004 production to the Trustee, even though, to date, Wells Fargo and Pepper are not named in the same case nor have claims pending against one another. It would be confusing, wasteful and redundant to have separate discovery schedules, including separate rounds of depositions, in each of the four actions.

Likewise, as the cases mature and discovery progresses, various parties may counterclaim or crossclaim against each other, much like what already has occurred in the *MBIA and Wells Fargo v. Royal* action (case no. 02-1294). In short, all the parties and the Court will benefit, both in terms of cost savings, and speed and organization of discovery of other pre-trial proceedings, from a consolidated approach.

To that end, Royal endorses the idea of a joint status conference, consolidated discovery, and coordinated pre-trial proceedings. Furthermore, because all of these cases are so related as

Case 1:05-cv-00072-JJF   Document 16   Filed 04/28/2005   Page 4 of 5



Honorable Joseph J. Farnan, Jr.
April 28, 2005
Page 4


to constitute "the same case or controversy under Article III of the United States Constitution" (28 U.S.C. § 1367(a)), Royal expects to shortly move for formal consolidation of all four cases for all purposes, including trial.

    Thank you for your consideration. By copy of this letter we are notifying all counsel of record of this request.

                                    Respectfully submitted,

                                    John Grossbart
                                    *Counsel for Royal Indemnity Company*

cc:     Distribution List (attached)

11868439



## DISTRIBUTION LIST

Andre G. Castaybert
Proskauer Rose LLP
1585 Broadway
New York, NY  10036
Fax: 212.969.2900
**Counsel for MBIA/Wells Fargo**

Joseph H. Huston Jr.
Stevens & Lee
1105 N. Market St.
7th Floor
Wilmington, DE  19899
Fax: 302.654.5181
**Counsel for Wilmington Trust**

Elizabeth K. Ainslie
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Suite 3600
Philadelphia, PA  19103
Fax: 215.751.2205
**Counsel for Pepper Hamilton and W. Roderick Gagné as a Pepper Hamilton Partner**

Bruce S. Haines
Hangley Aronchick Segal & Pudlin
One Logan Square
27th Floor
Philadelphia, PA  19103
Fax: 215.568.0300
**Counsel for Andrew Yao**

Charles A. Stanziale
Jeffrey T. Testa
Donald Crecca
Schwartz, Tobia & Stanziale, P.A.
22 Crestmont Road
Montclair, NJ  07042
Fax: 973.746.5406
**SFC Trustee**

Richard Swanson
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690
Fax: 212.715.1399
**Counsel for McGladrey & Pullen LLP, Freed Maxick & Battaglia CPAs and Michael Aquino**

David Pittinsky
Ballard, spahr, Andrews & Ingersoll, LLP
1735 Market St.
51st Floor
Philadelphia, PA  19103
Fax: 215.864.8999
**Counsel for PNC**

Neil G. Epstein
Eckert Seamans Cherin & Mellott, LLC
1515 Market St.
9th Floor
Philadelphia, PA  19102
Fax: 215.851.8383
**Counsel for W. Roderick Gagné and related Family Members and Trusts**

Sheryl Auerbach
Dilworth Paxson LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA  19103
Fax: 215.575.7200
**Counsel for SFC Trustee**