IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:                                    :    Chapter 7
                                          :
STUDENT FINANCE CORPORATION,              :    Case No. 02-11620 (DDS)
                                          :
            Debtor.                       :
                                          :
_____           :
                                          :
CHARLES A. STANZIALE, JR.,                 :    Adv. Pro. No. 04-58003
CHAPTER 7 TRUSTEE OF STUDENT               :
FINANCE CORPORATION,                       :
                                          :    District Court Case No. 1:05-cv-00072-JJF
            Plaintiff,                      :
                                          :
      v.                                  :
                                          :
McGLADREY & PULLEN, LLP                     :
and MICHAEL AQUINO,                         :
                                          :
            Defendants.                    :

REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS OF
McGLADREY & PULLEN, LLP AND MICHAEL AQUINO

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

-and-

ARNOLD & PORTER LLP
Richard P. Swanson
Veronica E. Rendon
Irena S. Brobston
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399
*Attorneys for McGladrey & Pullen, LLP
and Michael Aquino*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ...............................................................................................................2

I.    THE TRUSTEE LACKS STANDING TO ASSERT INDIVIDUAL CLAIMS.....2

II.   THE TRUSTEE CANNOT PROCEED UNDER SECTION 544(a) ......................7

III.  *IN PARI DELICTO* BARS CLAIMS UNDER SECTION 541 .............................10

      A.    *In Pari Delicto* Applies To Section 541 Claims ........................................10

      B.    McGladrey Was Not An Insider Of SFC....................................................11

      C.    *In Pari Delicto* Applies At The Motion To Dismiss Stage........................14

IV.   THE TRUSTEE'S CLAIMS FAIL AS A MATTER OF LAW ............................14

CONCLUSION...........................................................................................................18

# TABLE OF AUTHORITIES

## *CASES*

*In re APF Co.,*
    308 B.R. 183 (Bankr. D. Del 2004) _____ 17

*Beiger v. Price Waterhouse,*
    81 B.R. 303 (E.D. Pa. 1987) _____ 5, 8

*California Public Employees' Retirement Sys. v. Chubb Corp.,*
    394 F.3d 126, 143 (3d Cir. 2004) _____ 13

*Caplin v. Marine Midland Grace Trust Co. of New York,*
    406 U.S. 416, 428-32 (1972) _____ 2, 7, 11

*Cenco, Inc. v. Seidman & Seidman,*
    686 F.2d 449, 453 (7th Cir.), *cert. denied,* 459 U.S. 880 (1982)_____ 4

*Cumberland Oil Corp. v. Thropp,*
    791 F.2d 1037 (2d Cir.), *cert. denied,* 479 U.S. 950 (1986) _____ 5

*Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.,*
    187 F.Supp 2d 400 (W.D. Pa. 2002)_____ 15

*Delgado Oil Co., Inc. v Torres,*
    785 F.2d 857 (10th Cir. 1986) _____ 6

*Dressel Assocs. v. Beaver Valley Builder's Supply, Inc.*
    177 B.R. 507, 514 (Bankr. W.D. Pa. 1995)_____ 13

*E.F. Hutton Mortgage Corp. v. Pappas,*
    690 F. Supp. 1465, 1471 (D. Md. 1988)_____ 15

*Flood v. Makowski,*
    No. Civ.A. 03-CV-1803, 2004 WL 1908221 (M.D. Pa. Aug. 24, 2004) _____ 15

*Fluke v. Heidrick & Struggles, Inc.,*
    No. Civ.A. 02-CV-8385, 2003 WL 22316772 (E.D. Pa. Aug. 27, 2003)_____ 4, 15

*Geyer v. Ingersoll Publications Co,*
    621 A.2d 784, 787-88 (Del. Ch. 1992) _____ 16

*Greenberg v. Bear Stearns & Co.,*
    220 F.3d 22, 29 (2d Cir. 2000) _____ 17

*Grow Farms Corp. v. National State Bank,*
  400 A.2d 535, 538 (N.J. Super. Ct. 1979) _____ 6

*Hirsch v. Arthur Andersen & Co.,*
  72 F.3d 1085, 1093 (2d Cir. 1995) _____ 3, 14

*In re Granite Partners, L.P.,*
  194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996) _____ 2, 7

*In re Jack Greenberg,*
  240 B.R. 486 (Bankr. E.D. Pa. 1997) _____ 11

*In re Porter McLeod, Inc.,*
  231 B.R. 786 (D. Colo. 1999)_____ 8

*In re Santa Fe Pacific Corp. Shareholders Litig.,*
  669 A.2d 59, 72 (Del. 1995) _____ 17

*Jackson Nat'l Life Ins. v. Kennedy,*
  741 A.2d 377, 392 (Del. Ch. 1999)_____ 17

*Kalb, Voorhis & Co. v. American Fin. Corp.,*
  8 F.3d 130, 133 (2d Cir. 1993) _____ 9

*KBT Corp., Inc. v. Ceridian Corp.,*
  966 F. Supp. 369, 377 (E.D. Pa. 1997)_____ 4

*Lichtman v. Taufer,*
  2004 WL 1632574 (Pa. Comm. Pl. 2003) _____ 7

*Lum v. Bank of America,*
  361 F.3d 217 (3d Cir. 2004) _____ 15

*Marion v. TDI, Inc.,*
  No. Civ.A. 02-7032, 2004 WL 1175740 (E.D. Pa. May 27, 2004) _____ 11

*McNamara v. PFS (In re Personal and Business Ins. Agency),*
  334 F.3d 239 (3d Cir. 2003) _____ 11

*Official Comm. of Unsecured Creditors v. Lafferty,*
  267 F.3d 340 (3d Cir. 2001) _____ 10, 11, 14

*Pereira v. Cogan, Sherman,*
  No. 00 Civ. 619 (RWS), 2001 U.S. Dist. LEXIS 2461 (S.D.N.Y. Mar. 8, 2001) _____ 9

*PHP Liquidating, LLC v. Robbins,*
  291 B.R. 603 (D. Del. 2003), *aff'd*, 2005 WL 488785 (3d Cir. Mar. 3, 2005)_____ 3

*Shearson Lehman Hutton, Inc. v. Wagoner*,
   944 F.2d 114, 118 (2d Cir. 1991) _____ 3

*St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*,
   884 F.2d 688 (2d Cir. 1989) _____ 10

*Thompson v. Glenmede Trust Co.*,
   No. Civ. A 92-5233, 1993 WL 197031, (E.D. Pa. June 8, 1993) _____ 17

*Three Flint Hill Ltd. Partnership v. The Prudential Ins. Co. (In re Three Flint Hill Ltd. Partnership)*,
   213 B.R. 292, 299 (Bankr. D. Md. 1997) _____ 12

*Ultramares Corp. v. Touche*,
   255 N.Y. 170, 174 N.E. 441 (1931) _____ 4

*Williams v. California 1st Bank*,
   859 F.2d 664 (9th Cir. 1988) _____ 5, 7, 14

*Wooten v. Loshbough*,
   951 F.2d 768, 770 (7th Cir. 1991) _____ 9

*Ziemba v. Cascade Int'l, Inc.*,
   256 F.3d 1194, 1208 (11th Cir. 2001) _____ 15

*Zilhka Energy Co. v. Leighton*,
   920 F.2d 1520, 1523 (10th Cir. 1990) _____ 9

### *STATUTES*

11 U.S.C. § 101(31) ........................................................................................................12

11 U.S.C. § 541 .......................................................................................................*passim*

11 U.S.C. § 544 .......................................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) .................................................................................................1, 13

Defendants McGladrey & Pullen, LLP and Michael Aquino (collectively, "McGladrey") submit this reply memorandum in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint of Charles A. Stanziale, Jr., the Chapter 7 Trustee (the "Trustee") of Student Finance Corporation ("SFC").

## PRELIMINARY STATEMENT

In an artful attempt to avoid application of the *in pari delicto* doctrine under Section 541 of the Bankruptcy Code, the Trustee attempts to bring five tort claims on behalf of SFC's creditors pursuant to Section 544(a). The Trustee lacks standing to do so under definitive precedent from the Supreme Court of the United States.

Although the Trustee attempts to portray his claims as general ones that may be asserted on behalf of all of SFC's creditors, that simply is not true. The Trustee's complaint is based on allegations of fraudulent misrepresentations and omissions purportedly contained in certain accounting reports issued by McGladrey. The Trustee claims these reports were read and relied upon by SFC's creditors to their detriment. Such allegations of individual reliance by their very nature are personal and subject to unique defenses and, therefore, not "general." The tort claims brought here belong to SFC's individual creditors and the Trustee lacks standing to bring those claims.

Dismissal is also required because Section 544(a), the "strong-arm" clause, relates only to avoidance powers and does not allow the Trustee to assert individual tort claims. The Trustee could only have brought these claims on behalf of SFC under Section 541. If pled in that fashion, however, the claims would be subject to dismissal under the *in pari delicto* doctrine. The Trustee cannot escape that reality by attempting to expand the scope of Section 544(a) in an improper and unprecedented manner.

The Trustee repeatedly asks the Court not to dismiss his claims, arguing that dismissal would somehow result in a great injustice to SFC's creditors. That also is not true. Royal Indemnity Company, SFC's largest creditor, recently filed a complaint against McGladrey and Mr. Aquino that mirrors the Trustee's complaint almost exactly. If SFC's other creditors wish to pursue their own individual claims against McGladrey, they may try to do so, just as Royal has. McGladrey should not be subject to redundant proceedings brought by individual creditors and the Trustee.

## ARGUMENT

### I.    THE TRUSTEE LACKS STANDING TO ASSERT INDIVIDUAL CLAIMS

In an attempted end-run around the *in pari delicto* doctrine, the Trustee purports to bring five tort claims pursuant to Section 544(a) for aiding and abetting fraud; fraud; fraudulent concealment; aiding and abetting breach of fiduciary duty and negligent misrepresentation. The Trustee, however, lacks standing to bring those claims, which belong to individual estate creditors. *See Caplin v. Marine Midland Grace Trust Co. of New York*, 406 U.S. 416, 428-32 (1972); *In re Granite Partners, L.P.*, 194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996).

As discussed in McGladrey's opening brief, the Supreme Court of the United States held in *Caplin v. Marine Midland* that a bankruptcy trustee lacks standing to assert individual claims on behalf of estate creditors. *See* 406 U.S. at 428-32. The Trustee concedes that fact. *See* Response of Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation, dated April 15, 2005 ("Trustee Br."), at 19-23.

To escape dismissal, the Trustee claims that he has brought general and not individual claims on behalf of SFC's creditors. Missing from the Trustee's opposition brief, however, is any analysis as to why his causes of action constitute general and not individual claims. That omission is not accidental.

2

As this Court explained in *PHP Liquidating, LLC v. Robbins*, 291 B.R. 603 (D. Del. 2003), *aff'd*, 2005 WL 488785 (3d Cir. Mar. 3, 2005) (per curiam) (affirming dismissal of claim by individual creditor where claim was a general one that "does not distinguish between creditors, or even mention reliance or specific damages"):

> Whether an action accrues to a creditor individually, such that a creditor has standing, or generally, such that a trustee has standing, requires the court to look "to the injury for which relief is sought and consider whether it is peculiar and personal to the [creditor] or general and common to the ... creditors." "A cause of action is 'personal' if the claimant [or creditor] himself is harmed and no other claimant or creditor has an interest in the cause." A cause of action is general if the injury is common to all creditors....

*Id.* at 610 (alterations in original) (citations omitted). Similarly, the Second Circuit has noted, "when a bankrupt corporation has joined with a third party in defrauding its creditors, the trustee cannot recover against the third party for damage to the creditors...." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir. 1995), *citing Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991).

Here, the heart of the Trustee's claims is that creditors read and relied upon allegedly fraudulent and misleading accounting reports issued by McGladrey, and were thereby damaged. As set forth in the Introduction to the Trustee's complaint: "The Reports legitimized SFC's finances and financial practices through material misrepresentations and omissions...." (¶ 1); "[McGladrey's] reports were the bait SFC used to lure unsuspecting creditors and investors to the scheme...." (¶ 4); and "Investors and creditors doing business with SFC were deceived by the apparent health of the company as represented by McGladrey's false Reports and continued to invest in SFC student loans and transact business with SFC as if it were a legitimate business...." (¶ 6). In his ensuing tort claims, the Trustee alleges that SFC's creditors

3

individually relied upon McGladrey's reports, which of course he must do in order to state causes of action.[1]

Whether packaged as fraud, fraudulent concealment, aiding and abetting or negligent misrepresentation, the Trustee's claim is that McGladrey issued allegedly misleading accounting reports that purportedly were read and relied upon by SFC's creditors, causing them harm. *See Cenco, Inc. v. Seidman & Seidman*, 686 F.2d 449, 453 (7th Cir.), *cert. denied*, 459 U.S. 880 (1982) ("Despite the plurality of charges it is one question because breach of contract, negligence, and fraud, when committed by auditors, are a single form of wrongdoing under different names.").

Reliance, however, is an individualized element that may only be asserted by the party who purportedly relied upon the misleading statement or omission. *See Fluke v. Heidrick & Struggles, Inc.*, No. 02-CV-8385, 2003 WL 22316772, at **3-8 (E.D. Pa. Aug. 27, 2003) (dismissing claim where plaintiff improperly attempted to allege reliance on fraudulent statements by another and not himself) (attached as Exhibit H to McGladrey's Appendix of Exhibits); *KBT Corp., Inc. v. Ceridian Corp.*, 966 F. Supp. 369, 377 (E.D. Pa. 1997). Similarly, privity is an individualized and necessary element of the Trustee's fraud and negligence causes of action. *See, e.g., Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931).

---

[1] *See* ¶ 83 of Trustee's aiding and abetting fraud claim ("SFC's creditors relied on the inaccurate financial reports issued by SFC's directors and officers ... and were damaged thereby when they consequently did business with SFC"); ¶¶ 92 and 93 of Trustee's fraud claim ("SFC's creditors justifiably relied on McGladrey's misleading Audit Report ... Injury to SFC's creditors resulted because they continued to do business with and extend credit ...."); ¶ 98 of Trustee's fraudulent concealment claim ("SFC's investors and creditors justifiably relied on the Accounting Reports in extending further credit to SFC and were injured by their reliance."); ¶ 103 of Trustee's aiding and abetting breach of fiduciary duty claim ("McGladrey offered substantial assistance ... by issuing the Reports. The Reports ... were used by SFC's officers and directors to lure creditors into the scheme. But for McGladrey's imprimatur, SFC's directors would not have been able to lure creditors ...."); and ¶ 110 of Trustee's negligent misrepresentation claim ("SFC's creditors were damaged when they relied on McGladrey's Reports because they continued to do business with and extend credit to ... SFC ....")

These core elements of the claims are not "general and common" to "all creditors." One creditor may have received and relied on McGladrey's reports and been in privity with McGladrey, while another creditor may not.

The Trustee is conspicuously silent on these points and for good reason. He cannot in good faith deny the individualized nature of these elements. *Beiger v. Price Waterhouse*, 81 B.R. 303 (E.D. Pa. 1987), is directly on point. In *Beiger,* a bankruptcy trustee brought a claim on behalf of all creditors against the debtor's former accounting firm pursuant to Section 544, alleging that the creditors suffered injury as a result of defendant's breach of contract and negligence in performing audits and issuing a comfort letter. The defendants moved for summary judgment on the ground that the trustee lacked standing to assert claims on behalf of the debtor's creditors. *See id.* at 304. In granting defendants' motion, the court distinguished between general and individual claims for purposes of Section 544, holding:

> Here, the claims asserted by the trustee on behalf of the creditors clearly fall within the category of specific claims. Plaintiff alleges that the financial statements and unqualified opinions were furnished to the creditors of [the debtor] who relied on this information in making financial decisions with respect to [the debtor].... Thus, the claims asserted by the trustee are personal to each creditor and require proof that each creditor received the financial information prepared by the defendant and relied on this information to his detriment. The trustee's claims are not of the type courts have found to be general claims on behalf of all creditors. Because the claims brought in Count III are not property of the estate but represent claims personal to the creditors, the trustee cannot maintain these claims in his capacity as trustee for [the debtor].

*Id.* at 305-06 (citations omitted). *See also Cumberland Oil Corp. v. Thropp*, 791 F.2d 1037 (2d Cir.) (creditor's claim that it suffered damages as a result of intentional fraud is property of the creditor, not the debtor's estate), *cert. denied*, 479 U.S. 950 (1986); *Williams v. California 1st Bank*, 859 F.2d 664, 666-67 (9th Cir. 1988) (holding that the trustee lacked standing to assert

claims on behalf of creditors against a bank for allegedly participating in a Ponzi scheme, even where creditors assigned their claims to the trustee); *Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 859 & n.4 (10th Cir. 1986) (creditor's claim that it suffered damages as a result of its reliance on false representations by director of debtor "was obviously beyond the purview of the bankruptcy proceedings…."); *Grow Farms Corp. v. National State Bank*, 400 A.2d 535, 538 (N.J. Super. Ct. 1979) (holding that only the creditors could maintain the fraud claim because the cause of action "accrues only to the specific class of creditors represented by plaintiffs"). For these reasons, each of the five tort claims brought by the Trustee fails for lack of standing.

SFC's creditors range from entities such as the Philadelphia Zoo to the Las Vegas casino Mandalay Bay to Royal Indemnity Company. Given the disparate nature and position of these entities in relation to SFC, it impossible for the Trustee to claim on a generalized basis that all creditors of SFC read and relied upon McGladrey's reports to their detriment. Moreover, in an earlier pleading against Royal, the Trustee alleged that Royal knew about SFC's practice of making forbearance payments. *See* Exhibit C to the Affidavit of Richard P. Swanson filed with McGladrey's opening brief at ¶¶ 44, 47 and 48. Although the Trustee now asserts that the allegations made in his earlier complaint should be ignored by the Court (*see* Trustee Br. at 9, n.10), the fact that the allegations were even made demonstrates that individual issues of reliance exist regarding even Royal's purported reliance on McGladrey's reports.

Of course, McGladrey will raise these defenses (among others) in responding to Royal's recently filed complaint. McGladrey, however, should not be put to the burden and expense of having to defend redundant actions. As a consequence of the Royal action, this Court currently has before it two actions alleging the same facts and asserting overlapping claims – one action brought by the Trustee purportedly on behalf of all of SFC's creditors (including Royal, the

estate's largest creditor), and an individual action brought by Royal itself. Allowing both lawsuits to proceed runs the risk of inconsistent results, endless litigation and double recovery – exactly what the Supreme Court warned against in *Caplin*. *See Caplin*, 406 U.S. at 431-32; *see also Williams*, 859 F.2d at 667. The Trustee's complaint should be dismissed for lack of standing.[2]

## II.    THE TRUSTEE CANNOT PROCEED UNDER SECTION 544(a)

The Trustee argues that Section 544(a) authorizes him to bring this action on behalf of all creditors. Section 544(a), however, only vests the Trustee with avoidance powers. It does not empower the Trustee to bring individual third-party tort claims on behalf of estate creditors, nor should it allow the Trustee to avoid the application of the *in pari delicto* doctrine. *See In re Granite Partners, L.P.*, 194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996) (Section 544 does not extend beyond avoidance actions and does not confer authority upon the trustee to bring "personal, direct claims of creditors for the benefit of the estate or for a particular class of creditors."). Of course that is exactly what the Trustee is attempting to do here.

By its own terms, Section 544 gives the Trustee the powers of a hypothetical perfect lien creditor to marshal assets of the estate. It does not give the Trustee the power to assert personal claims belonging to individual estate creditors. Tellingly, the Trustee ignores the legislative history of Section 544, which very clearly shows that fact. *See* McGladrey's Memorandum of Law dated March 1, 2005, at 20-21. The Trustee also ignores the overall structure of the

---

[2] In its amended complaint dated April 12, 2005, Royal asserts claims against McGladrey for (i) Civil RICO; (ii) Conspiracy to Commit Civil RICO; (iii) Civil Conspiracy to Commit Fraud; (iv) Fraud, Fraudulent Inducement and Fraudulent Concealment; (v) Aiding and Abetting Fraud; (vi) Negligence and Negligent Misrepresentation; (vii) Deepening Insolvency; and (viii) Aiding and Abetting Breach of Fiduciary Duty. *See Royal Indemnity Co. v. Pepper, Hamilton LLP, et al.*, C.A. No. 05-165 (D. Del. 2005) (JJF). Royal's claims are based on many of the same allegations set forth in the Trustee's complaint and, in fact, often utilizes identical language. While McGladrey will move to dismiss Royal's complaint for a number of reasons, McGladrey does not contest Royal's Article III standing to bring its action.

Bankruptcy Code in which the so-called "marshalling powers" are embodied in the "540" series of the Bankruptcy Code. Finally, the Trustee ignores the import of cases such as *Begier*, 81 B.R. at 305-06, in which accounting malpractice and fraud claims were dismissed under Section 544 on the basis of standing because the violation at issue constituted an individual claim that could not be asserted by the bankruptcy trustee.

Unsurprisingly, the Trustee has not cited to even one case in which a bankruptcy trustee successfully brought tort claims on behalf of creditors based on allegedly fraudulent misrepresentations and omissions under Section 544. Rather, the Trustee cites to a number of cases that are entirely inapposite.

The Trustee relies heavily on *In re Porter McLeod, Inc.*, 231 B.R. 786 (D. Colo. 1999). That case, however, is easily distinguishable. *McLeod* involved claims brought by a trustee acting on behalf of creditors against the debtor's law firm, which had advised the debtor regarding the formation of various entities. As a result of the attorneys' advice, the debtor purportedly fraudulently conveyed assets of the debtor to a number of newly created entities, causing the debtor to have very few remaining assets. Unlike the claims here, the malpractice claims at issue in *McLeod* did not involve allegedly fraudulent misrepresentations and omissions, and no elements of individual reliance or privity were present. Rather, *McLeod*, was decided pursuant to Colorado state law, under which Section 544(a) judgement lien creditors have the right to pursue all claims available to a debtor corporation before bankruptcy was declared. *See id.* at 793. Thus, under the peculiarities of Colorado law, a bankruptcy trustee "has standing to pursue not only those claims of the debtor corporation but those claims obtained derivatively from its creditors." *Id.*

Here, the claims are not brought under Colorado state law and, more importantly, are not derivative in character. Here, creditors' damages are contingent upon individualized showings of reliance and privity. The *McLeod* court's analysis is thus irrelevant.

The other cases cited by the Trustee are similarly inapposite. *See, e.g.*, *Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 133 (2d Cir. 1993) (holding that under Texas law a veil-piercing claim could only be asserted by the bankruptcy trustee pursuant to Section 541); *St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688 (2d Cir. 1989) (discussing standing to assert alter ego claim; Section 544 not discussed); *Wooten v. Loshbough*, 951 F.2d 768, 770 (7th Cir. 1991) (holding that creditor did not have standing because the defendants' misconduct was aimed at the corporation, not the creditor; Section 544 not discussed); *Pereira v. Cogan, Sherman,* No. 00 Civ. 619 (RWS), 2001 U.S. Dist. LEXIS 2461 (S.D.N.Y. Mar. 8, 2001) (discussing standing in the context of whether a debtor corporation should be able to pierce its own corporate veil; Section 544 not discussed); *Zilhka Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir. 1990) (bankruptcy trustee has standing to recover overpayments made by debtor to third parties under Section 544 since, under Oklahoma law, judgment lien creditors have a right to look to "any equitable interest" of a judgment debtor for satisfaction of the judgment).

What the Trustee has is the right to assert causes of action on behalf of the company or that apply to creditors so equally and generally that, but for the company's insolvency, could be said to be claims of the company. In the case of *McLeod,* for example, the claim was for the breach of a duty, the consequences of which fell on the company and generally on its creditors as a group. Here, by contrast, the Trustee's fraud and misrepresentation claims require a showing of reliance, which is individual in nature and prevents the Trustee's claims from being asserted generally on behalf of all of SFC's creditors as a group. The Trustee should not be able to avail

9

himself of Section 544(a) and, in doing so, eviscerate bedrock principals of accounting

malpractice law and avoid application of the *in pari delicto* doctrine.

**III.    *IN PARI DELICTO* BARS CLAIMS UNDER SECTION 541**

The Trustee argues that the doctrine of *in pari delicto* does not bar claims brought under

Section 544. The Trustee misses the point. McGladrey agrees that *in pari delicto* does not bar a

"strong-arm" avoidance claim under Section 544 if one could be brought. Here, however, the

Trustee has brought his claims under Section 544 improperly in a transparent attempt to avoid *in

pari delicto.* Pled properly, the Trustee's claims should have been brought on behalf of SFC

under Section 541, as to which definitive Third Circuit precedent provides that *in pari delicto*

applies.

Had the Trustee brought his claims under Section 541, the claims would be barred under

*in pari delicto.* That doctrine holds that an intentional wrongdoer may not assert a claim on

behalf of the debtor against a third party for participating in the debtor's wrongful conduct. *See

Official Comm. of Unsecured Creditors v. Lafferty*, 267 F.3d 340 (3d Cir. 2001).

A.    *In Pari Delicto* Applies To Section 541 Claims

In *Lafferty*, the Third Circuit held that the *in pari delicto* doctrine barred an action

brought under Section 541 in a case with facts almost identical to those alleged here.

Specifically, the *Lafferty* court held that: "[t]he doctrine of *in pari delicto* provides that a plaintiff

may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Id.* at 354.

The court further noted that "[t]he plain language of section 541 [] prevents courts from taking

into account events that occur after the commencement of the bankruptcy case. As a result, we

must evaluate the *in pari delicto* defense without regard to whether the Committee is an innocent

successor." *Id.* at 357. The court went on to find that the *in pari delicto* doctrine barred the

Committee's claims, including claims against the debtor's accountants for common law fraud,

10

negligent misrepresentation, mismanagement, breach of fiduciary duty, breach of contract,

professional malpractice and aiding and abetting breach of fiduciary duty – the very same causes

of action alleged here. *See id.* at 345-46. Had the Trustee here properly brought his claims

under Section 541, the fraud on the part of SFC's officers and directors would have been

imputed to him and the case dismissed.[3]

The Trustee argues against the application of *in pari delicto*, claiming it would result in a

great injustice to SFC's innocent creditors. The Trustee argues application of the doctrine would

free McGladrey from any obligation to compensate SFC's creditors. (Trustee Br. at 17-18). But,

Royal's recently filed amended complaint proves otherwise. *See Caplin*, 406 U.S. at 431 ("It

would seem, therefore, that the debenture holders, the persons truly affected by the suit against

Marine, should make their own assessment of the respective advantages and disadvantages, not

only of litigation, but of theories of litigation.").

Unsurprisingly, the Trustee does not cite to a single case which stands for the proposition

that the *in pari delicto* doctrine should not be applied to Section 541 claims when all other

requirements of the doctrine are met. Rather, the Trustee tries to confuse the issue by citing to

cases decided under different sections of the Bankruptcy Code, none of which is relevant here.

B.      McGladrey Was Not An Insider Of SFC

Although not alleged in his complaint, the Trustee now claims that McGladrey

purportedly was an insider of SFC and, as such, may not assert the equitable defense of *in pari*

---

[3] The Trustee's citation to cases outside of Section 541 is irrelevant. For example, in *McNamara v. PFS (In re Personal and Business Insurance Agency)*, 334 F.3d 239 (3d Cir. 2003), the claims at issue were brought pursuant to Section 548, not Section 541. And, the *McNamara* court reaffirmed the application of the *in pari delicto* doctrine to Section 541 claims. *See id.* at 245-46. The other cases cited by the Trustee are either not relevant or persuasive. *See Marion v. TDI, Inc.*, No. Civ.A. 02-7032, 2004 WL 1175740 (E.D. Pa. May 27, 2004) (case not brought under Section 541); *In re Jack Greenberg*, 240 B.R. 486 (Bankr. E.D. Pa. 1997). Importantly, the Third Circuit in *Lafferty* specifically considered *Greenberg*, which had been decided earlier, and rejected its holding. *Lafferty*, 267 F.3d at 355.

11

*delicto.* Even when read in a light most favorable to the Trustee, however, the factual allegations in the Trustee's complaint do not support this claim. Rather, the allegations in the Trustee's complaint describe nothing more than an arms-length, accountant-client relationship.

Section 101(31)(B) lists six categories of persons who may be considered insiders of a debtor corporation: (i) directors of the corporation; (ii) officers of the corporation; (iii) persons in control of the debtor; (iv) a partnership in which the debtor is a general partner; (v) the general partnership of the debtor; and (vi) relatives of a general partner, director, officer, or person in control of the debtor. Unsurprisingly, independent outside accountants of the debtor are not listed. "While the statutory categories of 'insiders' are nonexhaustive, courts should look to the categories to determine the types of relationships that fall within the scope of insider exclusion." *Three Flint Hill Ltd. Partnership v. The Prudential Ins. Co. (In re Three Flint Hill Ltd. Partnership)*, 213 B.R. 292, 299 (Bankr. D. Md. 1997). The categories of listed people demonstrate that, to be an insider, one must be in something akin to a control position and have something resembling daily responsibility for the debtor's operations. Moreover, the parties must be in a non-arms length business relationship. As SFC's outside accountant and auditor, McGladrey does not fall into that category.

According to the Trustee, the allegations in the complaint "amply establish" and "compel" the conclusion that McGladrey was an insider of SFC. (Trustee Br. at 15-16.) Yet the Trustee fails to cite to any factual allegations in the complaint to support his claim. Rather, the Trustee cites to allegations such as those contained in paragraph 51, which states only that:

> At least as early as 1998, SFC retained defendant Michael Aquino to perform accounting and auditing services for SFC. While Mr. Aquino changed employees several times, he consistently provided these services to SFC through at least 2001. Thus, his knowledge of SFC's practices is imputed to McGladrey, who employed him from approximately 2000 through the present.

No reasonable interpretation of this allegation can give rise to insider status, and certainly cannot form the basis for denying a motion to dismiss. It is well settled that all inferences on a motion to dismiss pursuant to Rule 12(b)(6) must be reasonable and supported by adequate factual allegations. *See California Public Employees' Retirement Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004). Here, the Trustee does not meet the mark.

Stripped of all rhetoric, the Trustee admits in his complaint that McGladrey did not have day-to-day involvement in the operation of SFC; McGladrey received only regular accounting and auditing fees and had no special incentive to act as an insider of SFC or participate in any conspiracy; McGladrey performed only once-a-year auditing and accounting procedures; and McGladrey had no control or dominion over the company. It is thus impossible for the Trustee to now claim in good faith that McGladrey was somehow an insider of SFC.

Giving the Trustee every possible inference, all that the Trustee has alleged is that McGladrey knew about SFC's practice of making forbearance payments and fraudulently assisted in covering-up that practice. These allegations fail to establish an insider relationship. Even if McGladrey was part of SFC's alleged fraud (something McGladrey strongly denies), that would not make it an insider of SFC. *See Dressel Assocs. v. Beaver Valley Builder's Supply, Inc.,* 177 B.R. 507, 514 (Bankr. W.D. Pa. 1995) (failing to find insider status even though individual had "extensive involvement" with the company).

Tellingly, the Trustee fails to cite to any case that supports his claim. If the Trustee were correct, every independent outside accountant accused of fraud would be considered an insider. Indeed, if participation in the debtor's fraud created an insider relationship, the *in pari delicto* doctrine would never apply since the doctrine presumes wrongdoing by the third-party and complicity in the debtor's fraudulent scheme.

C.    *In Pari Delicto* Applies At The Motion To Dismiss Stage

Contrary to the Trustee's claims, this court may consider and apply *in pari delicto* on a motion to dismiss. *See Lafferty*, 267 F.3d at 346 (affirming dismissal based on *in pari delicto*). *See also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1094 (2d Cir. 1995) (affirming dismissal without leave to amend); *Williams v. California 1st Bank*, 859 F.2d 664, 667 (9th Cir. 1988) (reversing judgment and remanding for dismissal).

IV.    **THE TRUSTEE'S CLAIMS FAIL AS A MATTER OF LAW**

As discussed in McGladrey's opening brief, over and beyond the Trustee's standing and *in pari delicto* problems, the Trustee's claims fail as a matter of law.

With respect to the Trustee's claims for fraud, fraudulent concealment and aiding and abetting fraud, the Trustee admits that McGladrey insisted upon disclosures in SFC's 2000 audited financial statements which revealed the existence and magnitude of the forbearance payments, and that McGladrey, during the course of its 2000 audit, asked for a written representation from Andrew Yao, SFC's principal, that Royal understood SFC's forbearance policy. *See* ¶¶ 69, 71 and 73. Both of these events are wholly inconsistent with the Trustee's allegations of fraud. If McGladrey were intent upon hiding the existence of forbearance payments from Royal and SFC's other creditors, as claimed by the Trustee, why would McGladrey insist upon forbearance audit disclosures, including one that actually quantified the amount of forbearance payments made in 1999 and 2000? And why would McGladrey seek assurances that Royal understood SFC's forbearance policy? The facts alleged in the Trustee's complaint (as compared to the hyperbole) do not support an inference of fraud.

To the extent that the Trustee is faulting McGladrey's professional judgment regarding the depth and breadth of the year 2000 forbearance disclosures, which appears to be the case, such allegations are insufficient to meet the requirements of Federal Rule of Civil Procedure

14

9(b), or to establish *scienter* or a claim of fraud. *See, e.g., Ziemba v. Cascade Int'l, Inc.*, 256

F.3d 1194, 1208 (11th Cir. 2001); *E.F. Hutton Mortgage Corp. v. Pappas*, 690 F. Supp. 1465,

1471 (D. Md. 1988); *Lum v. Bank of America*, 361 F.3d 217 (3d Cir. 2004). Although the

Trustee argues in his opposition that his allegations of fraud and *scienter* are sufficient, in truth

the Trustee's complaint is entirely bereft of *factual* allegations of wrongful intent, and the

conclusory allegations that are present are insufficient.

Additionally, the Trustee's fraud claims contain insufficient allegations of reliance and

privity, as discussed above. That is also true of the Trustee's negligent misrepresentation and

aiding and abetting breach of fiduciary duty claims. *See Fluke v. Heidrick & Struggles, Inc.*, No.

Civ.A. 02-CV-8385, 2003 WL 22316772, at **4-5 (E.D. Pa. Aug. 27, 2003) (attached as Exhibit

H to McGladrey's Appendix of Exhibits). The fact that it is the Trustee bringing the claims does

not somehow eliminate those fundamental requirements.

With respect to the Trustee's aiding and abetting a breach of fiduciary duty claim, it is

doubtful that such a claim even exists under Pennsylvania law.[4]  But, even if the Court were to

recognize such a cause of action, the Trustee's allegations fail to state a claim. In his complaint

and opposition, the Trustee clearly alleges that a fiduciary duty arose on the part of SFC's

officers only when SFC became technically insolvent in May 2001. As alleged in the Trustee's

complaint, however, McGladrey issued its accounting reports in April 2001, one month *before*

---

[4] As set forth in McGladrey's opening brief, the Pennsylvania Supreme Court has not recognized a cause of action for aiding and abetting a breach of fiduciary duty, and there is no reason to believe it soon will. *See Rolick v. Collins Pine Co.*, 925 F.2d 661, 664 (3d Cir. 1991); *Flood v. Makowski*, No. Civ. A:CV-03-1803, 2004 WL 1908221 (M.D. Pa. Aug. 24, 2004), *Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F. Supp. 2d 400 (W.D. Pa. 2002)

The Trustee argues that Delaware and not Pennsylvania law should apply. We do not agree with that statement since, among other things, SFC is a Pennsylvania corporation, and McGladrey worked from Pennsylvania and issued its reports from there. We do not believe, however, that the Court must decide choice of law issues at this time since it is not necessary to do so in ruling on this motion. The Trustee's claims, including its claim for aiding and abetting breach of fiduciary duty, are fatally flawed whether analyzed under Pennsylvania or Delaware law.

any purported fiduciary duty arose. *See* ¶ 78 ("McGladrey issued its Audit Report in April, 2001. By May, 2001 – one month later – SFC's liabilities exceeded its assets, *i.e.*, it was insolvent."). *See also* ¶ 100 ("As of May 2001, SFC was technically insolvent, that is, its assets exceeded its liabilities. Once a company is insolvent, its officers and directors have a fiduciary duty to the company's creditors...."). At the time McGladrey issued its reports, the purported fiduciary duty of SFC's officers and directors had not even arisen much less been breached, rendering it impossible for McGladrey to have substantially assisted in the purported breach.

Notwithstanding the clear allegations in the complaint relating to the period of time in which the fiduciary duty supposedly arose, the Trustee now argues that SFC was insolvent from its inception since it was a Ponzi-scheme. This argument is flawed.

As discussed in *Geyer v. Ingersoll Publications Co.*, in determining when fiduciary duties arise as a result of a debtor's insolvency, one must look at the date upon which the debtor became insolvent "in fact," and not at some other technical date, such as the date of the debtor's statutory bankruptcy filing. *See* 621 A.2d 784, 787-88 (Del. Ch. 1992). *See also id.* at 790 ("Ultimately, I find that ... fiduciary duties to creditors arise when one is able to establish the fact of insolvency."). For this purpose, the *Geyer* court "in effect defines insolvency as a corporation in which the value of its assets has sunk below the amount of its debts." *Id.* at 788. Here, the Trustee very clearly alleged in his complaint that SFC became insolvent in fact in May 2001 (¶ 78), one month *after* McGladrey issued its reports. McGladrey cannot be said to have aided and abetted a breach of fiduciary duty that had not yet even arisen. We note that the *Geyer* decision, which compels this result, is cited and relied upon by the Trustee.

The Trustee's aiding and abetting a breach of fiduciary duty claim also fails because the provision of accounting services does not constitute substantial assistance. While the Trustee

16

argues that McGladrey had a wrongful intent in issuing its reports, the Trustee confuses the *scienter* element of this tort with the entirely separate element of substantial assistance. With respect to the latter, the Trustee fails to discuss the cases cited by McGladrey which hold that, even assuming the existence of wrongful intent (something McGladrey strongly denies), the mere performance of a professional's routine or ordinary services does not constitute substantial assistance. *See Greenberg v. Bear Stearns & Co.*, 220 F.3d 22, 29 (2d Cir. 2000), *cert. denied*, 531 U.S. 1075 (2001). And, conclusory allegations of substantial assistance, without more, do not suffice. *See In re Santa Fe Pacific Corp. Shareholders Litig.*, 669 A.2d 59, 72 (Del. 1995); *Thompson v. Glenmede Trust Co.*, No. Civ. A 92-5233, 1993 WL 197031, at * 9 (E.D. Pa. June 8, 1993); *Jackson Nat'l Life Ins. v. Kennedy*, 741 A.2d 377, 392 (Del. Ch. 1999); *Lichtman v. Taufer*, 2004 WL 1632574, at ** 8-9 (Pa. Comm. Pl. 2003) (attached as Exhibit I to McGladrey's Appendix of Exhibits).

Finally, the Trustee's claims for fraudulent conveyance also fail to state a claim. In his opposition brief, the Trustee argues for the first time that the fees paid to McGladrey for its auditing and accounting work were somehow an "integral" part of the Ponzi scheme. (Trustee Br. at 29). Such after-the-fact, conclusory allegations fail as a matter of law. *See In re APF Co.*, 308 B.R. 183 (Bankr. D. Del. 2004). This is especially true since the Trustee alleges in his complaint that SFC "paid McGladrey ... in the normal course of business." *See* ¶ 106. The Trustee may not now claim something different in order to avoid dismissal.

## CONCLUSION

The Trustee's complaint against McGladrey should be dismissed in its entirety.


Dated: May 17, 2005                     DUANE MORRIS LLP

                                        Michael R. Lastowski (Bar No. 3892)
                                        Christopher M. Winter (Bar No. 4163)
                                        1100 North Market Street, Suite 1200
                                        Wilmington, DE  19801-1246
                                        Phone:  302-657-4951
                                        Fax:  302-657-4901

                                        -and-

                                        ARNOLD & PORTER LLP
                                        Richard P. Swanson
                                        Veronica E. Rendon
                                        Irena S. Brobston
                                        399 Park Avenue
                                        New York, NY  10022
                                        Phone:  212-715-1000
                                        Fax:  212-715-1399

                                        *Attorneys for McGladrey & Pullen, LLP
                                        and Michael Aquino*