IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: | : |
|  | : Chapter 7 |
| STUDENT FINANCE CORPORATION, | : |
|  | : Bankruptcy Case No. 02-11620- |
| Debtor. | : JBR |
|  | : |
| CHARLES A. STANZIALE, JR., | : |
| CHAPTER 7 TRUSTEE OF STUDENT | : |
| FINANCE CORPORATION, | : |
|  | : Adversary No. 04-58003 |
| Plaintiff, | : |
|  | : Civil Action No. 05-72-JJF |
| v. | : |
|  | : |
| MCGLADREY & PULLEN, LLP, and | : |
| MICHAEL AQUINO, | : |
|  | : |
| Defendants. | : |

Chrisopher A. Ward, Esquire of THE BAYARD FIRM, Wilmington, Delaware.
Of Counsel: Donal C. Crecca, Esquire and Jeffrey T. Testa, Esquire of SCHWARTZ, TOBIA, STANZIALE, SEDITA & CAMPISANO, P.A., Montclair, New Jersey.
Attorneys for Plaintiff Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation.

Michael R. Lastowski, Esquire and Christopher M. Winter, Esquire of DUANE MORRIS LLP, Wilmington, Delaware.
Of Counsel: Richard P. Swanson, Esquire, Veronica E. Rendon, Esquire and Jason M. Butler, Esquire of THELEN REID & PRIEST LLP, New York, New York.
Attorneys for Defendants McGladrey & Pullen, LLP and Michael Aquino.

**MEMORANDUM OPINION**

December 20, 2005
Wilmington, Delaware

**Farnan, District Judge:**

Pending before the Court is Defendants' Motion To Dismiss Pursuant to Fed. R. Bankr. P. 7012 And Fed. R. Civ. P. 12(b) (D.I. 7), seeking dismissal of all counts of the Complaint. For the reasons set forth below, the Court will grant the Motion in part and deny the Motion in part.

## BACKGROUND

This action was filed by Charles A. Stanziale, Jr. (the "Trustee"), the Chapter 7 Trustee of Student Finance Corporation ("SFC"). The action was originally filed in the Bankruptcy Court of the District of Delaware as Adversary Proceeding No. 04-58033 in Bankruptcy Case No. 02-11620-JBR. On March 2, 2005, this Court granted Defendants' uncontested Motion to withdraw the reference to the Bankruptcy Court. (D.I. 5.)

SFC is a Pennsylvania corporation with its principal place of business in New Castle, Delaware. SFC is currently in Chapter 7 bankruptcy proceedings. Defendant McGladrey & Pullen, LLP ("McGladrey") is an Iowa accounting firm headquartered in Bloomington, Minnesota. According to the Complaint, Defendant Michael Aquino is a Pennsylvania resident, and a partner at RSM McGladrey, Inc., a business entity related to McGladrey.

The Trustee's Complaint contains seven counts against Defendants: Count I, aiding and abetting fraud; Count II, Fraud;

1

Count III, fraudulent concealment; Count IV, aiding and abetting breach of fiduciary duty; Count V, negligent misrepresentation; Count VI, avoidance of fraudulent transfers under 11 U.S.C. § 548(a)(1)(A); and Count VII, avoidance of fraudulent transfers under Del. Code. tit. 6 § 1304(a)(1). The Trustee states that he is bringing these claims under 11 U.S.C. § 544 "on behalf of, and for the benefit of, SFC's creditors." (Adv. Pro. No. 04-58993, D.I. 1 at 5.)

By their Motion, Defendants contend that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (D.I. 8 at 1.) Among other arguments, Defendants contend that the Trustee lacks standing to bring the tort claims, Counts I-V, and that the fraudulent transfer claims, Counts VI and VII, fail to state claims upon which relief may be granted. (D.I. 8.) In response, the Trustee contends that he has standing, under 11 U.S.C. § 544, to bring general claims for the benefit of all creditors (D.I. 14 at 19), and that he has sufficiently pleaded the elements necessary to state a claim for fraudulent transfer (Id. at 28-29).

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon

which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

**II. Whether The Trustee Has Standing To Bring The Tort Claims**

Under 11 U.S.C. § 541, the trustee of a bankrupt debtor may bring any cause of action that the debtor could have brought under state law as of the commencement of the case. Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.,

3

296 F.3d 164, 169 n.5 (3d Cir. 2002). Here, the Trustee does not contend that the causes of action in Counts I-V belonged to SFC as of the commencement of the bankruptcy case. Rather, he states explicitly that he is bringing his claims "on behalf of . . . SFC's creditors." (Adv. Pro. No. 04-58993, D.I. 1 at 5.) Therefore, the Court concludes that the Trustee does not have standing, under § 541 to pursue Counts I-V.

The Trustee relies on 11 U.S.C. § 544, contending that it gives him broad authority to pursue general claims on behalf of SFC's creditors, including tort claims. (D.I. 14 at 18-19.) Defendants contend that § 544 applies only to avoidance actions and gives the Trustee no standing to prosecute tort claims. (D.I. 8 at 19-20.) The Court agrees with Defendants.

There is ample authority for the contention that § 544 is limited to avoidance actions. See Baehr v. Touche Ross & Co., 62 B.R. 793, 798 (E.D. Pa. 1986) (concluding that § 544(a) did not give a bankruptcy trustee standing to bring a tort claim on behalf of creditors); In re Teligent, Inc., 307 B.R. 744, 749 (Bankr. S.D.N.Y. 2004) (concluding that § 544 does not extend beyond avoidance actions); In re Granite Partners, 194 B.R. 318, 324 (Bankr. S.D.N.Y. 1996) (concluding that § 544 does not extend beyond avoidance actions). In addition, the Third Circuit has described § 544 as simply defining "the trustee's power over

4

rival creditors." In re Bridge, 18 F.3d 195, 198 (3d Cir. 1994).

Finally, Collier on Bankruptcy states:

> "[s]ection 544 is the first of the five sections of the Bankruptcy Code that set out the trustee's power to avoid liens and transfers. . . . The powers granted under [§ 544] enable a trustee to avoid transfers and liens on the debtor's property that could have been avoided by a creditor under the applicable local law . . . ."

5 Collier on Bankruptcy ¶ 544.01 (15th rev. ed. 2004).

On the other hand, the Court can find no support for the Trustee's contention that § 544 provides him with standing to pursue the tort claims on behalf of SFC's creditors. None of the cases cited by the Trustee supports that contention. (See D.I. 14 at 19-22.) In the majority of the cases relied upon by the Trustee, the "general claim" being asserted was either a claim belonging to the bankruptcy estate at the commencement of the case, or an avoidance claim. In none of the cited cases did a court conclude that § 544 empowers a bankruptcy trustee to pursue a tort claim that was not the property of the bankruptcy estate as of the commencement of the case. Therefore, the Court concludes that the Trustee does not have standing, under § 544, to pursue Counts I-V. Accordingly, the Court will dismiss those Counts of the Complaint.

**IV. Whether Counts VI And VI Of The Complaint State Claims For Fraudulent Transfer**

Defendants contend that Counts VI and VII of the Complaint

5

fail to state claims for fraudulent transfer because they do not allege fraudulent intent with the particularity required by Federal Rule of Civil Procedure 9(b). (D.I. 8 at 30-31.) Rule 9(b) states in its entirety: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to provide a defendant notice of the precise nature of the claim against him, not to test the factual allegations of the claim. <u>Seville Indus. Machinery Corp. v. Southmost Machinery Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984). Here, the Complaint provides Defendants adequate notice of the interests alleged to have been fraudulently transferred, the time period of the transfers, and the alleged misconduct surrounding the transfers. Because Rule 9(b) requires only general averments with regard to state of mind, the Trustee's allegations that "SFC made the transfers to McGladrey with the actual intent to hinder, delay and defraud SFC's creditors" (<u>Id.</u> at 30 & 31) are sufficient to withstand a motion to dismiss. Accordingly, the Court will deny Defendants' Motions To Dismiss with respect to Counts VI and VII.[1]

---

[1] The Trustee pleaded Count VII under Delaware state law. The parties dispute whether Delaware law is applicable to this case, but do not argue this issue in their briefing. Therefore, the Court makes no decision at this time on which state's law

## CONCLUSION

For the reasons discussed, the Court will grant Defendants' Motions To Dismiss with respect to Counts I, II, III, IV, and V and deny the Motion with respect to Counts VI and VII.

An appropriate order will be entered.

---

applies, deciding only that, to the extent that Delaware law is applicable, Count VII adequately alleges the elements of fraudulent transfer.