IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| STUDENT FINANCE CORPORATION, ) | |
| ) | Case No. 02-11620 (DDS) |
| Debtor. ) | |
| ) | |
| ) | |
| CHARLES A. STANZIALE, JR., ) | |
| CHAPTER 7 TRUSTEE OF STUDENT ) | |
| FINANCE CORPORATION, ) | Adversary Proceeding No. 04-58003 |
| ) | |
| Plaintiff, ) | District Court Case No. 1:05-cv-00072-JJF |
| ) | |
| v. ) | |
| ) | |
| McGLADREY & PULLEN, LLP, and ) | |
| MICHAEL AQUINO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE TRUSTEE'S AMENDED COMPLAINT IN PART**

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

ARNOLD & PORTER LLP
Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399

Attorneys for McGladrey & Pullen, LLP
and Michael Aquino

WILLIAMS & CONNOLLY LLP
Steven M. Farina
Thomas H.L. Selby
Amber M. Mettler
725 12th Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Counsel for Defendant McGladrey &
Pullen, LLP

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF PROCEEDINGS ....................................................................................2

SUMMARY OF ARGUMENT ............................................................................................5

FACTS ..................................................................................................................................5

ARGUMENT ........................................................................................................................7

    *LAFFERTY* AND THE *IN PARI DELICTO* DOCTRINE BAR THE TRUSTEE'S
    PROFESSIONAL MALPRACTICE CLAIM .............................................................7

CONCLUSION ...................................................................................................................12

## TABLE OF AUTHORITIES

### CASES

*American Trade Partners, L.P. v. A-1 International Importing Partners, L.P.*,
    770 F. Supp. 273 (E.D. Pa. 1991) ............................................................................... 8

*Feld and Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick and Cabot*,
    458 A.2d 545 (Pa. Super. Ct. 1983) ............................................................................. 8

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995) ....................................................................................... 10

*Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*,
    267 F.3d 340 (3d Cir. 2001) ................................................................................ *passim*

*Shearson Lehman Hutton, Inc. v. Wagoner*,
    944 F.2d 114 (2d Cir. 1991) ....................................................................................... 11

*Breeden v. Kirkpatrick & Lockhart LLP (In re The Bennett Funding Group, Inc.)*,
    336 F.3d 94 (2d Cir. 2003) ......................................................................................... 10

*Waslow v. Grant Thornton LLP (In re Jack Greenberg, Inc.)*,
    212 B.R. 76 (Bankr. E.D. Pa. 1997) ............................................................................. 9

### STATUTES

11 U.S.C. § 541 ................................................................................................................. *passim*

11 U.S.C. § 544 ................................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 3

Pa. R. Civ. P. 1042.1 ............................................................................................................ 3, 4

Defendants McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino (individually, "Aquino," together with McGladrey, "Defendants") submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, in part, the Amended Complaint of the Chapter 7 Trustee (the "Trustee") of Student Finance Corporation ("SFC") for failure to state a claim.

## PRELIMINARY STATEMENT

Under well-established Third Circuit application of the doctrine of *in pari delicto*, a perpetrator of a fraud, or a Trustee asserting claims on behalf of such fraudster, may not assert professional negligence claims for damages caused by such fraud. Count VI of the Trustee's Amended Complaint asserts against Defendants a claim for professional malpractice for the damages arising out of the destruction of Student Finance Corporation as a result of the fraudulent scheme. This count is plainly barred by *in pari delicto*.

In his original complaint, a copy of which is attached as Exhibit A hereto, the Trustee purported to assert a series of tort claims for fraud and misrepresentation against Defendants under section 544 of the United States Bankruptcy Code "on behalf of all creditors to the Estate."[1] This Court dismissed those claims because the Trustee did not have standing to bring them. A copy of the Court's opinion and order is attached as Exhibit B.

In a second attempt to assert a tort claim against Defendants, the Trustee recently filed an amended complaint (the "Amended Complaint") in which he included a new cause of action

---

[1] Unless otherwise noted, all statutory references will be to the United States Bankruptcy Code, and will be prefaced by the word "section."

1

(Count VI, p. 32) for professional malpractice against Defendants.[2] A blacklined version of the Amended Complaint is attached as Exhibit C. The Trustee purports to assert this negligence claim under section 541 on behalf of the bankrupt estate of SFC ("the Estate"). The claim, however, is subject to dismissal under the doctrine of *in pari delicto*.

Ironically, it appears the Trustee originally asserted tort claims "on behalf of all creditors" under section 544, and not on behalf of the Estate under section 541 (the more conventional way of asserting tort claims in bankruptcy), in an attempt to circumvent the application of the *in pari delicto* doctrine. The Court ruled he did not have standing to do so. By asserting a tort claim under section 541 in the Amended Complaint, the Trustee cannot now escape the *in pari delicto* doctrine. The seminal Third Circuit case *Lafferty* is so clearly on point, the cause of action must be dismissed.

## STATEMENT OF PROCEEDINGS

On December 22, 2004, the Trustee initiated this action by filing an adversary proceeding in the United States Bankruptcy Court for the District of Delaware. On March 2, 2005, this Court granted Defendants' uncontested motion to withdraw the reference of the adversary proceeding from the United States Bankruptcy Court to the United States District Court for the District of Delaware.

The Trustee's original complaint purported to assert five tort claims against both McGladrey and Aquino, and two fraudulent transfer claims against McGladrey alone. Those tort claims included: (1) aiding and abetting fraud (Ex. A, ¶¶ 79, et seq.); (2) fraud (*Id.*, ¶¶ 85, et

---

[2] The Trustee also asserted two constructive fraudulent conveyance causes of action, which are not at issue in this motion.

2

seq.); (3) fraudulent concealment (*Id.*, ¶¶ 94, et seq.); (4) aiding and abetting breach of fiduciary duty (*Id.*, ¶¶ 99, et seq.); and (5) negligent misrepresentation (*Id.*, ¶¶ 105, et seq.) These claims were brought by the Trustee pursuant to section 544, "on behalf of all creditors to the Estate." (*Id.*, p. 1)

In connection with the filing of that suit, on February 22, 2005, the Trustee filed a Certificate of Merit, certifying that the action "involves professional liability claims ... as such claims are defined in Pennsylvania Rule of Civil Procedure 1042.1." (Ex. D) The filing of the Certificate of Merit is required under Pennsylvania state law. In filing the Certificate of Merit, the Trustee indicated his belief that this action is subject to Pennsylvania state law. He reinforced this belief when, as described below, the Trustee filed a second round of Certificates of Merit in connection with the filing of the Amended Complaint.[3]

On March 1, 2005, Defendants moved to dismiss the original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argued that section 544 applies only to avoidance actions and does not provide the Trustee with standing to assert tort claims on behalf of SFC's creditors. Defendants further argued that the Trustee improperly brought these claims under section 544 to avoid the application of the *in pari delicto* doctrine, which would serve as a complete bar had the Trustee brought the claims under section 541 on behalf of the Estate. Defendants' motion was fully briefed and submitted to the Court on May 17, 2005.

On December 20, 2005, the Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Trustee's original complaint. In its

---

[3] As discussed in the motion to dismiss the complaint filed by Royal Indemnity Company against Defendants in a related action, which is *sub judice*, Pennsylvania state law should be applied in these actions, including Pennsylvania's two year statute of limitations.

3

Memorandum Decision, the Court "agree[d] with Defendants" that section 544 "applies only to avoidance actions and gives the Trustee no standing to prosecute tort claims." (Ex. B, at 4-5) In its Order, the Court dismissed all of the Trustee's tort claims against McGladrey and Aquino. (*Id.*, at Order) The Trustee's remaining claims against Aquino were also dismissed, leaving only two fraudulent transfer claims against McGladrey. (*Id.*)

The Trustee filed his Amended Complaint on January 23, 2006. In connection with the filing of the Amended Complaint, on January 26, 2006, the Trustee filed two "Supplemental Certificate[s] of Merit" under Pennsylvania law, certifying that the Amended Complaint "involves professional liability claims . . . as such claims are defined in Pennsylvania Rule of Civil Procedure 1042.1." (Ex. E)

The Amended Complaint purports to assert a professional malpractice claim under section 541 against Defendants on behalf of the Estate (Count VI), as well as two new constructive fraudulent conveyance actions against McGladrey (Counts IX and X). The Amended Complaint still references the bringing of claims under section 544 "on behalf of all the creditors of the Estate," and sets forth the five tort causes of action previously dismissed by the Court. By letters dated January 31, 2006 and February 17, 2006, counsel for the Trustee clarified that the inclusion of this language and the five original tort causes of action is solely for purposes of preserving the Trustee's appeal rights, and that the Amended Complaint does not attempt to reassert any tort claims on behalf of SFC's creditors, nor does it seek to reassert claims previously dismissed by the Court. (*See* Ex. F)

4

Defendants now seek to dismiss the professional malpractice claim.[4] If Defendants succeed on this motion, based on the Court's prior dismissal, the only remaining causes of action will be the two existing fraudulent conveyance claims (Counts VII and VIII) and the two newly asserted constructive fraudulent conveyance claims (Counts IX and X), all of which relate to McGladrey's receipt of professional fees.

## SUMMARY OF ARGUMENT

The Trustee purports to assert a cause of action against Defendants for professional malpractice under section 541 on behalf of the Estate. As briefed extensively in Defendants' original motion to dismiss the Trustee's original complaint, however, this claim is barred by a textbook application of the *in pari delicto* doctrine. That doctrine holds that an intentional wrongdoer may not assert a claim on behalf of the debtor against a third party for participating in the debtor's wrongful conduct. *See Official Comm. of Unsecured Creditors v. Lafferty*, 267 F.3d 340 (3d Cir. 2001). The holding of *Lafferty* is directly on point and was decided on facts almost identical to those present here. In light of this dispositive authority, it is astonishing the Trustee would attempt to bring such a claim.

## FACTS

The factual allegations in the Amended Complaint (Ex. C) are essentially the same as the facts set forth in the Trustee's original complaint (Ex. B). The Court considered those facts in deciding Defendants' original motion to dismiss, and we assume the Court is familiar with them. Rather than provide the Court with another recitation of the factual allegations, Defendants

---

[4] Although McGladrey believes the Trustee's fraudulent transfer claims lack merit, McGladrey is not moving to dismiss those claims at this time.

5

highlight a few which demonstrate that SFC and its principal, Andrew Yao, are claimed to have engaged in a fraud in which the Trustee now claims Defendants negligently participated. Under the doctrine of *in pari delicto*, the Trustee's professional malpractice claim must be dismissed.

In his Amended Complaint, the Trustee includes a section entitled "**SFC and Its Fraudulent Business**." (Ex. C, p. 6 (emphasis in original)) The Trustee claims that "SFC was a Ponzi-like scheme masquerading as a student loan business." (Ex. C, ¶ 2) The Trustee further claims that:

> SFC used income from its borrowings and sales to investors to make "payments" on what would otherwise be defaulting student loans. SFC was paying on loans that it had no interest in, or obligation to pay on, in order to mask the level of defaults. Internally, SFC called these payments on defaulted loans "forbearance payments." In reality, they were Ponzi payments -- payments made with money paid by the later investors in SFC's scheme to provide false "returns" to the earlier investors in SFC's scheme. SFC made these payments to obscure the true default rate in the loan pools.

(*Id.*, ¶ 25)

The Trustee further claims that, "SFC also had a secret arrangement with the trucking schools where the borrowers were enrolled that the schools would make the initial payments on the SFC loans. Through this mechanism, SFC 'seasoned' the loans so they appeared to SFC's creditors to be performing. SFC obscured the actual default rates in this way as well." (*Id.*, ¶ 26) And that "SFC intentionally did not disclose the Ponzi and seasoning payments." (*Id.*, ¶ 27)

The Trustee claims that Andrew Yao, SFC's former president and sole shareholder, was "the force behind the Ponzi scheme." (*Id.*, ¶ 72) The Trustee further claims that "[e]ssential to SFC's officers and directors' Ponzi-plan was that SFC have legitimate-seeming financial reports and that those reports hide the core of SFC's fraud. These reports were the bait SFC used to lure

6

unsuspecting creditors and investors to the scheme." (*Id.*, ¶ 4) In that way, the Trustee attempts to claim that Defendants negligently participated in SFC's and Yao's fraud, which apparently is the basis for the Trustee's claim for professional malpractice.

## ARGUMENT

### *LAFFERTY* AND THE *IN PARI DELICTO* DOCTRINE BAR THE TRUSTEE'S PROFESSIONAL MALPRACTICE CLAIM

The doctrine of *in pari delicto* provides that a plaintiff who is an intentional wrongdoer may not assert a claim against a third party for participating in such wrongdoing. *See Lafferty*, 267 F.3d at 354. Here, there can be no doubt, based on the allegations of the Amended Complaint, that SFC and its principal Andrew Yao are charged with having perpetrated a massive fraud, and that the Trustee claims Defendants negligently participated in that fraud. Under the doctrine of *in pari delicto*, SFC's fraud is imputed to the Trustee, and any claim made against Defendants on behalf of the Estate is subject to dismissal. SFC, as the primary fraudster, may not sue a third-party, such as Defendants, for participating in a fraud of SFC's own making. Such is the holding of *Lafferty*, a case which is almost eerily on point. Indeed, reading *Lafferty* is essentially reading a recital of the facts and circumstances of this case.

In *Lafferty*, two leasing companies controlled by a single family allegedly operated as a Ponzi scheme. The companies, which acquired leases and sold debt certificates, allegedly misstated their financial position to induce investors to purchase the certificates. According to the *Lafferty* complaint, certain third-party professionals, including the companies' accountants, lawyers and underwriters, were instrumental in helping to perpetrate the fraud. The *Lafferty* creditors' committee, which was appointed by the *Lafferty* bankruptcy trustee, sued those third-

7

parties under a number of theories, including professional malpractice — the very same cause of action that is alleged by the Trustee in his Amended Complaint. *See id.* at 345-46.[5]

The Third Circuit dismissed the committee's claims on the basis of the *in pari delicto* doctrine. In doing so, the court initially found that "[t]he doctrine of *in pari delicto* provides that a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Id.* at 354. Applying that doctrine to the facts of the case, the *Lafferty* court held that "the *in pari delicto* doctrine bars the Committee, standing in the shoes of the Debtors, from bringing its claims against Lafferty" and the other estate professionals. *Id.* at 360. *See also American Trade Partners, L.P. v. A-1 Int'l Importing Partners, L.P.*, 770 F. Supp. 273, 276 (E.D. Pa. 1991) (under the *in pari delicto* doctrine, "a party is barred from recovering damages if his losses are substantially caused by activities the law forbade him to engage in"); *Feld & Sons, Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot*, 458 A.2d 545 (Pa. Super. Ct. 1983).

The *Lafferty* court came to this holding after finding that it was appropriate to impute the fraud of the company's directors and officers to the company — the debtor into whose shoes the trustee steps. The *Lafferty* court found such imputation to be appropriate because, as here, the directors and officers of the company were alleged to have committed the fraud in the course of their employment. In essence, *Lafferty* precluded a fraudster from blaming others for its fraud. For that reason, SFC is precluded from blaming Defendants for its fraud.

---

[5] That the claims in *Lafferty* were brought by the creditors' committee and not the bankruptcy trustee is of no consequence and certainly not a distinguishing fact. Under the stipulation pursuant to which the *Lafferty* committee commenced the action, "the Committee effectively acquired all the attributes of a bankruptcy trustee for purposes of this case." *Lafferty*, 267 F.3d at 345.

8

Moreover, the *Lafferty* court also held that the "adverse interest exception" to the *in pari delicto* doctrine did not apply since the "sole actor" rule was applicable. *Id.* at 359. Pursuant to the "adverse interest exception," if there were innocent, independent actors in positions of authority who might have stopped the wrongdoing had they been apprised of all the relevant facts, the *in pari delicto* doctrine may not apply. When there is a "sole actor," however, those conditions do not exist. According to *Lafferty*, the general principle of the "sole actor" rule provides:

> If an agent is the sole representative of a principal, then that agent's fraudulent conduct is imputable to the principal regardless of whether the agent's conduct was adverse to the principal's interests.... The rationale for this rule is that the sole agent has no one to whom he can impart his knowledge, or from whom he can conceal it, and the corporation must bear the responsibility for allowing an agent to act without accountability....

*Id.* (internal citations omitted).

For the same reasons discussed in *Lafferty,* the "sole actor" rule is applicable here. Just as the debtor in *Lafferty* was dominated and controlled by the sole shareholders who were the primary wrongdoers and fraudsters, so SFC is alleged to have been dominated and controlled by Andrew Yao, SFC's president and sole shareholder, who clearly was the purported primary wrongdoer and fraudster. (Ex. C., ¶¶ 2, 25-27, 72); *Lafferty*, 267 F.3d at 359 (internal citations omitted); *see also Waslow v. Grant Thornton (In re Jack Greenberg, Inc.)*, 212 B.R. 76, 86 (Bankr. E.D. Pa. 1997).

As set forth in the Amended Complaint, the Trustee's claims are based on allegations that SFC engaged in fraudulent activities. It is thus indisputable that the *in pari delicto* doctrine bars any claim brought by the Trustee against Defendants on behalf of SFC. That is true whether or not the third-party claim is based on a deepening insolvency theory, or other fraud or negligence

9

theories, such as professional malpractice, as alleged here. As the Third Circuit observed in *Lafferty*:

> More generally, the broad idea captured by the [*in pari delicto*] doctrine may involve a number of different defenses, depending on whether a contract, tort or other claim is asserted. We nevertheless can legitimately speak of one doctrine, *in pari delicto*, across the different claims because the analysis under the various causes of action will typically be the same. Judge Posner made this point in *Cenco, Inc. v. Seidman & Seidman*:
>
>> The challenged [jury] instructions relate to the question whether Seidman was entitled to use the wrongdoing of Cenco's managers as a defense against the charges of breach of contract, negligence, and fraud [which] when committed by auditors, are a single form of wrongdoing under different names.... Because these theories of auditor misconduct are so alike, the defenses based on misconduct of the audited firm or its employees are also alike, though verbalized differently. A breach of contract is excused if the promisee's hindrance or failure to cooperate prevented the promissor from performing the contract. The corresponding defense in the case of negligence is, of course, contributory negligence.... [And, in the fraud context, a] participant in a fraud cannot also be a victim entitled to recover damages, for he cannot have relied on the truth of the fraudulent representations, and such reliance is an essential element in a case of fraud.

*Lafferty*, 267 F.3d at 355 (quoting *Cenco, Inc. v. Seidman & Seidman*, 686 F.2d 449, 453-54 (7th Cir. 1982) (citation omitted)). *See also Breeden v. Kirkpatrick & Lockhart LLP (In re The Bennett Funding Group, Inc.)*, 336 F.3d 94, 102 (2d Cir. 2003) (dismissing claims against debtor's accountants and attorneys for their alleged malpractice, breach of fiduciary duty and negligence in failing to report their suspicions that management was using debtor to perpetrate a Ponzi scheme); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1094 (2d Cir. 1995) ("[W]e are persuaded that the *Wagoner* rule should be applied here, and that Hirsch is precluded from asserting the professional malpractice claims alleged in the Complaint because of the Debtors'

collaboration with the defendants-appellees in promulgating and promoting the Colonial Ponzi schemes"); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 120 (2d Cir. 1991) ("A claim against a third party for defrauding a corporation with the cooperation of management accrues to creditors, not to the guilty corporation").

Based on this wealth of authority, the Trustee's professional malpractice claim against Defendants should be dismissed.[6]

---

[6] Although the Trustee has advised that the Amended Complaint does not seek to reassert Counts I - V on behalf of the SFC estate, (*see* Ex. F), the *in pari delicto* doctrine would apply equally to bar any of these tort-based claims as well. *See Lafferty*, 267 F.3d at 345-46 (dismissing, *inter alia*, claims of fraud, negligent misrepresentation, aiding and abetting breach of fiduciary duty, and professional malpractice).

## CONCLUSION

The Trustee's second attempt to assert a tort claim against Defendants is as flawed as his first. The Trustee's claim for professional negligence should be dismissed with prejudice under the doctrine of *in pari delicto*.

Dated: February 27, 2006

                                                DUANE MORRIS LLP

By: _____
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

-and-

| ARNOLD & PORTER LLP | WILLIAMS & CONNOLLY LLP |
|---|---|
| Richard P. Swanson | Steven M. Farina |
| Veronica E. Rendon | Thomas H.L. Selby |
| Jason M. Butler | Amber M. Mettler |
| 399 Park Avenue | 725 12th Street, N.W. |
| New York, NY 10022 | Washington, D.C. 20005 |
| Phone: 212-715-1000 | Phone: 202-434-5000 |
| Fax: 212-715-1399 | Fax: 202-434-5029 |
| Attorneys for McGladrey & Pullen, LLP and Michael Aquino | Counsel for Defendant McGladrey & Pullen, LLP |

12