# EXHIBIT F

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

MICHAEL S. WATERS
Direct Dial: (973) 565-2011
E-mail: mwaters@mdmc-law.com

January 31, 2006

**_VIA FACSIMILE_**

Veronica E. Rendon, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022

> **Re:** *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation vs. McGladrey & Pullen, LLP, and Michael Aquino*
> **_Adversary Number: 04-58003 - Civil Action Number: 05-72-JJF_**

Dear Veronica:

You were sent a letter dated January 25, 2006 advising you that the Amended Complaint does not seek to reassert claims dismissed by Judge Farnan and anticipating that your answer would treat them as dismissed. An additional copy of that letter is enclosed. To the extent that factual allegations in those counts are incorporated in other counts, they need to be answered. The Amended Complaint adds a count for malpractice that is consistent with the certificate of merit filed long ago, and with Judge Farnan's ruling on that issue in the Pepper matter. The additional counts for a fraudulent conveyance are consistent with Judge Farnan's ruling in this matter. Accordingly, we have nothing to discuss; please file your Answer.

Very truly yours,

McELROY, DEUTSCH. MULVANEY & CARPENTER, LLP

Michael S. Waters

MSW:dmc
Enclosure

NEW YORK, NEW YORK          DENVER, COLORADO          RIDGEWOOD, NEW JERSEY          MORRISTOWN, NEW JERSEY

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

THREE GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY  07102-4079
(973) 622-7711
FACSIMILE (973) 622-5314

MICHAEL S. WATERS
Direct Dial: (973) 565-2011
E-mail: mwaters@mdmc-law.com

February 17, 2006

**_VIA FACSIMILE_**

Veronica E. Rendon, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022

> **Re:** **_Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation_**
> **_vs. McGladrey & Pullen, LLP, and Michael Aquino_**
> **_Adversary Number: 04-58003 - Civil Action Number: 05-72-JJF_**

Dear Veronica:

I have your letter of February 13, 2006. I write to reiterate that I believe we have made perfectly clear in two prior letters to you, copies of which are attached.

1.     The Amended Complaint does not intend to reassert the claims that were dismissed by Order of the Court dated December 20, 2005. Those counts remain dismissed. Those counts are included because they were not changed by the amendment and the local rule requires that the Amended complaint be one complete document. We have advised you, as we have advised all counsel, that we expect that in your Answer you will treat those counts that were dismissed by Judge Farnan as dismissed; all other counsel except you have understood that and have acted accordingly.

2.     We note that some factual allegations of dismissed counts are included by reference in counts that were not dismissed. We believe that those factual allegations need to be answered.

3.     Consistent with what we have stated in paragraph number 1 above, we have not asserted any counts on behalf of Royal, nor have we claimed to do so. The only plaintiff in this case is the trustee, Charles A. Stanziale. We reiterate that to the extent any claims of Mr. Stanziale have been dismissed by Judge Farnan, they remain dismissed.

4.     With regard to your claim that we needed your consent to an amendment, we disagree. The general rule is that a party "may amend the party's pleading once as a matter of

NEW YORK, NEW YORK          DENVER, COLORADO          RIDGEWOOD, NEW JERSEY          MORRISTOWN, NEW JERSEY

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Veronica Rendon, Esq.
February 17, 2006
Page 2

course at any time before a responsive pleading is served." Rule 15(a). A motion to dismiss does not constitute a responsive pleading. Centifanti v. Nix, 865 F2d 1422, 1431 (3d Cir. 1989). In each of the cases you cite, the pleading was dismissed in its entirety and the question was whether the party could then amend, as of right or otherwise. Those cases simply do not apply in this instance where the motion to dismiss was only granted in part and the pleading still stands. Because the pleading itself was not dismissed, the cases you cite do not apply to vary Rule 15(a). The amendment was filed before any responsive pleading.

     5.     At this point, we believe that your Answer is long overdue. We have indicated that we would not object to your filing an Answer to the Amended Complaint, but we believe that you must file one promptly. Your right to file a motion to dismiss for failure to state a claim is preserved and may be filed in accordance with the Rules, but that does not allow you to avoid filing an Answer.

     6.     Considering the differences in our respective positions and your expressed desire to file a motion, we have and continue to believe that our positions are best set forth in writing.

     7.     With respect to the counts that were added to the Amended Complaint, two of them address the fraudulent conveyance claim. The count for malpractice is accompanied with the appropriate certification. This cannot be any surprise to you since a certification for a malpractice claim was served with the original Complaint. Judge Farnan has already denied a motion to dismiss a malpractice claim in the Pepper Hamilton matter.

     8.     If, in light of the above, you still insist upon filing a motion, we will respond regarding the schedule when we see your motion.

Very truly yours,

McELROY, DEUTSCH. MULVANEY & CARPENTER, LLP

Michael S. Waters

MSW:dmc
Enclosure