## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| STUDENT FINANCE CORPORATION, | ) ) Case No. 02-11620 (DDS) |
| Debtor. | ) ) |
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION, | ) ) ) Adversary Proceeding No. 04-58003 |
| Plaintiff, | ) ) District Court Case No. 1:05-cv-00072-JJF |
| v. | ) ) |
| McGLADREY & PULLEN, LLP and MICHAEL AQUINO, | ) ) ) |
| Defendants. | ) ) |

---

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS THE TRUSTEE'S AMENDED COMPLAINT IN PART

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

ARNOLD & PORTER LLP
Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022
Phone: 212-715-1000
Fax: 212-715-1399

Attorneys for McGladrey & Pullen, LLP
and Michael Aquino

WILLIAMS & CONNOLLY LLP
Steven M. Farina
Thomas H.L. Selby
Amber M. Mettler
725 12th Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Counsel for Defendant McGladrey &
Pullen, LLP

359013_1.DOC
DM3\359013.1

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ..........................................................................................................2

I.    THE *IN PARI DELICTO* DOCTRINE BARS THE TRUSTEE'S
PROFESSIONAL MALPRACTICE CLAIM .................................................................2

    A.    Under *Lafferty*, No Balancing Test Is Required ........................................2

    B.    The Trustee Cites to Non-controlling and Distinguishable Case Law ....................5

    C.    SFC Is, at the Very Least, *In Pari Delicto* with Defendants....................................8

II.    THE TRUSTEE HAS NOT (AND CANNOT) ALLEGE THE INDEPENDENT
ACCOUNTANTS WERE INSIDERS OF SFC .............................................................10

CONCLUSION.........................................................................................................14

i

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*In re ABC Electric Servs., Inc.,*
    190 B.R. 672 (Bankr. M.D. Fla. 1995) ............................................................................12

*Baker O'Neal Holdings, Inc. v. Ernst & Young LLP,*
    No. 03-CV-0132, 2004 U.S. Dist. LEXIS 6277 (S.D. Ind. Mar. 24, 2004)........................7

*Bateman Eichler, Hill Richards, Inc. v. Berner,*
    472 U.S. 299 (1985)..................................................................................5, 6, 9, 10

*In re Bennett Funding Group, Inc.,*
    No. 96-61376, 1997 Bankr. LEXIS 2366 (Bankr. N.D.N.Y. Dec. 19, 1997) ...................10

*Byers v. Byers,*
    25 S.E.2d 466 (N.C. 1943)..........................................................................................3

*Central Community Church of God v. Ent & Imler CPA Group, Inc.,*
    No. 03-CV-0678, 2004 U.S. Dist. LEXIS 24339 (S.D. Ind. Nov. 24, 2004) .................6, 7

*In re CitX Corp.,*
    No. 03-727, 03-cv-6766, 2005 WL 1388963 (E.D. Pa. June 7, 2005) ...........................3, 7

*In re Computer Personalities Systems, Inc.,*
    284 B.R. 415 (Bankr. E.D. Pa. 2002) .............................................................................4

*In re Demko,*
    264 B.R. 404 (Bankr. W.D. Pa. July 19, 2001) ..............................................................13

*Dressel Assocs. v. Beaver Valley Builder's Supply, Inc.,*
    177 B.R. 507 (Bankr. W.D. Pa. 1995) ...........................................................................14

*In re Dublin Securities, Inc.,*
    133 F.3d 377 (6th Cir. 1997) ........................................................................................9

*Feld & Sons v. Pechner, Dorfman, Wolfee & Cabot,*
    458 A.2d 545 (Pa. Super. 1983)..................................................................................2, 3

*In re Granite Partners, L.P.,*
    17 F. Supp. 2d 275 (S.D.N.Y. 1998)..............................................................................9

*In re Granite Partners, L.P.,*
    194 B.R. 318 (Bankr. S.D.N.Y. 1996)..........................................................................13

ii

*In re Ingleside Assocs.*,
   136 B.R. 955 (Bankr. E.D. Pa. Feb. 20, 1992) .................................................................13

*In re KDI Holdings, Inc.*,
   277 B.R. 493 (Bankr. S.D.N.Y. 1999) ..............................................................................12

*In re LJM2 Co-Investment, L.P.*,
   866 A.2d 762 (Del. Ch. 2004)..........................................................................................3

*McAdam v. Dean Witter Reynolds, Inc.*,
   896 F.2d 750 (3d Cir. 1990)..............................................................................................5

*McCrory v. Luisi*,
   No. 07301 of 1998, 1989 WL 206449 (Pa. Ct. Com. Pl. June 13, 1989) ............................3

*Metropolitan Mortgage & Securities Co. v. PriceWaterhouseCoopers, LLP*,
   No. 05-cv-290, 2005 U.S. Dist. LEXIS 39851 (E.D. Wa. Dec. 21, 2005) .........................7

*Micro Motion, Inc. v. Kane Steel Co.*,
   894 F.2d 1318 (Fed. Cir. 1990).......................................................................................11

*In re Montanino*,
   15 B.R. 307 (Bankr. D.N.J. 1981) ...................................................................................13

*In re Oakwood Homes Corp.*,
   No. 02-13396, ___ B.R. ___, 2006 WL 864843 (Bankr. D. Del. Mar. 31, 2006).....3, 7, 12

*O'Brien v. National Property Analysts Partners*,
   719 F. Supp. 222 (S.D.N.Y. 1989) .................................................................................11

*Official Committee of Unsecured Creditors v. Lafferty*,
   267 F.3d 340 (3d Cir. 2001)................................................................................... *passim*

*Official Committee of Unsecured Creditors v. Shapiro*,
   No. 99-526, 2001 WL 1468250 (E.D. Pa. Nov. 16, 2001) ...............................................12

*Official Committee of the Unsecured Creditors of Color Tile, Inc. v.*
   *Coopers & Lybrand, LLP*,
   322 F.3d 147 (2d Cir. 2004)............................................................................................10

*Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards*,
   437 F.3d 1145 (11th Cir. 2006), *petition for cert. filed*, No. 05-1335 (U.S. Apr.
   14, 2006) ..........................................................................................................................9

*Peyton v. Margiotti*,
   156 A.2d 865 (Pa. 1959) ...................................................................................................4

DM3\359013.1

*Pinter v. Dahl*,
    486 U.S. 622 (1988)................................................................................5

*Schneider v. California Dep't. of Corrections*,
    151 F.3d 1194 (9th Cir. 1998) ................................................................10

*Stanziale v. McGladrey & Pullen, LLP*,
    334 B.R. 776 (D. Del. 2005)...................................................................6

*Stanziale v. Pepper Hamilton LLP*,
    335 B.R. 539 (D. Del. 2005)..........................................................4, 7, 13

*Utility Metal Research, Inc. v. Generac Power Systems, Inc.*,
    No. 02-CV-6205, 2004 WL 2613993 (E.D.N.Y. Nov. 18, 2004) ....................11

*In re Total Containment*,
    335 B.R. 589 (Bankr. E.D. Pa. 2005) ........................................................4

*In re Walnut Leasing Co.*,
    No. 99-526, 1999 WL 729267 (E.D. Pa. Sept. 8, 1999)...................................4

*Wishnefsky v. Riley & Fanelli, P.C.*,
    799 A.2d 827 (Pa. Super. Ct. 2002)............................................................2

*Zuk v. Eastern Pennsylvania Psychiatric Institute of the Medical College*,
    103 F.3d 294 (3d Cir. 1996)...................................................................11

## OTHER AUTHORITY

11 U.S.C. § 101(31) ..........................................................................12

Fed. R. Civ. P. 12(b)(6) ................................................................1, 10, 11

Pa. R. Civ. P. 1042.1...........................................................................3

Defendants McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino ("Aquino, together with McGladrey, collectively, "Defendants") submit this reply memorandum in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss in part the amended complaint ("Amended Complaint") of Charles A. Stanziale, Jr., the Chapter 7 Trustee (the "Trustee") of Student Finance Corporation ("SFC" or the "Company").

## PRELIMINARY STATEMENT

Seeking to avoid the textbook application of the Third Circuit's *in pari delicto* rule, the Trustee seeks refuge in two equally unavailing positions. First, he argues that a dramatically different *in pari delicto* standard should be applied, notwithstanding that the standard is not used in the Third Circuit, but instead arises in cases decided under state law from other Circuits and the federal securities laws. Second, he claims that Aquino "may qualify as an insider" based on facts that "may" later be discovered, although the Trustee did not (and cannot) make any allegation of insider status in his Amended Complaint.

Even if the Court were to apply the federal securities laws and other Circuit cases and engage in the weighing of conduct proposed by the Trustee, there can be no question that SFC is at the very least *in pari delicto* with Defendants. The Amended Complaint is packed with allegations regarding the Company's fraudulent conduct which was masterminded by its owner, President and CEO, Andrew Yao, who was recently indicted. Secondly, the Trustee has not pled (and cannot plead) a single fact supporting the notion that Aquino was an insider of SFC. The Trustee stepped into the shoes of the SFC in September 2003, and would know any facts supporting an allegation of insider status. No such facts exist.

**ARGUMENT**

## I.    THE *IN PARI DELICTO* DOCTRINE BARS THE TRUSTEE'S PROFESSIONAL MALPRACTICE CLAIM

The Trustee first attempts to evade the *in pari delicto* doctrine by requesting the Court to weigh the relative fault of Andrew Yao and SFC on the one hand, and the independent accountants on the other. This argument fails for two reasons. It is not the law in the Third Circuit to apply such a balancing test to tort claims. And, even if it were, the allegations of the Amended Complaint demonstrate that SFC is far more culpable than the independent, outside accountants.

### A.    Under *Lafferty*, No Balancing Test Is Required

The *in pari delicto* standard applicable to tort cases in the Third Circuit is set forth in *Official Comm. of Unsecured Creditors v. Lafferty*, 267 F.3d 340 (3d Cir. 2001), and its progeny. Under that standard, no weighing of relative fault is necessary. Rather, the doctrine simply provides that "a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Id.* at 354. *See also Feld & Sons v. Pechner, Dorfman, Wolfee, & Cabot*, 458 A.2d 545, 548 (Pa. Super. 1983).

Like the Trustee's professional malpractice claim, the claims in *Lafferty* arose under Pennsylvania common law, and the Third Circuit applied the doctrine of *in pari delicto* as delineated under Pennsylvania law. *See* 267 F.3d at 354 (citing *Feld & Sons,*, 458 A.2d at 548). The doctrine is based upon the principle that "no court will lend its aid to a man who grounds his action upon an immoral or illegal act." *Feld & Sons*, 458 A.2d at 548; *see also Wishnefsky v. Riley & Fanelli, P.C.*, 799 A.2d 827, 829 (Pa. Super. Ct. 2002) (same). It does not require a

2

weighing of relative fault. As stated in *McCrory v. Luisi*, No. 07301 of 1998, 1989 WL 206449,

at *2 (Pa. Ct. Com. Pl. June 13, 1989):

> Because of her wrongdoing, defendant is barred from maintaining
> this action against the additional defendant under the principle
> developed at common law that a court will not lend its aid to an
> action grounded upon immoral or illegal conduct.
>
> \*\*\*
>
> The common-law rule was subject to a qualification that the
> parties' degrees of guilt be comparable. The *Feld and Sons*
> opinion eliminated this qualification. It concluded that courts
> should not be involved in weighing and evaluating degrees of fault
> and wrongdoing but, instead, should in all cases adhere to the
> general principle that a court not provide relief to persons whose
> claims are grounded on immoral or illegal acts.

*Accord Feld & Sons*, 458 A.2d at 548.[1]

After *Lafferty*, courts in the Third Circuit have uniformly applied this formulation of the

*in pari delicto* doctrine to tort claims. *See, e.g., In re CitX Corp.* No. 03-727, 03-cv-6766, 2005

WL 1388963, at *11 (E.D. Pa. June 7, 2005) ("[A] plaintiff may not assert a claim against a

defendant if the plaintiff bears fault for the claim") (citing *Lafferty*, 267 F.3d at 354); *In re*

*Oakwood Homes Corp.*, No. 02-13396, ___ B.R. ___, 2006 WL 864843, at *21 (Bankr. D. Del.

Mar. 31, 2006) (citing *Byers v. Byers*, 25 S.E.2d 466, 469-70 (N.C. 1943) ("No one is permitted

to profit by his own fraud, or to take advantage of his own wrong, or to found a claim on his own

---

[1]    When the Trustee filed his professional malpractice claim, he filed two separate Certificates of Merit, certifying that the action "involves professional liability claims . . . as such claims are defined in Pennsylvania Rule of Civil Procedure 1042.1." (Ex. E to opening brief). The filing of the Certificates of Merit is required under Pennsylvania state law. In filing the Certificates of Merit, the Trustee acknowledged that this action is subject to Pennsylvania state law. Regardless, the *in pari delicto* standard is the same under Delaware state law. *See In re LJM2 Co-Investment, L.P.*, 866 A.2d 762, 775 (Del. Ch. 2004) ("The doctrine of *in pari delicto* provides that a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim.") (citing *Lafferty*, 267 F.3d at 354).

iniquity or to acquire any rights by his own crime.")).  *See also In re Total Containment*, 335

B.R. 589, 620 (Bankr. E.D. Pa. 2005); *In re Computer Personalities Sys., Inc.*, 284 B.R. 415, 424

(Bankr. E.D. Pa. 2002).  Unsurprisingly, this Court applied *Lafferty* in deciding whether *in pari*

*delicto* barred the Trustee's state-law claims against Pepper Hamilton.  *See Stanziale v. Pepper*

*Hamilton LLP*, 335 B.R. 539, 547 (D. Del. 2005) ("[A] plaintiff may not assert a claim against a

defendant if the plaintiff bears fault for the claim.") (citing *Lafferty*, 267 F.3d at 354).  There is

no legal basis why the Court should deviate from that standard here.[2]

The Trustee attempts to distinguish *Lafferty* on the ground that the accountant defendants

had settled before the Third Circuit issued its opinion.  (Memorandum in Opposition ("Opp."), p.

14).  That fact is of no consequence.  There were two "outside professional" defendants in

*Lafferty*, the debtor's underwriters and the debtor's independent accountants.  The district court

considered the *in pari delicto* defense with respect to the two groups of professionals identically,

and dismissed the trustee's claims against them in a single order.  *See In re Walnut Leasing Co.*,

No. 99-526, 1999 WL 729267, at **2-5 (E.D. Pa. Sept. 8, 1999) (trial court decision underlying

*Lafferty*).  The trustee appealed that order, and the underwriters remained in the litigation when

the Third Circuit issued its decision.  *See Lafferty*, 267 F.3d at 346.  The accountants' settlement

did not affect the Third Circuit's *in pari delicto* analysis.  If the weighing exercise described by

the Trustee were required, the Third Circuit would have engaged in it with respect to the

underwriting defendants.  It did not do so since weighing of conduct is not required.

---

[2]    The Trustee quotes language from *Peyton v. Margiotti*, 156 A.2d 865 (Pa. 1959), which is taken out of context. *Peyton* addressed whether a contingency fee contract in a criminal case was void as against public policy. *See id.* at 866. Although the court referred to the Latin phrase "in pari delicto," the affirmative defense of *in pari delicto* was not at issue. Rather, the court applied principles relating to the voiding of contracts on the basis of public policy.

4

**B.    The Trustee Cites to Non-controlling and Distinguishable Case Law**

Unable to effectively distinguish *Lafferty*, the Trustee cites to case law that is

inapplicable and not controlling.  Specifically, the Trustee urges the Court to follow cases

decided under the federal securities laws or arising under the substantive law of the states of New

Jersey, Indiana and Washington.  (*See* Opp., pp. 9-12).  Those cases should be disregarded.

The Trustee relies heavily on the Third Circuit's decision in *McAdam v. Dean Witter*

*Reynolds, Inc.*, 896 F.2d 750 (3d Cir. 1990).  That case, however, was decided under the federal

securities laws, and the Third Circuit applied the formulation of the *in pari delicto* defense as set

forth in *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-12 (1985) and *Pinter*

*v. Dahl*, 486 U.S. 622, 632-33 (1988).  *See McAdam*, 896 F.2d at 756.[3]

As discussed in *Bateman Eichler* and *Pinter*, many modern courts apply a broad standard

of *in pari delicto* akin to the defense of "unclean hands," and bar claims raised by plaintiffs who

have "participated 'in some sort of the same wrongdoing' as the defendant." *Pinter*, 486 U.S. at

632 (citing *Perma Life Mufflers v. Int'l Parts Corp.*, 392 U.S. 134, 138 (1968)).  Yet, such broad

common-law barriers to relief are not appropriate in federal securities law cases.  The defenses

may "undermine the congressional policy favoring private suits as an important mode of

enforcing the federal securities statutes," *id.* at 633, and fail to further the public policy of

protecting the investing public and the national economy.  *Bateman Eichler*, 472 U.S. at 315.  To

further those goals, the Court in *Bateman Eichler* restricted the application of *in pari delicto* in

cases arising under the federal securities laws, holding that the defense may prevail "only where

---

[3]    Although *McAdam* also involved claims arising under New Jersey common-law, the Court noted that New
Jersey's *in pari delicto* doctrine also "measure[s] the comparative guilt of the respective parties," and therefore does
not conflict with the *Bateman Eichler* standard under federal law.  *See McAdam*, 896 F.2d at 757 (citation omitted).

(1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress, and (2) preclusion of the suit would not significantly interfere with the effective enforcement of the securities laws and protection of the investing public." *Id.* at 310-11.

The *Bateman Eichler* standard has no application here. The Trustee's professional malpractice claim is not brought under the federal securities laws, and the policies underlying the application of the *Bateman Eichler* standard are absent. SFC is not a publicly traded company and, even if it were, as decided by this Court on Defendants' first motion to dismiss, the Trustee does not have standing to bring suit on behalf of the investors and creditors of SFC; rather, the Trustee has standing only to seek redress for purported wrongs to SFC. *See Stanziale v. McGladrey & Pullen, LLP*, 334 B.R. 776, 779 (D. Del. 2005). The public policies of protecting the investing public and furthering the enforcement of the federal securities laws are not present. The Trustee tries to mask this fact by arguing that accountants have a "heightened duty to the public," (Opp., p. 13), yet he overlooks that the Trustee is not bringing suit on behalf of the investing public; he is bringing suit on behalf of the Company, which by the Trustee's own admission, masterminded and orchestrated the purported fraud at issue. *See* Section I.C. below.

The Trustee also cites to cases decided under Indiana and Washington state law, which apply a different *in pari delicto* standard to common law tort claims than that applied in the Third Circuit. Those cases are also not controlling. For example, in *Central Cmty. Church of God v. Ent & Imler CPA Group, Inc.*, No. 03-CV-0678, 2004 U.S. Dist. LEXIS 24339 (S.D. Ind. Nov. 24, 2004), a class of investors who had purchased a note offering and an SEC receiver appointed on behalf of the issuer alleged that an accounting firm violated the federal securities

6

laws and Indiana common law by issuing a materially misleading opinion on an issuer's audited financial statements. *Id.* at \*\*8-9. The court applied Indiana's *in pari delicto* doctrine, which requires a factual determination of whether the defendant received a "tangible benefit" from the alleged fraudulent acts.[4] *Id.* at \*26 (citation omitted). Similarly, the court in *Metropolitan Mortgage & Sec. Co. v. PriceWaterhouseCoopers, LLP*, No. 05-cv-290, 2005 U.S. Dist. LEXIS 39851 (E.D. Wa. Dec. 21, 2005), applied Washington's *in pari delicto* doctrine. *Id.* at \*\*15-16. Unlike Pennsylvania and Delaware law, the doctrine of *in pari delicto* is restrictive under Washington law, and "[w]here the parties are not equally culpable, the defense of *in pari delicto* is not appropriate" for resolution on a motion to dismiss. *Id.* (citation omitted).

While the peculiarities of Indiana and Washington state law may prevent dismissal under their approach, it is well established that courts in the Third Circuit may grant a motion to dismiss under the *in pari delicto* doctrine. *See Oakwood Homes*, 2006 WL 864843, at \*22 ("[W]here the [*in pari delicto*] defense appears on the face of the complaint, a court may properly grant dismissal."); *Lafferty*, 267 F.3d at 346 (affirming dismissal based on *in pari delicto*); *CitX Corp.*, 2005 WL 1388963, at \*11 (dismissing claim against accountants based on *in pari delicto*). Moreover, this Court has previously held that the *in pari delicto* defense may be decided on a motion to dismiss. *See Stanziale v. Pepper Hamilton*, 335 B.R. at 547 (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)). Such dismissal is appropriate here.

---

[4]    *Baker O'Neal Holdings, Inc. v. Ernst & Young LLP*, No. 03-CV-0132, 2004 U.S. Dist. LEXIS 6277 (S.D. Ind. Mar. 24, 2004), another case relied upon by the Trustee, also applied Indiana's *in pari delicto* doctrine. *See id.* at \*25.

7

C.    **SFC Is, at the Very Least, *In Pari Delicto* with Defendants**

Even if the Court were to apply the *in pari delicto* standard proposed by the Trustee, the

Court should dismiss the professional liability claim.  The allegations of the Amended Complaint

make it clear that SFC was the central tortfeasor underlying the purported fraud.  The Trustee's

Amended Complaint is rife with allegations regarding SFC's and Andrew Yao's fraudulent

conduct.  Specifically, the Trustee claims that SFC was a **"Fraudulent Business"** (Ex. C to

opening brief, p. 6 (emphasis in original)), and "a Ponzi-like scheme masquerading as a student

loan business" (¶ 2); and that Andrew Yao was "the force behind the Ponzi scheme." (¶ 72).  *See*

*also id.* ¶ 3 ("SFC's business was a Ponzi-like scheme."); ¶ 25 (SFC made "Ponzi payments . . .

to obscure the true default rate in the loan pools"); ¶ 26 ("SFC obscured the actual default rates"

by "'season[ing]' the loans so they appeared to SFC's creditors to be performing"); ¶ 27 ("SFC

intentionally did not disclose the Ponzi and seasoning payments."); ¶ 30 ("Like all Ponzi

schemes, SFC could not have survived since it was not capable of paying its ever-increasing

debts except with new monies that would eventually run out."); ¶ 32 ("[B]efore it was finally

forced into bankruptcy, SFC obtained a number of multi-million dollar loans to continue its

fraudulent business."); ¶ 33 ("The Ponzi payments were made [by SFC] with the intent to hinder,

delay, or defraud SFC's creditors."); ¶ 59 ("SFC had been manipulating the reported default rate

— by making Ponzi-payments — since at least 1998."); and ¶ 62 ("SFC made Ponzi payments

on [loan] pools . . . in order to mask the true default rate in the pools.").

While SFC is alleged to have been the fraudulent party, Defendants are alleged to have

failed to comply with professional accounting standards and their applicable duty of care when

they issued audited financial statements and Agreed-Upon Procedures reports that Yao used "to

lure unsuspecting creditors and investors to the scheme."  (*Id.*, ¶ 4).  Given these relative

8

allegations of wrongdoing, how can it be said that Defendants are more culpable than SFC? The allegations of the Amended Complaint preclude any such finding.

Courts have applied the restrictive *Bateman Eichler* standard of *in pari delicto* to dismiss such implausible claims. For instance, in *In re Dublin Sec., Inc.*, 133 F.3d 377 (6th Cir. 1997), a bankruptcy trustee sued the debtor's former law firms based on their alleged participation in the debtor's own fraud. *Id.* at 379. Although the trustee argued that "*in pari delicto* principles apply only if the plaintiff is of equal or greater fault than a defendant," the court dismissed the trustee's claims, reasoning that the trustee's own allegations demonstrated that the debtor perpetrated the fraud, and therefore could not, as a matter of law, be less culpable than the law firm:

> The trustee insists that in order to reach such a determination, a fact-finding inquiry is necessary and that because no such hearing occurred here, the doctrine may not be applied as intended. Nevertheless, [the trustee] admits in his complaint that the debtors' own actions were instrumental in perpetrating the fraud on the individuals choosing to invest in the Dublin Securities schemes. That pleading concedes, for example, that the debtors intentionally defrauded their investors. Such purposeful conduct thus establishes conclusively that the debtors were *at least* as culpable as the defendants in this matter.

*Id.* at 380 (emphasis in original). Many courts have reached similar conclusions. *See, e.g, In re Granite Partners, L.P.*, 17 F. Supp. 2d 275, 310 (S.D.N.Y. 1998) (dismissing claim under *in pari delicto* where "[a]ny attempt to claim that [the debtors] were not central to the alleged wrongdoing is contradicted by the factual allegations the Complaint sets forth"). *See also Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1154-55 (11th Cir. 2006) (affirming dismissal under *Bateman Eichler* where complaint alleged that debtor, *inter alia*, "devised the [fraudulent] scheme" and "control[led] all aspects of the operation," and reasoning that, "[i]f anything, the conduct of [the debtor] was *in majore delicto*"), *petition for*

9

*cert. filed*, No. 05-1335 (U.S. Apr. 14, 2006); *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 164 (2d Cir. 2004) (affirming dismissal of Texas common law claims against accountants where pleadings alleged that debtor's board of directors "allegedly had the same knowledge that [the accountants] allegedly should have disclosed" and the debtor's controlling shareholders were "responsible for every detail of the Transaction").[5]  Dismissal is similarly called for here.

## II.    THE TRUSTEE HAS NOT (AND CANNOT) ALLEGE THE INDEPENDENT ACCOUNTANTS WERE INSIDERS OF SFC

Although not alleged in his original or Amended Complaint, the Trustee argues in his opposition brief that Aquino (but not McGladrey) "may be found to have operated as an insider of SFC." (Opp., p. 19).  The Trustee essentially concedes that the Amended Complaint standing alone does not contain sufficient factual allegations in support of that contention: "[T]he Amended Complaint sets forth allegations that, together with facts developed in discovery, could give rise to the inference that Aquino acted as an insider of SFC," and "[t]he facts alleged in the Amended Complaint, together with facts that could be adduced in discovery . . . may be sufficient to create the inference that Aquino is an insider of SFC." (*Id.*, p. 21).  Such arguments are insufficient.

A party cannot rely upon un-pled facts to defeat a motion to dismiss. *Schneider v. Ca. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes.  In determining

---

[5]    Unlike in *In re Bennett Funding Group, Inc.*, No. 96-61376, 1997 Bankr. LEXIS 2366 (Bankr. N.D.N.Y. Dec. 19, 1997), which applied *Bateman Eichler*, the Trustee here has not alleged facts "which generally portray [SFC] as an innocent victim of the fraud." *Id.* at *29.

the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a

plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to

dismiss.") (emphasis in original) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir.

1993)). *See also Utility Metal Research, Inc. v. Generac Power Sys., Inc.*, No. 02-CV-6205,

2004 WL 2613993, at *4 (E.D.N.Y. Nov. 18, 2004) ("As an initial matter, the Court notes that a

complaint may not be amended by briefs."); *O'Brien v. Nat'l Prop. Analysts Partners*, 719

F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by

the briefs in opposition to a motion to dismiss.").

The Trustee does not even argue in his opposition brief that Aquino *was* an insider,

merely that he *may* ultimately qualify as one based upon facts that *may* be developed in

discovery. A motion to dismiss cannot be denied on such a basis. "[D]iscovery is not intended

as a fishing expedition permitting the speculative pleading of a case first and then pursuing

discovery to support it; the plaintiff must have some basis in fact for the action." *Zuk v. Eastern*

*Pa. Psychiatric Inst. of the Med. Coll.*, 103 F.3d 294, 299 (3d Cir. 1996). *See also Micro*

*Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are

designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*,

not to find out if it has any basis for a claim.") (emphasis in original).

Moreover, the allegations in the Amended Complaint describe an arms-length, outside

independent accountant-client relationship:

> At least as early as 1998, SFC retained defendant Michael Aquino
> to perform accounting and auditing services for SFC. While
> Mr. Aquino changed employees several times, he consistently
> provided these services to SFC through at least 2001. Thus, his
> knowledge of SFC's practices is imputed to McGladrey, who
> employed him from approximately 2000 through the present.

11

(Ex. C to opening brief, ¶ 51). The Trustee does not allege that either Aquino or McGladrey had day-to-day involvement in the operation of SFC; that Aquino or McGladrey received anything other than regular accounting and auditing fees; or that Aquino or McGladrey had control or dominion over the company.

To be an insider, one must be akin to a control position and have something resembling daily responsibility for the debtor's operations. *See Oakwood Homes*, 2006 WL 864843, at *9 (to determine whether defendant qualifies as a non-statutory insider, "courts have focused on the closeness between the transferee and the debtor, the degree of control or influence the transferee exerts over the debtor, and whether the transactions were conducted at arm's length"). As SFC's independent outside accountants and auditor, neither Aquino or McGladrey falls into that category.[6]

Indeed, the cases cited by the Trustee demonstrate that, under any standard, the independent accountants are not insiders. Several of the cases relied on by the Trustee involved defendants who were in obvious control positions such as officers and directors of the debtor, or did in fact exercise control over the debtor. *See Official Comm. of Unsecured Creditors v. Shapiro*, No. 99-526, 2001 WL 1468250, at *1 (E.D. Pa. Nov. 16, 2001) (officers and directors of debtor); *In re KDI Holdings, Inc.*, 277 B.R. 493, 499-500 (Bankr. S.D.N.Y. 1999) (loans made from defendants to debtor and close familial relationship); *In re ABC Elec. Servs., Inc.*, 190 B.R. 672, 674 (Bankr. M.D. Fla. 1995) (contractual right to seize operational and financial control of

---

[6]    Additionally, neither Aquino nor McGladrey qualify as a statutory insider. Bankruptcy Code Section 101(31)(B) lists six categories of persons who may be considered insiders of a debtor corporation: (i) directors of the corporation; (ii) officers of the corporation; (iii) persons in control of the debtor; (iv) a partnership in which the debtor is a general partner; (v) the general partnership of the debtor; and (vi) relatives of a general partner, director, officer, or person in control of the debtor. Independent outside accountants are not listed. Nor would they be.

12

debtor); *In re Ingleside Assocs.*, 136 B.R. 955, 961 (Bankr. E.D. Pa. Feb. 20, 1992) (parties that controlled debtor also controlled insiders).

Other cases cited by the Trustee arose from familial-like relationships in the personal bankruptcy context. *See In re Demko*, 264 B.R. 404, 408-09 (Bankr. W.D. Pa. July 19, 2001) (debtor and insider had cohabited for years, insider loaned money to debtor, and debtor and insider had authority to write checks drawn on the other's account); *In re Montanino*, 15 B.R. 307, 310-11 (Bankr. D.N.J. 1981) (debtor's fiancée's parents were insiders). And, in *In re Granite Partners, L.P.*, 194 B.R. 318 (Bankr. S.D.N.Y. 1996), the court granted a motion to dismiss on the basis of *in pari delicto*. In doing so, the court rejected arguments that certain brokers were insiders of the debtor notwithstanding that such brokers had significantly greater connections to the debtor than anything alleged here. *See id.* at 332.[7]

The Trustee appears to argue that allegations of complicity in SFC's wrongful conduct may be sufficient to confer insider status. Yet, if the Trustee's position were correct, every independent outside accountant accused of wrongdoing by a debtor would be an insider, and the exception to the *in pari delicto* doctrine would subsume the rule. Even if Defendants somehow committed professional malfeasance (something Defendants strongly deny), that does not create

---

[7]    The Trustee highlights language from the Court's opinion in *Stanziale v. Pepper Hamilton*, 335 B.R. 539, holding that the Trustee's complaint "includes numerous factual allegations in support of [the Trustee's] contention" that Roderick Gagne and Pepper Hamilton were SFC insiders. (Opp., p. 20). The allegations of insider status in the Pepper Hamilton case, whether true or not, are not comparable. In that case, the Trustee alleged Roderick Gagné, a partner at Pepper Hamilton, "became part of the fabric of SFC" and that his "interests became intertwined with those of SFC" (Ex. A, ¶ 33); that Gagné's uncle regularly funded Yao's enterprises (¶ 34); that a Pepper paralegal operated as Assistant Secretary of SFC (¶ 30); that "members of Gagné's family and trusts for which Gagné served as trustee made sizeable loans to SFC" (¶ 73); that Pepper "purportedly represent[ed] SFC" with regard to these loan transactions (¶ 76); and that, following the collapse of SFC, "Gagné . . . arranged with Yao to elevate the Family's interests above that of SFC and its other investors and creditors" (¶ 150), which led Yao to "pledge[] his interests in several related business entities . . . to the Family" (¶ 154). No such allegations are made with respect to Aquino or McGladrey.

DM3\359013.1

insider status. *See Dressel Assocs. v. Beaver Valley Builder's Supply, Inc.,* 177 B.R. 507, 514

(Bankr. W.D. Pa. 1995) (failing to find insider status even though individual had "extensive

involvement" with the company).

## CONCLUSION

For the reasons discussed above and in Defendants' opening Memorandum of Law, the

Trustee's professional malpractice claim should be dismissed.

Dated:  April 28, 2006

DUANE MORRIS LLP

By: _Michael R Lastowski_

Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246
Phone:  302-657-4951
Fax:  302-657-4901

-and-

ARNOLD & PORTER LLP
Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY  10022
Phone:  212-715-1000
Fax:  212-715-1399

Attorneys for McGladrey & Pullen, LLP
and Michael Aquino

WILLIAMS & CONNOLLY LLP
Steven M. Farina
Thomas H.L. Selby
Amber M. Mettler
725 12th Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:  202-434-5029

Counsel for Defendant McGladrey &
Pullen, LLP

14