IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>STUDENT FINANCE CORPORATION,<br>      Debtor. | Chapter 7<br><br>Case No. 02-11620 (DDS) |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT<br>FINANCE CORPORATION,<br>      Plaintiff,<br><br>      v.<br><br>McGLADREY & PULLEN, LLP and<br>MICHAEL AQUINO,<br>      Defendants. | Adversary Proceeding No. 04-58003<br><br>District Court Case No. 1:05-cv-00072-JJF |

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS THE TRUSTEE'S AMENDED COMPLAINT IN PART**

DUANE MORRIS LLP
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

ARNOLD & PORTER LLP
Richard P. Swanson
Veronica E. Rendon
Jason M. Butler
399 Park Avenue
New York, NY 10022

WILLIAMS & CONNOLLY LLP
Steven M. Farina
Thomas H.L. Selby
Amber M. Mettler
725 12th Street, N.W.
Washington, D.C. 20005

Date: July 6, 2006

DM3\378262.1

Phone: 212-715-1000
Fax: 212-715-1399

Attorneys for McGladrey & Pullen, LLP
and Michael Aquino

Phone: 202-434-5000
Fax: 202-434-5029

Counsel for Defendant McGladrey &
Pullen, LLP

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF THE PROCEEDINGS ...................................................................................2

ARGUMENT.................................................................................................................................3

    THE THIRD CIRCUIT'S DECISION IN *SEITZ* REQUIRES THAT THE
    TRUSTEE'S PROFESSIONAL MALPRACTICE CLAIM BE DISMISSED...................3

CONCLUSION..............................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

## CASES

*Official Committee of Unsecured Creditors v. Lafferty*,
    267 F.3d 340 (3d Cir. 2001).............................................................................................1, 3

*Seitz v. Detweiler, Hershey, & Assocs. (In re CitX Corp.)*,
    448 F.3d 672 (3d Cir. 2006)........................................................................................1, 3, 4, 5

*Stanziale v. McGladrey & Pullen LLP*,
    334 B.R. 776, 779 (D. Del. 2005)..........................................................................................5

Defendants McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino ("Aquino") submit, by leave of Court, this supplemental memorandum in further support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss in part the amended complaint ("Amended Complaint") of Charles A. Stanziale, Jr., the Chapter 7 Trustee (the "Trustee") of Student Finance Corporation ("SFC").

## PRELIMINARY STATEMENT

After all of the tort claims were dismissed from his original complaint, the Trustee filed an Amended Complaint against McGladrey and Aquino in which he added a single tort cause of action for professional malpractice (as well as two fraudulent transfer causes of action). On February 27, 2006, McGladrey and Aquino moved to dismiss the professional malpractice claim on the basis of the text-book application of *in pari delicto*, as discussed by the Third Circuit in *Official Comm. of Unsecured Creditors v. Lafferty*, 267 F.3d 340 (3d Cir. 2001). Because SFC was the central tortfeasor underlying SFC's purported fraud, the Trustee, who steps into the shoes of SFC, cannot sue McGladrey and Aquino for purportedly participating in that fraud. McGladrey's and Aquino's motion to dismiss on the basis of *in pari delicto* is fully submitted and pending decision by this Court.

On May 26, 2006, the Third Circuit issued another opinion which is fatal to the Trustee's professional malpractice claim, and provides even further basis for its dismissal. In *Seitz v. Detweiler, Hershey and Associates, P.C. (In re CitX Corp.)*, 448 F.3d 672 (3d Cir. 2006), the Third Circuit held that a bankruptcy trustee cannot seek damages for the "deepening insolvency" of the debtor under a professional malpractice claim. Since "deepening insolvency" damages are

the sole type of damages sought by the Trustee under his professional malpractice claim, under *Seitz*, the claim must be dismissed.

## STATEMENT OF THE PROCEEDINGS

On December 22, 2004, the Trustee initiated this action by filing an adversary proceeding in the United States Bankruptcy Court for the District of Delaware. On March 2, 2005, this Court granted McGladrey's and Aquino's uncontested motion to withdraw the reference of the adversary proceeding from the United States Bankruptcy Court to the United States District Court for the District of Delaware.

The Trustee's original complaint purported to assert five tort claims against McGladrey and Aquino, and two fraudulent transfer claims against McGladrey. The tort claims included: (1) aiding and abetting fraud; (2) fraud; (3) fraudulent concealment; (4) aiding and abetting breach of fiduciary duty; and (5) negligent misrepresentation.

On March 1, 2005, McGladrey and Aquino moved to dismiss the original complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On December 20, 2005, the Court issued a Memorandum Opinion and Order granting in part and denying in part that motion. In its decision, the Court dismissed all of the Trustee's tort claims against McGladrey and Aquino, leaving only the two fraudulent transfer claims against McGladrey.

On January 23, 2006, the Trustee filed an Amended Complaint, which set forth three new claims: a professional malpractice claim brought against McGladrey and Aquino (Count VI); and two fraudulent transfer claims against McGladrey (Counts IX and X). On February 27, 2006, McGladrey and Aquino moved to dismiss the Trustee's professional malpractice claim under the well-settled principles of *in pari delicto*. That motion, which was fully submitted on April 28, 2006, is *sub judice*.

2

On June 9, 2006, this Court entered an order granting defendant Pepper Hamilton leave to move for relief based on the *Seitz* case, and further granted McGladrey and Aquino leave to join Pepper Hamilton's motion and file their own submissions, as appropriate. McGladrey and Aquino join in Pepper Hamilton's Omnibus Brief In Support of Motions for Judgment on the Pleadings in Light of New Third Circuit Authority, and submit this Supplemental Memorandum of Law in further support of their motion to dismiss the Trustee's professional malpractice claim.

## ARGUMENT

### THE THIRD CIRCUIT'S DECISION IN *SEITZ* REQUIRES THAT THE TRUSTEE'S PROFESSIONAL MALPRACTICE CLAIM BE DISMISSED

The Third Circuit has issued two decisions fatal to the Trustee's professional malpractice claim. While the Third Circuit's application of the *in pari delicto* doctrine in *Lafferty* bars the Trustee from suing McGladrey and Aquino for purportedly assisting in SFC's fraud, the Third Circuit's recent decision in *Seitz* bars the Trustee from seeking damages under his professional malpractice claim for the "deepening insolvency" of SFC. Since that is the sole theory of damages articulated in the Trustee's complaint, dismissal is appropriate.

The facts of *Seitz* are directly on point. An accounting firm was sued by a bankruptcy trustee for allegedly negligently compiling financial statements that were used by the debtor corporation to conduct a "Ponzi scheme." 448 F.3d at 674. The trustee claimed that the accountants' malpractice enabled the debtor to raise capital from third parties and incur more debt, which "deepened the insolvency" of the debtor. *Id.* at 677. The Third Circuit rejected this theory of damages under a professional malpractice claim, holding that "deepening insolvency" is a separate cause of action under Pennsylvania law, not "a novel theory of damages for an independent cause of action like malpractice." *Id.*

3

Under *Seitz,* the Trustee's professional malpractice claim should be dismissed. The Trustee's sole theory of damages is based on the "deepening insolvency" of SFC, which was rejected by the *Seitz* Court. In his Amended Complaint, the Trustee alleges that "SFC promoted the alleged fact that its [student] default rates did not exceed 20% and used this statistic to lure creditors. . . . In fact, however, SFC's business was a Ponzi-like scheme." Am. Compl. ¶¶ 2, 3. Regarding McGladrey and Aquino, the Trustee alleges that, "Essential to SFC's officers and directors' Ponzi-plan was that SFC have legitimate-seeming financial reports and that those reports hide the core of SFC's fraud. These reports were the bait SFC used to lure unsuspecting creditors and investors to the scheme." *Id.* ¶ 4. The Trustee concludes:

> Investors and creditors doing business with SFC were deceived by the apparent health of the company as represented by McGladrey's false [financial] Reports and continued to invest in SFC student loans and transact business with SFC as if it were a legitimate business. In the period of time between when McGladrey issued its false and misleading reports and continued to invest in SFC's collapse, SFC's creditors extended hundreds of millions of dollars in credit to SFC. In certifying various SFC financial reports ... McGladrey played a knowing, calculated and direct role in perpetuating the SFC Ponzi scheme and in assisting SFC's officers and directors to defraud SFC's creditors and to deepen SFC's insolvency while delaying the inevitable bankruptcy filing.

*Id.* ¶ 6. *See also, e.g., id.* ¶ 34 ("McGladrey, by providing the necessary assistance in maintaining the appearance of SFC as a healthy, going concern . . . aided and abetted SFC's officers' and directors' inducement of investors and other creditors to continue to do business with SFC and thus increased its indebtedness and damage to SFC's creditors"); ¶ 78 ("McGladrey's misleading Audit Report offered SFC's officers and directors the ability to sustain SFC as a going concern for approximately another year while SFC deepened its insolvency"); and ¶ 117 ("As a direct and proximate and foreseeable result of the foregoing acts

4

and omissions SFC was ultimately driven into insolvency and operated well beyond the point of insolvency and resulting in SFC's bankruptcy"). Since the Trustee fails to allege SFC suffered any legally-cognizable damages, the professional malpractice claim must be dismissed. *See Seitz*, 448 F.3d at 677.[1]

Moreover, as held in *Seitz*, dismissal is appropriate because even assuming that the audited financial statements issued by McGladrey allowed SFC to raise money from investors, that did not deepen SFC's insolvency, it lessened it. The fact that SFC's management purportedly took wrongful actions with the money it obtained from the investors is not something for which McGladrey and Aquino may be held responsible. As stated by the Third Circuit in *Seitz*:

> The crux, then, is the claim that the $1,000,000 equity investment allowed CitX to exist long enough for its management to incur millions more in debt. But that looks at the issue through hindsight bias. As noted, the equity investment was hardly harmful to CitX. Its management surely misused the opportunity created by that investment; that was unfortunate. But they could have instead used that opportunity to turn the company around and transform it into a profitable business. They did not, and therein lies the harm to CitX.

*Id.* at 677-78. For this separate and independent reason, the Trustee's professional malpractice claim should be dismissed.

---

[1] Although the Trustee also alleges that Defendants' negligence injured SFC's creditors (*see* Am. Compl. ¶ 118), this Court has already held that the Trustee lacks standing to pursue damages on behalf of SFC's creditors. *See Stanziale v. McGladrey & Pullen LLP*, 334 B.R. 776, 779 (D. Del. 2005).

## CONCLUSION

For the reasons set forth above, and in Pepper Hamilton's Omnibus Brief in Support of Motions for Judgment on the Pleadings in Light of New Third Circuit Authority (which is incorporated herein by reference), as well as in McGladrey's and Aquino's original Motion to Dismiss the Trustee's Amended Complaint In Part, the Trustee's professional malpractice claim should be dismissed.

Dated: July 6, 2006

DUANE MORRIS LLP

By: _____
Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Phone: 302-657-4951
Fax: 302-657-4901

-and-

| ARNOLD & PORTER LLP | WILLIAMS & CONNOLLY LLP |
|---|---|
| Richard P. Swanson | Steven M. Farina |
| Veronica E. Rendon | Thomas H.L. Selby |
| Jason M. Butler | Amber M. Mettler |
| 399 Park Avenue | 725 12th Street, N.W. |
| New York, NY 10022 | Washington, D.C. 20005 |
| Phone: 212-715-1000 | Phone: 202-434-5000 |
| Fax: 212-715-1399 | Fax: 202-434-5029 |
| Attorneys for McGladrey & Pullen, LLP and Michael Aquino | Counsel for Defendant McGladrey & Pullen, LLP |