IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | |
| : | Chapter 7 |
| STUDENT FINANCE CORPORATION, : | |
| : | Bankruptcy Case No.02-11620(DDS) |
| Debtor. : | |
| : | |
| CHARLES A. STANZIALE, JR., : | |
| CHAPTER 7 TRUSTEE OF STUDENT : | |
| FINANCE CORPORATION, : | |
| : | Adversary No. 04-58003 |
| Plaintiff, : | |
| : | District Case No. 05-00072-JJF |
| v. : | |
| : | |
| McGLADREY & PULLEN, LLP, and : | |
| MICHAEL AQUINO, : | |
| : | |
| Defendants. : | |

Michael S. Waters, Esquire, Lois H. Goodman, Esquire, Donald J Crecca, Esquire, and Candice E. Chesson, Esquire, of McELROY, DEUTSCH, MULVANEY, & CARPENTER LLC, Newark, New Jersey; Daniel K. Astin, Esquire and Ashley B. Stitzer, Esquire of THE BAYARD FIRM LLP, Wilmington, Delaware.

Attorneys for Plaintiff Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corporation.

Richard P. Swanson, Esquire, Veronica E. Rendon, Esquire and Jason M. Butler, Esquire of ARNOLD & PORTER LLP, New York, New York; Michael R. Lastowski, Esquire and Christopher M. Winter, Esquire of DUANE MORRIS LLP, Wilmington, Delaware.

Attorneys for Defendants McGladrey & Pullen, LLP and Michael Aquino.

Steven M. Farina, Esquire, Thomas H.L. Selby, Esquire, and Amber M. Mettler, Esquire of WILLIAMS & CONNOLLY LLP, Washington, D.C..

Attorneys for Defendants McGladrey & Pullen.

**MEMORANDUM OPINION**

August _10_, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Dismiss In Part Pursuant To Fed. R. Civ. P. 12(b)(6) filed by Defendants, McGladrey & Pullen, LLP and Michael Aquino (D.I. 52). Defendants seek to dismiss the professional malpractice claim in Count VI of the Trustee's Amended Complaint (D.I. 48) on the grounds that the claim is barred by the affirmative defense of in pari delicto. For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

Charles A. Stanziale, Jr., Chapter 7 Trustee (the "Trustee") of Student Finance Corporation ("SFC"), filed a claim against Defendants, McGladrey & Pullen, LLP ("McGladrey") and Michael Aquino ("Aquino"), for professional malpractice. (D.I. 48). The Trustee asserts the claim in the Amended Complaint pursuant to Section 541 of the United States Bankruptcy Code.

SFC is a Pennsylvania corporation currently in Chapter 7 bankruptcy proceedings. McGladrey was SFC's independent accountant and auditor and Aquino was one of McGladrey's accountants. Aquino was retained by SFC in 1998 to perform auditing and accounting services. Although Aquino changed employers several times, he consistently provided these services to SFC and continuously represented the corporation through at least 2001. (D.I. 48 at 15.) McGladrey employed Aquino from approximately 2000 through the present. Id. The Trustee

1

contends that Aquino's knowledge that SFC's business was a Ponzi-like scheme should be imputed to McGladrey, and that both McGladrey and Aquino are liable for professional malpractice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or reach a conclusion about the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on a motion to dismiss, a court must accept the factual allegations in the complaint as true. Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1991). A court also accepts as true all reasonable inferences that may be drawn from the complaint in the light most favorable to the non-moving party. Schrob v. McKeithen, 948 F.2d 1402, 1405 (3d Cir. 1991). However, the court need not credit a complaint's legal conclusions or bald assertions when deciding the motion. Morse v. Lower Merion School District, 1332 F.3d 902, 906 (3d Cir. 1997). The burden lies with the moving party to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). Courts are hesitant to dismiss claims at the pleadings stage that could be better examined following

development of facts through discovery.  Dismissal of the complaint is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Graves,117 F.3d at 726.

## DISCUSSION

### I. The Parties' Contentions

In Count VI of the Amended Complaint, the Trustee alleges that Defendants, as accountants to SFC, breached their contractual obligations to SFC and failed to exercise necessary, proper and ordinary skill and knowledge required of members of the accounting profession.  (D.I. 28 at 33.)  Specifically, the Trustee contends that creditors and investors were deceived by reports issued by Defendants and continued to invest and transact with SFC as if it were a legitimate business.  (D.I. 48 at 5.) The Trustee further alleges that the foregoing breaches of Defendants' professional duties proximately caused SFC's insolvency and resulting bankruptcy.  Id.  By their Motion, Defendants contend that the Trustee's professional malpractice claim should be dismissed because it is barred by the doctrine of in pari delicto.  (D.I. 53 at 7.)  Defendants argue that SFC, cannot sue Defendants for participating in a fraud of SFC's own making. Id.

In response, the Trustee claims the affirmative defense of in pari delicto is only available when both parties are equal in

3

fault and the defense will not protect the Defendants here, because they bear greater fault in the wrongdoing. (D.I. 57 at 9.) The Trustee also contends that upon further discovery Aquino may be found to have operated as an insider of SFC and, therefore, may be precluded from asserting in pari delicto as a defense to the professional malpractice claim. (D.I. 57 at 19.)

In reply to the Trustee's contentions, Defendants argue that the doctrine of in pari delicto does not require the court to balance the relative fault of the parties. (D.I. 58 at 2.) Defendants further contend that the Trustee has not sufficiently alleged that Aquino was an insider of SFC in his Amended Complaint. (D.I. 58 at 11.)

## II. Analysis

In pari delicto is an equitable doctrine providing "that a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 354 (3d Cir. 2001). The Third Circuit has held that the doctrine may be applied to bar a bankruptcy trustee, who stands in the shoes of the wrongdoing debtor, from bringing an action under section 541 against a third party defendant who participated in the same wrongdoing. Id. at 360. In pari delcito is an affirmative defense that a court generally should not consider on a motion to dismiss. In re Oakwood Home Corp., 340 B.R. 510

4

(Bankr. D. De. 2006).  However, where the affirmative defense appears on the face of the complaint, a court may properly grant dismissal.  Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) (quoting ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).  Furthermore, the in pari delicto defense will not operate to bar claims made against insiders of the debtor corporation.  Official Committee of Unsecured Creditors v. William Shapiro, No 99-526, slip op. at *1, 2001 WL 1468250 (E.D. Pa. 2001) (citing In re Granite Partners, L.P., 194 B.R. 318, 332 (S.D.N.Y 1996)).  "Any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny may qualify as an 'insider.'" In re Karen Louise Demko,  264 B.R. 404, 408 (Bankr. W.D. Pa. 2001) (citing Butler v. David Shaw, Inc., 72 F.3d 437, 443 (4th Cir. 1996)).  Whether an individual qualifies as an insider is a fact intensive inquiry and should be decided only on a case-by-case basis.  In re Karen Louise Demko, 264 B.R. at 408 (citing In re ABC Electric Services, Inc., 190 B.R. 672, 675 (Bankr. M.D. Fla. 1995)).

Reviewing the allegations of the Complaint in the light most favorable to the Trustee, as the Court must do on a motion to dismiss, the Court concludes that the affirmative defense of in pari delicto is not apparent on the face of the complaint.  The Court is further persuaded that the allegations of the Complaint

5

give rise to a possible inference that Aquino acted as an insider such that the affirmative defense of in pari delicto may not bar claims against Aquino. The Trustee alleged that Aquino was aware of SFC's fraudulent scheme as early as 1998 but continued to work closely with the corporation and was actively involved in the preparation and validation of its allegedly misleading financial reports. (D.I. 57 at 21.) The Trustee, as the Plaintiff in this action, is not required to "contemplate and plead in anticipation of all affirmative defenses" that may lie against him. In re OOCD, LLC, 321 B.R. 128, 137 (Bankr. D. Del. 2005) (citing In re Exide Technologies, Inc., 299 B.R. 732, 752 (Bankr. D. Del. 2005)). Therefore, it is of no consequence that the Trustee did not specifically raise the factual issue as to Aquino's possible "insider status" in the Amended Complaint. In addition, the Court agrees with the Trustee that further discovery may reveal information related to the Trustee's allegations that Aquino operated as an insider of SFC, which would consequently bar him from asserting in pari delicto as an affirmative defense. Given the early stage of this litigation and the nature of the allegations alleged in the Complaint, the Court concludes that the Trustee must have the opportunity to develop claims. Whether Aquino's relationship with SFC was sufficiently close so as to subject the relationship to scrutiny is a fact intensive inquiry that can be addressed after the factual record has been

developed.  Accordingly, the Court will deny Defendant's Motion To Dismiss with respect to Count VI of the Trustee's Amended Complaint.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion To Dismiss.

An appropriate order will be entered.

7