## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| **STUDENT FINANCE CORPORATION,** | )    **Chapter 7** |
| | ) |
| Debtor, | )    **Case No. 02-11620 (KJC)** |
| | ) |
| | ) |
| | ) |
| | ) |
| **CHARLES A. STANZIALE, JR.,** | ) |
| **CHAPTER 7 TRUSTEE OF STUDENT** | ) |
| **FINANCE CORPORATION,** | ) |
| | )    **C.A. No. 05-72-JJF** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MCGLADREY & PULLEN, LLP, and** | ) |
| **MICHAEL AQUINO,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF MCGLADREY & PULLEN, LLP

Defendant McGladrey & Pullen, LLP ("Defendant"), by and through its attorneys,

answers the Amended Complaint in this action, dated January 23, 2006 as follows.  Pursuant to

the Court's Order dated December 20, 2005, which granted Defendants' Motion to Dismiss as to

Counts I, II, III, IV, and V of Plaintiff's Complaint, there is no obligation to answer Counts I, II,

III, IV, and V of Plaintiff's Amended Complaint.   Any allegation not specifically admitted is

denied, including without limitation all allegations about which Defendant lacks knowledge or

sufficient information to form a belief as to the truth or falsity.

## Introduction

1.        Defendant denies the allegations of ¶ 1, except admits that it rendered an opinion on SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000, and issued Independent Accountants Reports performed pursuant to Agreed Upon Procedures on certain Grantor Trusts.

2.        Defendant denies the allegations of ¶ 2, except states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning other parties.

3.        Defendant denies the allegations of ¶ 3.

4.        Defendant denies the allegations of ¶ 4.

5.        Defendant denies the allegations of ¶ 5.

6.        Defendant denies the allegations of ¶ 6.

## Jurisdiction and Venue

7.        Defendant admits the allegations of ¶ 7.

8.        The allegations contained in ¶ 8 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations. Defendant further notes that pursuant to the Court's Memorandum Opinion dated December 20, 2005, the Trustee lacks standing to bring tort claims under 11 U.S.C. § 544(a).

9.        Defendant admits the allegations of ¶ 9.

**The Parties**

10.        Defendant admits the allegations of ¶ 10.

11.        Defendant denies the allegations of ¶ 11, except admits that McGladrey & Pullen, LLP is an Iowa accounting firm headquartered in Bloomington, Minnesota.

12.        Defendant denies the allegations in ¶ 12, except admits that Aquino is a resident of the State of Pennsylvania.

13.        Defendant admits the allegations of ¶ 13.

14.        Defendant admits the allegations of ¶ 14.

15.        Defendant admits the allegations of ¶ 15.

**Factual Background**

16.        Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 16, except admits that SFC originated or purchased loans to students enrolled at truck-driving schools and other schools.

17.        Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 17.

18.        Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 18, except admits that SFC engaged in securitization transactions.

19.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 19, except admits that SFC obtained warehouse credit facilities and engaged in the business of originating and purchasing student loans, and refers to the transaction documents for an accurate description of their contents.

20.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 20, but admits that SFC engaged in securitization transactions involving the issuance of certificates or notes to investors, and refers to the transaction documents for an accurate description of their contents.

21.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 21, except admits that notes and certificates were sold to investors in private placement transactions for which private placement memoranda ("PPMs") were issued and refers to the transaction documents and PPMs for an accurate description of their contents.

22.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 22, except admits that SFC obtained certain credit risk insurance policies.

23.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 23, except admits that the warehouse loans were paid down by proceeds obtained from the securitization of student loans.

24.      Defendant denies the allegations of ¶ 24, except admits that SFC and affiliated entities serviced certain student loans, and states that it lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the allegation that participants in the SFC program participated on the assumption that there would be a default rate of approximately 20% or less on the student loans.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 25.

26.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 28.

29.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 30.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 31.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 32.

33.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 33.

34.      Defendant denies the allegations of ¶ 34.

35.      The allegations of ¶ 35 constitute a summary and characterization of the American Institute of Certified Public Accountants ("AICPA") Code of Professional Conduct and the standards promulgated by the AICPA Auditing Standards Board ("ASB") as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to the AICPA Code of Professional Conduct and the standards promulgated by the ASB for a complete and accurate statement of their contents.

36.      The allegations of ¶ 36 constitute a summary and characterization of the AICPA Code of Professional Conduct Rule 202 and the standards promulgated by the ASB as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to the standards promulgated by the ASB and AICPA Code of Professional Conduct Rule 202 for a complete and accurate statement of their contents.

37.      The allegations of ¶ 37 constitute a summary and characterization of the AICPA Professional Standards and the GAAS standards as to which no response is required. To the extent a response is required, the allegations are denied, and the Defendant refers to the GAAS standards and the AICPA Professional Standards for a complete and accurate statement of their contents.  Defendant admits that it rendered an opinion on SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 and refers to a copy of the opinion for a complete and accurate statement of its contents; Defendant further admits that it prepared Independent Accountant Reports pursuant to Agreed Upon Procedures

on certain trusts, and refers to a copy of those reports for a complete and accurate statement of their contents.

38.    The allegations of ¶ 38 constitute a summary and characterization of the GAAS auditing standards as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to the GAAS auditing standards for a complete and accurate statement of their contents.

39.    The allegations of ¶ 39 constitute a summary and characterization of the GAAS auditing standards as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to the GAAS auditing standards for a complete and accurate statement of their contents.

40.    The allegations of ¶ 40 constitute a summary and characterization of the AICPA Professional Standards and the GAAS standards as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to the AICPA Professional Standards and the GAAS standards for a complete and accurate statement of their contents.

41.    The allegations of ¶ 41 constitute a summary and characterization of AU § 333 as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to AU § 333 for a complete and accurate statement of their contents.

42.    Defendant denies the allegations contained in ¶42, except to the extent that the allegations of ¶ 42 constitute a summary and characterization of AU § 110 and AU § 316

for which no response is required.  To the extent a response is required, those allegations are also denied, and Defendant refers to AU §110 and AU § 316 for a complete and accurate statement of their contents.

43.     The allegations of ¶ 43 constitute a summary and characterization of the GAAS standards as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to the GAAS standards for a complete and accurate statement of their contents.

44.     The allegations of ¶ 44 constitute a summary and characterization of AU § 312 as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to AU § 312 for a complete and accurate statement of their contents.

45.     The allegations of ¶ 45 constitute a summary and characterization of AU § 312 as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to AU § 312 for a complete and accurate statement of their contents.

46.     The allegations of ¶ 46 constitute a summary and characterization of AU § 312  as to which no response is required.  To the extent a response is required, the allegations are denied, and Defendant refers to AU § 312 for a complete and accurate statement of their contents.

47.     Defendant denies the allegations of ¶ 47.

48.      The allegations of ¶ 48 constitute a summary and characterization of Paragraph 41 of Statement on Auditing Standards No. 75, as to which no response is required. To the extent a response is required, the allegations are denied, and Defendant refers to Paragraph 41 of Statement on Auditing Standards No. 75 for a complete and accurate statement of its contents.

49.      Defendant denies the allegations of ¶ 49.

50.      Defendant denies the allegations of ¶ 50, except to the extent to which the allegations of ¶ 50 constitute a summary and characterization of AU § 341, for which no response is required. To the extent a response is required, the allegations are denied, and the Defendant refers to AU § 341 for a complete and accurate statement of its contents.

51.      Defendant denies the allegations of ¶ 51, except Defendant admits that Aquino worked on the SFC engagement during the years 1998 through 2001. Defendant further admits that Aquino changed employers during the 1998 through 2001 time period.

52.      Defendant denies the allegations of ¶ 52.

53.      Defendant denies the allegations of ¶ 53.

54.      Defendant denies the allegations of ¶ 54.

55.      Defendant lacks the knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of ¶ 55, except denies the allegations as they apply to it.

56.     Defendant denies the allegations of ¶ 56, except admits that draft AUP reports were sent to SFC, and refers to the draft reports for a complete and accurate statement of their contents.

57.     Defendant denies the allegations of ¶ 57, except admits that it rendered an opinion on SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 and refers to the report for a complete and accurate description of its contents.

58.     Defendant denies the allegations of ¶ 58.

59.     Defendant denies the allegations of ¶ 59, excepts admits that it rendered an opinion on SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000, and that Section 2 of the Notes to SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 was titled "Receivables and Allowance for Credit Losses," and refers to the report for a complete and accurate description of its contents.

60.     Defendant denies the allegations of ¶ 60.

61.     Defendant denies the allegations of ¶ 61.

62.     Defendant denies the allegations of ¶ 62, excepts states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning other parties.  Further, Defendant admits that it rendered an opinion on SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000, and that the Notes to SFC's Report on Consolidated Financial Statements for the year ended

December 31, 2000 contained a section titled "Securitization and Retained Beneficial Interest," and refers to the report for a complete and accurate description of its contents.

63.        Defendant denies the allegations of ¶ 63.

64.        Defendant denies the allegations of ¶ 64, except states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

65.        Defendant denies the allegations of ¶ 65.

66.        Defendant denies the allegations of ¶ 66.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments.  Defendant refers to SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

67.        Defendant denies the allegations of ¶ 67.

68.        Defendant denies the allegations of ¶ 68.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments.  Defendant refers to SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

69.        Defendant denies the allegations of ¶ 69.  SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of

forbearance payments, including a statement in the summary of activity in school reserves that $9,515,841 in "forbearance payments" were made in 2000, and $2,012,190 in "forbearance payments" were made in 1999. Defendant refers to SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

70.      Defendant denies the allegations of ¶ 70. SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments, including a statement in the summary of activity in school reserves that $9,515,841 in "forbearance payments" were made in 2000, and $2,012,190 in "forbearance payments" were made in 1999. Defendant refers to SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

71.      Defendant denies the allegations of ¶ 71.

72.      Defendant denies the allegations of ¶ 72, except admits that Yao and Aquino met on or around May 2, 2000, and refers to the agenda for a complete and accurate statement of its contents.

73.      Defendant denies the allegations of ¶ 73, except states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Diane Messick.

74.      Defendant denies the allegations of ¶ 74, except states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations regarding Diane Messick.  Further, Defendant states that SFC's audited financial statements for the year ended December 31, 2000 disclosed the existence and magnitude of forbearance payments, including a statement in the summary of activity in school reserves that $9,515,841 in "forbearance payments" were made in 2000, and $2,012,190 in "forbearance payments" were made in 1999.  Defendant refers to SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000 for a complete and accurate statement of its contents.

75.    Defendant denies the allegations of ¶ 75.

76.    Defendant denies the allegations of ¶ 76.

77.    Defendant denies the allegations of ¶ 77.

78.    Defendant denies the allegations of ¶ 78, except admits that it rendered an opinion on SFC's Report on Consolidated Financial Statements for the year ended December 31, 2000.

## CAUSES OF ACTION

## COUNT I - AIDING AND ABETTING FRAUD

79.    Defendant incorporates by reference its Answers to ¶ 1 through ¶ 78 of the Complaint as if set forth fully herein.

80. - 84.    Pursuant to the Court's Order dated December 20, 2005, the allegations in ¶ 80 through ¶ 84 of the Complaint have been dismissed and no answer is required.  To the extent an answer is required, the allegations are denied.

## COUNT II - FRAUD

85.    Defendant incorporates by reference its Answers to ¶ 1 through ¶ 84 of the Complaint as if set forth fully herein.

86. - 93.    Pursuant to the Court's Order dated December 20, 2005, the allegations in ¶ 86 through ¶ 93 of the Complaint have been dismissed and no answer is required.  To the extent an answer is required, the allegations are denied.

## COUNT III - FRAUDULENT CONCEALMENT

94.    Defendant incorporates by reference its Answers to ¶ 1 through ¶ 93 of the Complaint as if set forth fully herein.

95. - 98.    Pursuant to the Court's Order dated December 20, 2005, the allegations in ¶ 95 through ¶ 98 of the Complaint have been dismissed and no answer is required.  To the extent an answer is required, the allegations are denied.

## COUNT IV - AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

99.    Defendant incorporates by reference its Answers to ¶ 1 through ¶ 98 of the Complaint as if set forth fully herein.

100. - 104.  Pursuant to the Court's Order dated December 20, 2005, the allegations in ¶ 100 through ¶ 104 of the Complaint have been dismissed and no answer is required.  To the extent an answer is required, the allegations are denied.

## **COUNT V - NEGLIGENT MISREPRESENTATION**

105.  Defendant incorporates by reference its Answers to ¶ 1 through ¶ 104 of the Complaint as if set forth fully herein.

106.- 110.  Pursuant to the Court's Order dated December 20, 2005, the allegations in ¶ 106 through ¶ 110 of the Complaint have been dismissed and no answer is required.  To the extent an answer is required, the allegations are denied.

## **COUNT VI - PROFESSIONAL MALPRACTICE**

Defendant incorporates by reference its Answers to ¶ 1 through ¶ 110 of the Complaint as set forth fully herein.

111.  The allegations of ¶ 111 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

112.  Defendant denies the allegations of ¶ 112(a) - (e).

113.  Defendant denies the allegations of ¶ 113.

114.  Defendant denies the allegations of ¶ 114.

115.  Defendant denies the allegations of ¶ 115.

116.  Defendant denies the allegations of ¶ 116.

117.  Defendant denies the allegations of ¶ 117.

118.  Defendant denies the allegations of ¶ 118.

## COUNT VII - AVOIDANCE OF FRAUDULENT TRANSFERS
### (11 U.S.C. § 548(a)(1)(A))

119.  Defendant incorporates by reference its Answers to ¶ 1 through ¶ 118 of the

Complaint as if set forth fully herein.

120.  Defendant denies the allegations of ¶ 120.

121.  Defendant denies the allegations of ¶ 121.

122.  Defendant denies the allegations of ¶ 122.

123.  Defendant denies the allegations of ¶ 123.

124.  Defendant denies the allegations of ¶ 124.

## COUNT VIII - AVOIDANCE OF FRAUDULENT TRANSFERS
### (11 U.S.C. § 544, 6 Delaware Code § 1304(a)(1))

125.  Defendant incorporates by reference its Answers to ¶ 1 through ¶ 124 of the

Complaint as if set forth fully herein.

126.  Defendant denies the allegations of ¶ 126.

127.  Defendant denies the allegations of ¶ 127.

128.  Defendant denies the allegations of ¶ 128.

129.  Defendant denies the allegations of ¶ 129.

130.  Defendant denies the allegations of ¶ 130.

## COUNT IX - AVOIDANCE OF FRAUDULENT TRANSFERS
## (11 U.S.C. § 548(a)(1)(B))

131.  Defendant incorporates by reference its Answers to ¶ 1 through ¶ 130 of the Complaint as if set forth fully herein.

132.  Defendant denies the allegations of ¶ 132.

133.  Defendant denies the allegations of ¶ 133.

134.  Defendant denies the allegations of ¶ 134.

135.  Defendant denies the allegations of ¶ 135.

136.  Defendant denies the allegations of ¶ 136.

## COUNT X - AVOIDANCE OF FRAUDULENT TRANSFERS
## (11 U.S.C. § 544, 6 Delaware Code § 1304(a)(2))

137.  Defendant incorporates by reference its Answers to ¶ 1 through ¶ 136 of the Complaint as if set forth fully herein.

138.  Defendant denies the allegations of ¶ 138.

139.  Defendant denies the allegations of ¶ 139.

140.  Defendant denies the allegations of ¶ 140.

141.  Defendant denies the allegations of ¶ 141.

142.  Defendant denies the allegations of ¶ 142.

## DEFENSES

Defendant sets forth the following affirmative and other defenses. Defendant does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. Defendant reserves its right to assert in the future such other and further defenses as may become available or apparent during pre-trial proceedings.

### FIRST DEFENSE
(Failure to State a Claim)

143.     The Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE
(Statute of Limitations)

144.     Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and/or statutes of repose.

### THIRD DEFENSE
(Waiver and/or Laches)

145.     Plaintiff's causes of action are barred in whole or in part by the doctrines of laches and waiver.

### FOURTH DEFENSE
(Contributory Negligence and/or Comparative Fault)

146.     Plaintiff's claims are barred in whole or in part by its own contributory negligence and/or comparative fault.

## FIFTH DEFENSE
(Assumption of Risk)

147    Plaintiff's claims are barred in whole or in part because it expressly and impliedly assumed the risk of its alleged damages.

## SIXTH DEFENSE
(Lack of Causation)

148.    Plaintiff's claims fail because Plaintiff cannot show that it has suffered any damages that were actually and proximately caused by Defendant.

## SEVENTH DEFENSE
(Unclean Hands and/or Estoppel)

149.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands and estoppel.

## EIGHTH DEFENSE
(*In Pari Delicto*)

150.    Plaintiff's claims are barred in whole or in part by the doctrine of *in pari delicto*.

## NINTH DEFENSE
(Failure to Mitigate Damages)

151.    Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

## TENTH DEFENSE
(Offset and/or Payment)

152.    To the extent that Plaintiff has received, is entitled to receive, or expects to receive payments from any other source in connection with its alleged lossses, Defendant's obligation to pay is reduced or eliminated in accordance with those payments.

## ELEVENTH DEFENSE
(Fault of Others and/or Offset)

153.        Plaintiff's alleged claims and/or damages were caused by persons and/or entities other than Defendant.  Plaintiff may thus not recover against Defendant. Alternatively, any assessment of liability against Defendant must be reduced in proportion to the relative fault of such other persons and/or entities, whether or not such persons and/or entities have been named in any litigation or proceeding, and whether or not such persons and/or entities have settled with Plaintiff or otherwise have had judgment entered against them.

## TWELFTH DEFENSE
(Lack of Standing)

154.        Plaintiff's claims are barred by its lack of standing to assert them against Defendant.

## THIRTEENTH DEFENSE
(Lack of Privity)

155.        Plaintiff's claims are barred by lack of privity.

## FOURTEENTH DEFENSE
(Res Judicata and/or Collateral Estoppel)

156.        Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

## FIFTEENTH DEFENSE
(Reckless Indifference and/or Intentional Misconduct)

157.        Plaintiff's claims are barred by its own reckless and/or intentional misconduct.

## SIXTEENTH DEFENSE
### (For Value and Good Faith)

158.    Plaintiff's claims are barred in whole or in part because the transfers from

SFC to McGladrey were made "for value and in good faith" pursuant to section 548(c) of the

Bankruptcy Code.


## SEVENTEENTH DEFENSE
### (Pre-emption)

159.    Plaintiff's state law claims are preempted, in whole or in part.

WHEREFORE, Defendant McGladrey & Pullen, LLP denies that Plaintiff is entitled to judgment or damages in any amount whatsoever, and further requests judgment in Defendant's favor along with costs, fees and any further and additional relief which the Court deems just and appropriate.

Dated:  October 26, 2006
        Wilmington, Delaware

/s/ Christopher M. Winter
_____
DUANE MORRIS LLP

Michael R. Lastowski (Bar No. 3892)
Christopher M. Winter (Bar No. 4163)
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246
Phone:  302-657-4951
Fax:  302-657-4901

Counsel for Defendants McGladrey &
Pullen, LLP and Michael Aquino

Of Counsel:

ARNOLD & PORTER LLP

Veronica E. Rendon
Jason M. Butler
Glynn K.  Spelliscy
399 Park Avenue
New York, NY  10022
Phone:  212-715-1000
Counsel for Defendants McGladrey &
Pullen, LLP and Michael Aquino

WILLIAMS & CONNOLLY LLP

Steven M. Farina
Thomas H.L. Selby
Amber M. Mettler
725 12th Street, N.W.
Washington, DC 20005
Phone:  202-434-5000
Counsel for Defendant McGladrey &
Pullen, LLP