222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
Zip Code For Deliveries 19801

# THE BAYARD FIRM
A   T   T   O   R   N   E   Y   S

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS

302-429-4261
maugustine@bayardfirm.com

July 3, 2007

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Room 4209
Lockbox 27
Wilmington, DE  19801

> Re:   Charles A. Stanziale, Jr., Chapter 7 Trustee of Student
> Finance Corporation vs. Pepper Hamilton LLP, *et al*
> Civil Action No. 04-1551 (JJF)

Dear Judge Farnan:

This firm, along with McElroy, Deutsch, Mulvaney & Carpenter, LLP, represents Charles A. Stanziale, Jr. (the "Trustee"), as Chapter 7 Trustee in bankruptcy for Student Finance Corporation ("SFC"). On behalf of the Trustee, we respectfully submit this letter in response to the letters filed by Royal Indemnity Co. ("Royal") on June 26, 2007 and by Pepper Hamilton LLP ("Pepper") on June 29, 2007, with regard to the pending motion to compel production of the SLS server by Mandiant Corporation ("Mandiant").

The Trustee does not disagree with the position voiced by Royal, relating to the interests of SLS in the confidentiality of the information on the server at issue. The Trustee has no control over SLS, which is an independent entity, and is not a party to the bankruptcy. Nor does the Trustee object to the production of non-privileged materials on the server itself.

The Trustee is, however, concerned that privileged communications not be produced by Mandiant. It is readily apparent from prior productions from the SLS server (approximately 16 gigabytes of material) that the server contains privileged communications between the Trustee and his counsel. The Trustee previously waived any privilege relating to the representation of SFC prior to the Trustee's appointment, and

THE BAYARD FIRM

The Honorable Joseph J. Farnan, Jr.
July 3, 2007
Page 2

the only issue is the post-appointment communications with counsel contained on the server.

Review of the communications on the server for privilege is not as simple as Pepper would have the Court believe. Counsel for Royal and Mandiant explained at oral argument in the Southern District that the server contains more than 4,000,000 spam emails alone. In response to questions by Judge Haight, counsel further explained that because the data was compressed and converted to zip files, each document on the server would have to be restored, unarchived and indexed before there could be any review at all. Mandiant estimates that the entire process, including filtering out privileged material, would cost approximately $35-50,000.

The issue with regard to costs is whether the non-privileged information on the server is "readily accessible," as that term is used in Federal Rule 26(b)(2)(B). The Notes of the Advisory Committee on the 2006 amendments to Rule 26(b)(2)(B) expressly recognize that "some sources of electronically stored information can be accessed only with substantial burden and cost. In a particular case, these burdens and costs may make the information on such sources not reasonably accessible." The Notes further provide that "[o]nce it is shown that a source of electronically stored information is not reasonably accessible, the requesting party may still obtain discovery by showing good cause, considering the limitations of Rule 26(b)(2)(C) that balance the costs and potential benefits of discovery. . . . The conditions may also include payment by the requesting party of part or all of the reasonable costs of obtaining information from sources that are not reasonably accessible."

In this case, it has been shown that the information is not reasonably accessible, and the costs should therefore be borne by the requesting party, Pepper. The Trustee respectfully requests that this Court enter an Order requiring that Pepper bear the costs of the production of non-privileged information contained on the SLS server.

Respectfully submitted,

Mary (Meg) E. Augustine
(DE ID No. 4477)

MEA:slc

cc: All Counsel on attached Service List

File No : 30233-2

664189-1