'

# EXHIBIT A

## TRUSTEE-ROYAL-ACCOUNTANTS SETTLEMENT AGREEMENT

SETTLEMENT AGREEMENT ("Trustee-Royal-Accountants Agreement" or "Agreement"), made as of August 10, 2007, by and among:

    a.    Charles A. Stanziale, Jr. ("Mr. Stanziale"), solely in his capacity as the Chapter 7 Trustee (the "Chapter 7 Trustee") of Student Finance Corporation ("SFC" or the "Debtor");

    b.    Royal Indemnity Company, a Delaware corporation ("Royal"); and

    c.    The following entities:

        i.    McGladrey & Pullen, LLP, an Iowa limited liability partnership ("McGladrey");

        ii.    Freed Maxick & Battaglia CPAs PC, a New York professional corporation ("FM&B");

        iii.    Freed Maxick Sachs & Murphy, P.C., a New York professional corporation ("FMS&M"); and

        iv.    Michael Aquino, an individual ("Aquino")

    (McGladrey, FM&B, FMS&M, and Aquino are, collectively, the "Accountants").

(the Chapter 7 Trustee, Royal, and the Accountants are referred to collectively as the "Trustee-Royal-Accountants Settlement Parties").

### WHEREAS:

**A.**    On June 5, 2002, an involuntary case was commenced under Chapter 11 of Title 11 of the United States Bankruptcy Code against SFC, by certain of its creditors, *In re Student Finance Corp.*, No. 02-11620 (United States Bankruptcy Court, District of Delaware) (the "Bankruptcy Case"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On September 29, 2003, the Bankruptcy Court appointed Charles A. Stanziale, Jr. as Chapter 11 trustee ("Chapter 11 Trustee").

**B.**    On November 14, 2003, the Bankruptcy Court entered an Order converting the Bankruptcy Case to Chapter 7, and on November 20, 2003, the Bankruptcy Court appointed Mr. Stanziale as Chapter 7 Trustee.

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

**C.**    The Bankruptcy Case remains pending in the Bankruptcy Court under Chapter 7 with Mr. Stanziale as Chapter 7 Trustee.

**D.**    On or about March 18, 2005, Royal commenced an action entitled *Royal Indemnity Company v. Pepper Hamilton LLP et al.*, Civ No. 05-165-JJF (United States District Court, District of Delaware) (the "Royal-Accountants Action") in the United States District Court, District of Delaware (the "District Court"). Each of the Accountants is a defendant in the Royal-Accountants Action, which remains pending in the District Court.

**E.**    On or about December 12, 2004, the Chapter 7 Trustee commenced an adversary proceeding against McGladrey and Aquino, *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. McGladrey & Pullen, LLP et al.*, No. 04-58003-DDS (United States Bankruptcy Court, District of Delaware) (the "Trustee-McGladrey Action") in the Bankruptcy Court. The reference of the Trustee-McGladrey Action to the Bankruptcy Court was subsequently withdrawn, and the Trustee-McGladrey Action remains pending in the District Court, No. 05-72-JJF (District Court).

**F.**    On April 15, 2004, the Chapter 7 Trustee commenced an adversary proceeding against Royal in the Bankruptcy Court, captioned *Charles A. Stanziale, Jr., Chapter 7 Trustee of Student Finance Corp. v. Royal Indemnity Co.*, No. 02-6803 (United States Bankruptcy Court, District of Delaware) (the "Trustee-Royal Action"). The Chapter 7 Trustee and Royal entered into a settlement agreement which was approved by the Bankruptcy Court on October 29, 2004, and which, *inter alia,* resolved the claims in the Trustee-Royal Action. As part of that settlement, the Chapter 7 Trustee and Royal agreed to cooperate with one another in the management of litigation of estate claims, including the Trustee-McGladrey Action.

**G.**    Simultaneously herewith, Royal and the Accountants are entering into a settlement agreement (the "Royal-Accountants Agreement"), the terms of which are confidential, which is contingent upon execution, Bankruptcy Court approval, and consummation of this Trustee-Royal-Accountants Agreement, and which provides, among other things, for payments by the Accountants to Royal in settlement of certain claims in the Royal-Accountants Action.

2

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

**H.**     The Chapter 7 Trustee, Royal, and the Accountants have determined that it is in their mutual interests to amicably resolve all issues between the Chapter 7 Trustee and the Accountants and between Royal and the Accountants, arising out of or relating to SFC including all claims arising out of or in any way relating to (a) Royal's issuance of credit risk insurance policies on SFC student loans, (b) the Accountants' engagements with SFC , and (c) the Accountants' performance of work on behalf of SFC, on the terms and conditions contained herein and in the Royal-Accountants Agreement, without any acknowledgement or admission as to the positions or matters asserted by any of Royal, the Chapter 7 Trustee, or the Accountants in or in connection with the Royal-Accountants Action or the Trustee-McGladrey Action, and without an adjudication on the merits.

NOW, THEREFORE, in consideration of the foregoing and of the mutual undertakings of the Trustee-Royal-Accountants Settlement Parties set out herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Trustee-Royal-Accountants Settlement Parties AGREE AS FOLLOWS:

     **1.**     **Recitals; Definition.**  All recitals set forth above are hereby made part of this Agreement.  The term "Business Day" shall mean any day other than a Saturday, Sunday or other day on which banks in the State of Delaware are required to close.

     **2.**     **Bankruptcy Court Approval.**

       a.     Within seven (7) Business Days after execution of this Agreement, the Chapter 7 Trustee shall file a motion or notice of intended action with the Bankruptcy Court, in a form mutually agreeable to the Trustee-Royal-Accountants Settlement Parties, to approve this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.  The Chapter 7 Trustee is authorized to include a copy of this Agreement with such motion or notice of intended action.

       b.     Such motion or notice of intended action shall request that the Bankruptcy Court enter an approval order, substantially in the form of **Exhibit A** hereto, approving the terms of this Trustee-Royal-Accountants Agreement, authorizing the Chapter 7 Trustee to settle the bankruptcy estate's claims against the Accountants, whether asserted

3

or unasserted, and effecting a bar against contribution and indemnity claims directed at the Accountants as contemplated herein. As used herein "Approval Order" means an order substantially in the form of **Exhibit A** hereto, including without limitation, the contribution bar order.

**3.** **Payment by the Accountants to the Chapter 7 Trustee.**

Within ten (10) Business Days of the execution of this Agreement, the Accountants shall pay or cause to be paid to the Chapter 7 Trustee the sum of Nine Million Dollars ($9,000,000) (the "Trustee Settlement Sum") by wire transfer to JPMorgan Chase Bank, as escrow agent ("JPMorgan Chase, as Escrow Agent"), with which the Trustee-Royal-Accountants Settlement Parties are executing an escrow agreement (the "Escrow Agreement").

**4.** **Dismissal of Claims.**

Within five (5) Business Days of the entry of the Approval Order, the Chapter 7 Trustee and McGladrey and Aquino shall each cause their counsel to execute and deliver to McElroy, Deutsch, Mulvaney & Carpenter, LLP ("McElroy Deutsch"), as Escrow Agent, a Stipulation of Dismissal in the form of **Exhibit B** hereto. McElroy Deutsch, as Escrow Agent shall hold such Stipulation of Dismissal in escrow and shall file such Stipulation of Dismissal on the date upon which the Trustee Settlement Sum, with all interest and other amounts earned thereon, is delivered by JPMorgan Chase, as Escrow Agent, to the Trustee (the "Closing Date").

**5.** **Mutual Releases.**

a.    The releases and other provisions contained in this Section 5 and the subsections hereof shall become effective when the Trustee Settlement Sum is paid into escrow, but may be rescinded in accordance with Section 7 hereof.

b.    **The Chapter 7 Trustee's Release of the Accountants.** The Chapter 7 Trustee, on behalf of the Chapter 7 Trustee, SFC, and the SFC bankruptcy estate, and their respective successors and assigns (the "Chapter 7 Trustee Releasors" and each a

4

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

"Chapter 7 Trustee Releasor") shall and does hereby forever release, remise, acquit and discharge each of the Accountants and all of the past and present shareholders, members, partners, subsidiaries and other affiliates, insurers, heirs, devisees, legatees, executors, administrators and personal representatives of each of them, and the directors, officers, employees, agents, representatives and attorneys of each of them, and the predecessors, successors and assigns of all such persons (the "Accountant Releasees" and each an "Accountant Releasee") from any and all claims, demands, rights, liabilities, suits, actions or causes of action of any and every kind, character or nature whatsoever, in law or in equity, contingent or fixed, known or unknown, suspected or unsuspected, choate or inchoate, and whether asserted or unasserted (including claims for costs, expenses or attorneys' fees), which any of the Chapter 7 Trustee Releasors have or may have or claim to have, now or in the future, against any Accountant Releasees from the beginning of time until the date hereof, that are based upon, relate to, arise out of or are in connection with SFC or its affiliated entities, including Student Loan Servicing, LLC ("SLS") and Student Marketing Services, LLC ("SMS"), including all claims and causes of action that were asserted in the Trustee-McGladrey Action (the "Chapter 7 Trustee Released Claims") *PROVIDED THAT* the following persons and entities are not Accountant Releasees: those persons and entities against whom the Chapter 7 Trustee has made claims in any adversary proceeding or action (other than the Trustee-McGladrey Action), including but not limited to the following actions and proceedings: *Charles A. Stanziale, Chapter 7 Trustee v. Career Path Training Corporation, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-56414 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Andrew N. Yao, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-55218 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Pepper Hamilton LLP, et al*, Civ. Action No. 04-1551-JJF (D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Alexandria Karlsen a/k/a Alexandria Karlsen Wolfe, et al.,* Case No. 02-11620, Adv. Proceeding No. 04-55635 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Franklin Career Services, Inc., et al.,* Case No. 02-11620, Adv. Proceeding No. 04-56416 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Mandalay Corp. d/b/a Mandalay Bay Resort & Casino,* Case No. 02-11620, Adv. Proceeding No. 04-56483 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v SWH Funding,* Case No. 02-11620, Adv.

5

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

Proceeding No. 04-56478 (Bankr. D. Del.), or with whom the Trustee has entered into a tolling agreement. The effect of this release as to persons and entities other than the Chapter 7 Trustee, Royal, and the Accountant Releasees is limited by the provisions of Section 6 hereof.

c. **The Accountants' Release of the Trustee and Certain Others.** Each of the Accountants, on its own behalf and on behalf of its past and present shareholders, members, partners, subsidiaries and other affiliates, and the directors, officers, employees, agents, representatives and attorneys of each of them, and the predecessors, successors and assigns of all such persons, in such capacities (the "Accountant Releasors" and each an "Accountant Releasor"), shall and does hereby forever release, remise, acquit and discharge the Chapter 7 Trustee, both individually and in his capacity as Chapter 7 and Chapter 11 Trustee, his past and present agents, attorneys, retained professionals, employees, representatives, successors, and assigns, as well as SFC, the SFC bankruptcy estate, and its retained processionals, in such capacities, and the predecessors, successors and assigns of all such persons (the "Chapter 7 Trustee Releasees" and each a "Chapter 7 Trustee Releasee") from any and all claims, demands, rights, liabilities, suits, actions or causes of action of any and every kind, character or nature whatsoever, in law or in equity, contingent or fixed, known or unknown, suspected or unsuspected, choate or inchoate, and whether asserted or unasserted (including claims for costs, expenses or attorneys' fees), which any of the Accountant Releasors have or may have or claim to have, now or in the future, against any Chapter 7 Trustee Releasees from the beginning of time until the date hereof, that are based upon, relate to, arise out of or are in connection with SFC or its affiliated entities, including SLS and SMS, including all claims and causes of action that were asserted in the Trustee-McGladrey Action (the "Accountants Released Claims"). The effect of this release as to persons and entities other than the Chapter 7 Trustee Releasees, Royal and the Accountants is limited by the provisions of Section 6 hereof.

d. None of the releases are intended to, or shall be interpreted as, releasing, waiving, or limiting any party's rights to enforce this Agreement.

6

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

    e.    **Definitions.**

        (i)    The Chapter 7 Trustee Releasors and the Accountant Releasors are, collectively, the "Releasors" and each is a "Releasor."

        (ii)    The Chapter 7 Trustee Releasees and the Accountant Releasees are, collectively, the "Releasees" and each is a "Releasee."

        (iii)    The Chapter 7 Trustee Released Claims and the Accountants Released Claims are, collectively, the "Released Claims" and each is a "Released Claim."

    f.    **Releases Include Unknown Claims.**

        (i)    The Chapter 7 Trustee and the Accountants understand and agree that the Released Claims are intended to and do include any and all claims of every nature and kind whatsoever (whether known, unknown, suspected, or unsuspected) that they have, had, or may have, individually or collectively against each other up through and including the execution of this Agreement that arise out of, are connected with, or in any way relate to the facts, claims, issues, allegations or subject matter of the Royal-Accountants Action, the Trustee-McGladrey Action or the Trustee-Royal Action.

        (ii)    The Chapter 7 Trustee and the Accountants further acknowledge that they may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to the Released Claims and agree that, in such event, this Trustee-Royal-Accountants Agreement shall nevertheless be and remain effective in all respects, notwithstanding such different or additional facts.

    g.    **Waiver of Unknown Claims.**  With respect to any and all Released Claims, each Releasor shall expressly waive or be deemed to have waived, and by

7

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

operation of the Approval Order shall have WAIVED the provisions, rights and benefits of California Civil Code § 1542 (to the extent it applies herein), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each Releasor expressly waives, and shall be deemed to have waived, and by operation of the Approval Order shall have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code § 1542.

   h. **Covenant Not to Sue.** No Chapter 7 Trustee Releasor will initiate any suit, action, cause of action or other proceeding (each a "Proceeding") against any Accountant Releasee in respect of any Released Claim, and no Accountant Releasor will initiate any "Proceeding" against any Chapter 7 Trustee Releasee in respect of any Released Claim  Each Releasee may plead the release contained in this Agreement as a complete bar and defense to any Released Claim raised in such Proceeding.

   i. **Contribution Bar/Joint Tortfeasor Release.**

     (i) The release herein, given in good faith, is given under and intended to comply with Del. Stat. Ann. tit. 10 § 6304, 42 Pa. Cons. Stat. Ann. § 8327, N.C. Gen. Stat. Ann. §1B-4, and any other similar statute or common-law principle determined to be applicable, only to the extent necessary to preclude any liability of the Accountants to any joint tortfeasor (whether or not named as a defendant in the Trustee-McGladrey Action) for contribution or indemnity, however denominated, that arises out of, is connected with, or in any way relates to the facts, claims, issues, allegations or subject matter of the Royal-Accountants Action, the Trustee-McGladrey

8

Action or the Trustee-Royal Action. For purposes of this Agreement, "joint tortfeasor" shall include any tortfeasor who is or may be jointly and/or severally liable in tort to any of the Chapter 7 Trustee Releasors for an injury that arises out of, is connected with, or in any way relates to the facts, claims, issues, allegations or subject matter of the Royal-Accountants Action, the Trustee-McGladrey Action or the Trustee-Royal Action, whether or not the Accountant Releasees were or are in fact joint tortfeasors, joint obligors or joint indemnitors with such obligor, tortfeasor, or indemnitor.

(ii)   Only to the extent necessary to preclude any liability of the Accountants to any joint tortfeasor (whether or not named as a defendant in the Trustee-McGladrey Action) for contribution or indemnity, however denominated, arising out of, connected with, or in any way related to the facts, claims, issues, allegations or subject matter of the Royal-Accountants Action, the Trustee-McGladrey Action or the Trustee-Royal Action, the Chapter 7 Trustee agrees that any damages recoverable against any and all joint tortfeasors shall be reduced by the "Bar Amount" as defined in the next sentence. The "Bar Amount" shall be the amount, if any, necessary under applicable law to effect a bar against contribution or indemnity claims, however denominated, against the Accountants, whether calculated as the Accountants' pro-rata share(s) of legal liability or the Trustee Settlement Sum. For purposes of this provision, "pro rata share(s)" shall mean the aggregate amount of recoverable damages attributed to the Accountants, whether calculated, under applicable law, as equal share(s), proportionate share(s), or some other share(s) of the total damages found to be recoverable by Chapter 7 Trustee from all joint tortfeasors (whether or not named as defendants in the Trustee-McGladrey Action) arising out of the subject matter of the

9

Royal-Accountants Action, the Trustee-McGladrey Action or the Trustee-Royal Action.

(iii)    This Section 5.i is intended to obviate the necessity and expense of having any of the Accountant Releasees remain a party of record in the Trustee-McGladrey Action, or become a party of record in any other action asserting claims to which Section 5.i would apply and thereby be obligated to participate in the expense of a trial merely for the purpose of determining if, in fact, they were joint tortfeasors, joint obligors or joint indemnitors, so as to entitle the other tortfeasors, obligors or indemnitors to a reduction of any verdict by the Bar Amount. However, this provision in no way constitutes an admission of liability by any of the Accountant Releasees. The Trustee-Royal-Accountants Settlement Parties intend this Release to have the same effect upon joint obligations for contribution (whether joint tortfeasors, joint obligors or joint indemnitors) as the release in *Young v. Verson Allsteel Press Company*, 524 F.Supp. 1147 (E.D. Pa. 1981), relying on *Griffin v. United States*, 500 F.2d 1059 (3d Cir. 1974); *Pierringer v. Hogar*, 124 N.W.2d 106 (Wis. 1963) or other similar case or statute. This provision shall be construed consistently with The Chapter 7 Trustee's preservation of its rights against all other persons and parties as set forth in Section 6 hereof and with the intent to relieve the Accountants from any liability for contributions to or indemnity of any other party on account of any recovery by the Chapter 7 Trustee from such other party.

(iv)    The purposes and intent of this Contribution Bar/Joint Tortfeasor Release are to provide the maximum allowable protection, under the applicable law, to the Accountants against claims for contribution or indemnity, however denominated, in the Trustee-McGladrey Action or any other action, and to obviate the necessity

10

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

and expense of having the Accountant Releasees remain or become parties of record in the Trustee-McGladrey Action or any other action. Except to the extent necessary to serve these purposes, the Contribution Bar/Joint Tortfeasor Release is not otherwise intended to convey any benefit to any joint tortfeasor not party to this Agreement.

j.    As related to claims that are based upon, relate to, arise out of or are in connection with SFC, including all claims and causes of action that were asserted in the Trustee-McGladrey Action, it is the intention of the Parties that

(i)    the scope of the releases provided for in this Agreement shall be as broad and complete as permissible under applicable law and

(ii)    the Releasees shall have the benefit of the doctrines of *res judicata* and collateral estoppel and all other preclusive doctrines to the fullest extent allowed by law.

6.    **Provisions Relating to Releases and the Effect of this Agreement Upon Third Parties.**

a.    Except as provided in Section 5.i of this Agreement or in Section 4.i of the Royal-Accountants Agreement, nothing in this Agreement or in the Royal-Accountants Agreement, including the releases herein and in the Royal-Accountants Agreement, and the Stipulation of Dismissal With Respect to Certain Claims, or the Approval Order, shall in any way affect or limit any claims or rights of the Chapter 7 Trustee against those persons and entities against whom the Chapter 7 Trustee has made claims in any adversary proceeding or action (other than the Trustee-McGladrey Action), including but not limited to the following actions and proceedings: *Charles A. Stanziale, Chapter 7 Trustee v. Career Path Training Corporation, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-56414 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Andrew N. Yao, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-55218 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Pepper Hamilton LLP, et al.*, Civ.

11

**TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT**

Action No. 04-1551-JJF (D. Del.), *Charles A. Stanziale, Chapter 7 Trustee v. Alexandria Karlsen a/k/a Alexandria Karlsen Wolfe, et al.,* Case No. 02-11620, Adv. Proceeding No. 04-55635 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Franklin Career Services, Inc., et al.,* Case No. 02-11620, Adv. Proceeding No. 04-56416 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Mandalay Corp. d/b/a Mandalay Bay Resort & Casino,* Case No. 02-11620, Adv. Proceeding No. 04-56483 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. SWH Funding,* Case No. 02-11620, Adv. Proceeding No. 04-56478 (Bankr. D. Del.), or with whom the Trustee has entered into a tolling agreement.

      b.    Except as provided in Section 5.i of this Agreement or in Section 4.i of the Royal-Accountants Agreement, nothing contained in this Agreement or in the Royal-Accountants Agreement, including the releases herein and in the Royal-Accountants Agreement, or the Approval Order, shall in any way affect or limit any claims or rights of Royal against (i) SFC, (ii) those persons and entities, other than the Accountants, against whom Royal has made claims in the Royal-Accountants Action, and (iii) those persons and entities (other than the Accountants) against whom Royal has made claims in the following actions and proceedings: *MBIA Ins. Corp., et al. v. Royal Indem. Co.,* Civ. A-02-1294-JJF (D. Del.); *Wilmington Trust Co. of Penn. v. Royal Indem. Co.,* Civ. A-02-1361-JJF (D. Del.); *Royal Indemnity Co. v. Pepper Hamilton LLP,* Civ. A-05-165-JJF (D. Del.); *Royal Indemnity Company v. Franklin Career Services, Inc., et al.,* Case No. 3:04-CV-00038-CRS (W.D. Ky.); *Royal Indemnity Company v. MP III Holdings, Inc., et al.,* Cause No. D 167370 (58th Jud. Dist. Ct., Jefferson County, Texas).

      c.    Except as provided in Section 5.i of this Agreement or in Section 4.i of the Royal-Accountants Agreement, nothing contained in this Agreement or in the Royal-Accountants Agreement, including, without limitation, the releases herein and in the Royal-Accountants Agreement, and the Approval Order, shall in any way affect or limit any claims or rights of the Trustee-Royal-Accountants Settlement Parties against any persons or entities other than the Trustee-Royal-Accountants Settlement Parties, the Accountant Releasees, the Royal Releasees (as such term is defined in the Royal-Accountants Agreement), and the Chapter 7 Trustee Releasees.

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

7.    **Failure of Conditions; Termination**.

   a.    **Definitions.**

      (i)    "Appeals Expiration Date" means (1) the date following the entry of the Approval Order on which the time for filing a notice of appeal from the Approval Order has lapsed without any notice of appeal having been filed, or (2) in the event any notice of appeal from the Approval Order has been filed, the date on which any and all such appeals have been either (x) withdrawn with prejudice, (y) dismissed with prejudice, or (z) denied with prejudice pursuant to a final, non-appealable order.

      (ii)    "Conditions to Closing" shall mean (1) the entry by the Bankruptcy Court of the Approval Order, and (2) the occurrence of the Appeals Expiration Date.

   b.    **If Conditions to Closing Have Been Met.** If, but only if, the Conditions to Closing have been met, McElroy, Deutsch, Mulvaney & Carpenter, LLP, on behalf of the Chapter 7 Trustee, Sonnenschein Nath & Rosenthal LLP, on behalf of Royal, and Williams & Connolly LLP, on behalf of the Accountants, shall give Joint Written Instructions:

      (i)    Directing JPMorgan Chase, as Escrow Agent, to deliver the Trustee Settlement Sum, with all interest and other amounts earned thereon, to the Chapter 7 Trustee pursuant to Section 3 herein by wire transfer to the following account (or to such other account as the Trustee designates by Notice):

   ABA/Routing #        021000021
   Account Number:      312-9292189-71
   Account Name:        Charles A. Stanziale, Jr., Chapter 7 Trustee for
   Student Finance Corporation
   Bank:                JPMorgan Chase Bank

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

4 New York Plaza-17th Floor

New York, New York 10004

; and

(ii)    Directing McElroy Deutsch, as Escrow Agent, to file the Stipulation of Dismissal pursuant to Section 4 herein.

c.    **If Conditions to Closing Rendered Impossible.**  In the event that any of the Conditions to Closing is rendered impossible, then

(i)    Except as specifically provided for in this Section 7.c, each of this Agreement and the Royal-Accountants Agreement shall be null and void *ab initio*;

(ii)    the releases and other provisions in Section 5 herein and each of the subsections thereof shall be rescinded;

(iii)    McElroy, Deutsch, Mulvaney & Carpenter, LLP, on behalf of the Chapter 7 Trustee, Sonnenschein Nath & Rosenthal LLP, on behalf of Royal, and Williams & Connolly LLP, on behalf of the Accountants, shall give Joint Written Instructions directing JPMorgan Chase, as Escrow Agent to promptly return the Trustee Settlement Sum, with all interest and other amounts earned thereon, to the Accountants' insurers, by wire transfer to the following account (or such other account(s) as the Accountants designate by Notice):

| | |
|---|---|
| Bank Name & Address: | Citibank, N.A. |
| | 399 Park Avenue |
| | New York, NY 10022 |
| Bank Routing Number or ABA: | 021000089 |
| Bank Account/Beneficiary Name: | Mendes & Mount, LLP |
| | 750 Seventh Avenue |

14

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

New York, NY 10019

Beneficiary's Account Number:    40012188

For international wires use SWIFT CODE:    CITIUS33;

(iv)    McElroy, Deutsch, Mulvaney & Carpenter, LLP, on behalf of the
Chapter 7 Trustee, Sonnenschein Nath & Rosenthal LLP, on behalf
of Royal, and Williams & Connolly LLP, on behalf of the
Accountants, shall give Joint Written Instructions to McElroy
Deutsch, as Escrow Agent, to destroy the Stipulation of Dismissal,
and not to file it; and

(v)    the Trustee-Royal-Accountants Settlement Parties shall retain all
of their rights with respect to the claims otherwise settled pursuant
to this Agreement as if this Agreement had not been executed.

8.    **Representations and Warranties.**

a.    The Chapter 7 Trustee hereby makes the following representations and
warranties to Royal and the Accountants, each of which is a continuing representation
and warranty:

(i)    he has been duly appointed as Chapter 7 Trustee, and continues to
act in such capacity, and the execution, delivery and performance
by him of this Agreement and the Escrow Agreement, provided
that the Approval Order has been entered, will not contravene,
violate or constitute a breach of the terms of his appointment;

(ii)    he has the full right and power to enter into this Agreement and the
Escrow Agreement and to perform all obligations hereunder and
thereunder, provided that the Approval Order has been entered;

(iii)    each of this Agreement and the Escrow Agreement has been duly
executed and delivered on his behalf and constitutes the legal,
valid, and binding obligation of him, enforceable against him

15

according to its respective terms, provided that the Approval Order has been entered;

(iv) he is executing, delivering and performing pursuant to each of this Agreement and the Escrow Agreement freely, voluntarily and knowingly, without coercion or duress;

(v) nothing in either this Agreement or the Escrow Agreement shall be in contravention of or cause a default (whether with notice or the passage of time or both) or cause an acceleration of any obligation or cause the imposition of a lien or other encumbrance, in each case under any contract or other agreement to which he is a party or by which he or any of his property is bound;

(vi) except as expressly provided for in this Agreement (including the provisions relating to the Approval Order), no notice to, or approval or consent of, any other person, including any governmental entity, is required for the execution, consummation, or performance by it of this Agreement or the Escrow Agreement;

(vii) he has received independent legal advice from attorneys of his choice with respect to the advisability of making the agreements provided herein and therein and with respect to the advisability of executing this Agreement and the Escrow Agreement, and prior to the execution of this Agreement and the Escrow Agreement by the Chapter 7 Trustee, his attorneys reviewed this Agreement and the Escrow Agreement at length with him and have made all desired changes;

(viii) except as expressly stated in this Agreement, neither the Accountants nor Royal have made any statement or representation to the Chapter 7 Trustee regarding any facts relied upon by the Chapter 7 Trustee in entering into this Agreement or the Escrow

16

Agreement, and the Chapter 7 Trustee specifically does not rely upon any statement, representation, or promise of any other party hereto or thereto or any other person in entering into this Agreement and the Escrow Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement or the Escrow Agreement. The Chapter 7 Trustee has relied upon his own investigation and analysis of the facts and not on any statement or representation made by any other party in choosing to enter into this Agreement and the Escrow Agreement and the transactions contemplated herein and therein;

(ix) he has not sold, transferred, conveyed, encumbered, assigned, or otherwise disposed of any portion of the Chapter 7 Trustee Released Claims, and he is the sole, legitimate, and exclusive holder of the Chapter 7 Trustee Released Claims and any such rights as are being settled by it in this Trustee-Royal-Accountants Agreement.

b.  Royal hereby makes the following representations and warranties to the Chapter 7 Trustee and the Accountants, each of which is a continuing representation and warranty:

(i) it is duly organized and validly existing and subsisting under the laws of the state of its organization, it is in good standing in such jurisdiction, and the execution, delivery and performance by it of this Agreement and the Escrow Agreement will not contravene, violate or constitute a breach of the terms of its charter documents;

(ii) it has the full right and power to enter into this Agreement and the Escrow Agreement and to perform all obligations hereunder and thereunder, and all corporate action has been taken necessary to authorize it to execute and deliver this Agreement and the Escrow Agreement;

17

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

    (iii)    each of this Agreement and the Escrow Agreement has been duly executed and delivered on its behalf and constitutes the legal, valid, and binding obligation of it, enforceable against it according to its respective terms;

    (iv)    it is executing, delivering and performing pursuant to each of this Agreement and the Escrow Agreement freely, voluntarily and knowingly, without coercion or duress;

    (v)    nothing in either this Agreement or the Escrow Agreement shall be in contravention of or cause a default (whether with notice or the passage of time or both) or cause an acceleration of any obligation or cause the imposition of a lien or other encumbrance, in each case under any contract or other agreement to which it is a party or by which it or any of its property is bound;

    (vi)    except as expressly provided for in this Agreement, no notice to, or approval or consent of, any other person, including any governmental entity, is required for the execution, consummation, or performance by it of this Agreement or the Escrow Agreement;

    (vii)    it has received independent legal advice from attorneys of its choice with respect to the advisability of making the agreements provided herein and therein and with respect to the advisability of executing this Agreement and the Escrow Agreement, and prior to the execution of this Agreement and the Escrow Agreement by Royal, its attorneys reviewed this Agreement and the Escrow Agreement at length with it and have made all desired changes;

    (viii)    except as expressly stated in this Agreement, neither the Accountants nor the Chapter 7 Trustee has made any statement or representation to Royal regarding any facts relied upon by Royal in entering into this Agreement or the Escrow Agreement, and Royal

18

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

specifically does not rely upon any statement, representation, or promise of any other party hereto or thereto or any other person in entering into this Agreement and the Escrow Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement or the Escrow Agreement. Royal has relied upon its own investigation and analysis of the facts and not on any statement or representation made by any other party in choosing to enter into this Agreement and the Escrow Agreement and the transactions contemplated herein and therein;

(ix)    it has not sold, transferred, conveyed, encumbered, assigned, or otherwise disposed of any portion of the Royal Released Claims, and it is the sole, legitimate, and exclusive holder of the Royal Released Claims and any such rights as are being settled by it in this Royal-Accountants Agreement.

c.    Each of the Accountants hereby make the following representations and warranties to the Chapter 7 Trustee and Royal, each of which is a continuing representation and warranty:

(i)    it is duly organized and validly existing and subsisting under the laws of the state of its organization, it is in good standing in such jurisdiction, and the execution, delivery and performance by it of this Agreement and the Escrow Agreement will not contravene, violate or constitute a breach of the terms of its charter documents;

(ii)    it has the full right and power to enter into this Agreement and the Escrow Agreement and to perform all obligations hereunder and thereunder, and all action has been taken necessary to authorize it to execute and deliver this Agreement and the Escrow Agreement;

(iii)    each of this Agreement and the Escrow Agreement has been duly executed and delivered on its behalf and constitutes the legal,

19

valid, and binding obligation of it, enforceable against it according to its respective terms;

(iv)     it is executing, delivering and performing pursuant to each of this Agreement and the Escrow Agreement freely, voluntarily and knowingly, without coercion or duress;

(v)      nothing in either this Agreement or the Escrow Agreement shall be in contravention of or cause a default (whether with notice or the passage of time or both) or cause an acceleration of any obligation or cause the imposition of a lien or other encumbrance, in each case under any contract or other agreement to which it is a party or by which it or any of its property is bound;

(vi)     except as expressly provided for in this Agreement, no notice to, or approval or consent of, any other person, including any governmental entity, is required for the execution, consummation, or performance by it of this Agreement or the Escrow Agreement;

(vii)    it has received independent legal advice from attorneys of its choice with respect to the advisability of making the agreements provided herein and therein and with respect to the advisability of executing this Agreement and the Escrow Agreement, and, prior to the execution of this Agreement and the Escrow Agreement by it, its attorneys reviewed this Agreement and the Escrow Agreement at length with it and have made all desired changes;

(viii)   except as expressly stated in this Agreement, neither Royal nor the Chapter 7 Trustee has made any statement or representation to it regarding any facts relied upon by it in entering into this Agreement or the Escrow Agreement, and it specifically does not rely upon any statement, representation, or promise of any other party hereto or thereto or any other person in entering into this

Agreement and the Escrow Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement or the Escrow Agreement. It has relied upon its own investigation and analysis of the facts and not on any statement or representation made by any other party in choosing to enter into this Agreement and the Escrow Agreement and the transactions contemplated herein and therein;

(ix)    it has not sold, transferred, conveyed, encumbered, assigned, or otherwise disposed of any portion of the Accountants Released Claims, and it, together with the other Accountants, is the sole, legitimate, and exclusive holder of the Accountants Released Claims and any such rights as are being settled by it in this Royal-Accountants Agreement.

9.    <u>Costs</u>.  Except as specifically set forth in this Agreement or in the Royal-Accountants Agreement, each Trustee-Royal-Accountants Settlement Party shall bear its own costs and expenses, including attorneys' fees, in connection with the Royal-Accountants Action, the Trustee-McGladrey Action, and the Trustee-Royal Action, and in connection with the preparation, negotiation, execution, and consummation of this Trustee-Royal-Accountants Agreement, and the Royal-Accountants Agreement.

10.    <u>No Admission of Liability</u>.  The Trustee-Royal-Accountants Settlement Parties acknowledge and agree that (a) this Agreement and the Royal-Accountants Agreement are to compromise and settle disputed claims; (b) no party to this Agreement or the Royal-Accountants Agreement admits or acknowledges any liability or wrongdoing; and (c) nothing in this Agreement or in the Royal-Accountants Agreement shall be construed as an admission of liability or wrongdoing

11.    <u>Notices</u>.  All notices and other communications under this Agreement shall be in writing and shall be given by both by (a) prepaid first-class mail, certified or registered with return receipt requested, and (b) either hand delivery, facsimile, telecopier, or prepaid commercial overnight courier and shall be deemed to have been duly given, served, sent and

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

received for all purposes at such time as it is delivered (with the return receipt, the delivery

receipt or the affidavit of messenger being deemed conclusive evidence of such delivery) or at

such time as delivery is refused by the addressee upon presentation, at the address as follows (or

to such other address as to which notice is provided in accordance with this Section 11):

    a.    If to the Chapter 7 Trustee, to:

> Charles A. Stanziale, Esq.
> McElroy, Deutsch, Mulvaney & Carpenter, LLP
> Three Gateway Center
> 100 Mulberry Street
> Newark, NJ 07102-4079
> cstanziale@mdmc-law.com
> Fax: 973-622-5314;
>
> with a copy to:
>
> Michael S. Waters, Esq.
> McElroy, Deutsch, Mulvaney & Carpenter, LLP
> Three Gateway Center
> 100 Mulberry Street
> Newark, NJ 07102-4079
> mwaters@mdmc-law.com
> Fax: 973-622-5314;

    b.    If to Royal, to:

> Christopher A. Benson, Esq.
> Royal & SunAlliance
> 3600 Arco Corporate Drive
> Charlotte, NC 28273
> Chris.Benson@arrowpointcap.com
> Fax:  704-522-2688;
>
> with a copy to:
>
> Michael H. Barr, Esq.
> Sonnenschein Nath & Rosenthal LLP
> 1221 Avenue of the Americas
> New York, NY 10020
> MBarr@sonnenschein.com
> Fax: 212-768-6800;

    c.    If to the Accountants, to:

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

    (i)       McGladrey & Pullen, LLP

                Richard L. Miller, Jr., Esq.
                General Counsel
                McGladrey & Pullen, LLP
                200 South Wacker Drive, Suite 3950
                Chicago, IL 60606-5890
                rick.miller@rsmi.com
                Fax:  312-207-0808;

                with a copy to:

                Steven M. Farina, Esq.
                Williams & Connolly LLP
                725 Twelfth St., N.W.
                Washington, D.C. 20005
                sfarina@wc.com
                Fax: 202-434-5029;

    (ii)      Freed Maxick Sachs & Murphy, P.C., and Freed, Maxick &
                Battaglia CPAs, P.C.

                Robert M. Glaser, C.P.A.
                Freed Maxick & Battaglia, P.C.
                800 Liberty Building
                Buffalo, NY 14202-3508
                robert.glaser@freedmaxick.com
                Fax: 716-847-0069;

                with a copy to:

                John H. Eickemeyer, Esq.
                Vedder Price Kaufman & Kammholz, P.C.
                1633 Broadway, 47th Floor
                New York, NY 10019
                jeickemeyer@veddderprice.com
                Fax: 212-407-7799;

    (iii)     Michael Aquino
                2988 Highland Ave
                Broomall, PA 19008;

                with a copy to:

                Veronica E. Rendon, Esq.

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

> Arnold & Porter, LLP
> 399 Park Avenue
> New York, NY 10022-4690
> Veronica.Rendon@aporter.com
> Fax: 212-715-1399.

## 12.    Miscellaneous.

a.    The Trustee-Royal-Accountants Settlement Parties agree that neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement:

(i)    is or may be deemed to be evidence of, or may be used as an admission of, the validity of the Released Claims, or of any alleged wrongdoing or liability of the parties or any Releasee;

(ii)    is or may be deemed to be evidence of, or may be used as an admission of, any alleged fault or omission of any of the Trustee-Royal-Accountants Settlement Parties or any Releasee in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Trustee-Royal-Accountants Agreement, except that the Releasee, or any of them, may file the Trustee-Royal-Accountants Agreement and the Approval Order, or either, in any action that may be brought against them in order to support a claim, defense, or counterclaim based on principles of res judicata, collateral estoppel, release, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar claim, defense, or counterclaim.

b.    Except as provided herein, all covenants, releases, warranties, representations, and indemnities made by the Trustee-Royal-Accountants Settlement Parties to one another pursuant to this Agreement shall survive this Agreement and shall be and remain in full force and effect thereafter.

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

      c.     The Trustee-Royal-Accountants Settlement Parties, without further consideration, agree to execute and deliver such other instruments and perform such acts, in addition to the matters herein specified, as may be appropriate or necessary, from time to time, to effectuate the agreements and understandings of the Trustee-Royal-Accountants Settlement Parties, whether the same occurs before or after the date of this Agreement.

      d.     As between the Chapter 7 Trustee and the Accountants, this Agreement is the entire agreement with respect to the subject matter hereof and supersedes all prior agreements, oral or written, with respect thereto. As between Royal and the Accountants, this Agreement, together with the Royal-Accountants Agreement executed contemporaneously herewith, are the entire agreements with respect to the subject matter hereof and supersede all prior agreements, oral or written, with respect thereto. There are other agreements between the Chapter 7 Trustee (and/or the Chapter 11 Trustee) and Royal, and this Agreement shall not affect any such other agreement. No claim of waiver, modification, consent, or acquiescence with respect to any provision of this Agreement shall be made against any party, except on the basis of a written instrument executed by or on behalf of such party. The waiver of breach of this Agreement shall not constitute a waiver of any subsequent breach.

      e.     No party may assign any obligations contained herein without the prior written consent of the other parties to this Agreement, which consent may be given or withheld in the sole and absolute discretion of each party whose consent is required. Any purported assignment not consistent with this Section 12.e shall be null and void and of no consequence. This Agreement shall inure to the benefit of and shall be binding upon the successors and permitted assigns of the Trustee-Royal-Accountants Settlement Parties.

      f.     Unless the context of this Agreement clearly requires otherwise: (i) references to the plural include the singular, the singular the plural, and the part the whole; (ii) references to one gender include all genders; (iii) "or" has the inclusive meaning frequently identified with the phrase "and/or"; (iv) "including" has the inclusive

25

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

meaning frequently identified with the phrase "but not limited to" or "without limitation"; (v) references to "hereunder," "herein" or "hereof" relate to this Agreement as a whole; and (vi) the terms "dollars" and "$" refer to United States dollars. Any reference herein to any statute, rule, regulation or agreement, including this Agreement, shall be deemed to include such statute, rule, regulation or agreement as it may be modified, varied, amended or supplemented from time to time. Any reference to a person shall include their heirs, representatives, successors and permitted assigns of such person.

     g.    To the extent that performance is to be governed by time, time shall be deemed to be of the essence hereof.

     h.    This Agreement is to be governed by and construed in accordance with federal bankruptcy law, to the extent applicable, and, where state law is implicated, the laws of the State of Delaware shall govern, without regard to any otherwise applicable principles of conflicts of laws or choice of law that would result in the application of the substantive or procedural law of any other jurisdiction.

     i.    This Agreement may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same agreement. Delivery of this Agreement may be made by facsimile or PDF with the same force and effect as hand delivery of an original executed Agreement.

     j    This Agreement is the product of negotiations between the Trustee, Royal, and the Accountants, each of whose counsel has had a full opportunity to participate in the drafting of this Agreement. In the enforcement or interpretation hereof, this Agreement is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any party by reason of that party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.

     k.    In the event any provision of this Agreement is determined by any court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of said

**TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT**

provision and this Agreement shall nevertheless remain fully valid and enforceable, unless the provision held invalid is a material provision of this Agreement.

l.      Any interest earned on funds deposited in interest-bearing accounts pursuant to this Agreement shall be paid to the party that is entitled to receive the principal on which the interest was earned.

m.      Each of the Trustee-Royal-Accountants Settlement Parties hereby consents to the jurisdiction of the District Court and the Bankruptcy Court to resolve any and all disputes arising under or relating to this Agreement.

*[signatures begin on next page]*

27

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

IN WITNESS WHEREOF, the Trustee-Royal-Accountants Settlement Parties have executed this Agreement on the day and year first above written.

CHARLES A. STANZIALE, JR., SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF STUDENT FINANCE CORPORATION, AND ON BEHALF OF STUDENT FINANCE CORPORATION, AS CHAPTER 7 DEBTOR

By: _____
    Charles A. Stanziale, Jr.
    Chapter 7 Trustee

McGLADREY & PULLEN, LLP

By: _____
    Name:
    Position:

FREED MAXICK & BATTAGLIA CPAS PC

By: _____
    Name:
    Position:

ROYAL INDEMNITY COMPANY

By: _____
    Name:
    Position:

FREED MAXICK SACHS & MURPHY, P.C.

By: _____
    Name:
    Position:

MICHAEL AQUINO

By: _____
    Michael Aquino

28

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

IN WITNESS WHEREOF, the Trustee-Royal-Accountants Settlement Parties have executed this Agreement on the day and year first above written.

CHARLES A. STANZIALE, JR., SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF STUDENT FINANCE CORPORATION, AND ON BEHALF OF STUDENT FINANCE CORPORATION, AS CHAPTER 7 DEBTOR

By:_____
         Charles A. Stanziale, Jr,
         Chapter 7 Trustee

ROYAL INDEMNITY COMPANY

By:_____
    Name: Dennis Cahill
    Position: Chief Operating Officer

MCGLADREY & PULLEN, LLP

By: _____
      Name:
      Position:

FREED MAXICK & BATTAGLIA CPAS PC

By: _____
      Name:
      Position:

FREED MAXICK SACHS & MURPHY, P.C.

By: _____
      Name:
      Position:

MICHAEL AQUINO

By: _____
      Michael Aquino

28

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

IN WITNESS WHEREOF, the Trustee-Royal-Accountants Settlement Parties have executed this Agreement on the day and year first above written.

CHARLES A. STANZIALE, JR., SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF STUDENT FINANCE CORPORATION, AND ON BEHALF OF STUDENT FINANCE CORPORATION, AS CHAPTER 7 DEBTOR

MCGLADREY & PULLEN, LLP

By _Richard L Miller_

Name: _RICHARD L. Miller, Jr_

Position: _GENERAL Counsel_

By:_____
      Charles A. Stanziale, Jr.
      Chapter 7 Trustee

FREED MAXICK & BATTAGLIA CPAs PC

By: _____
      Name:
      Position:

ROYAL INDEMNITY COMPANY

FREED MAXICK SACHS & MURPHY, P.C.

By:_____
      Name:
      Position:

By: _____
      Name:
      Position:

MICHAEL AQUINO

By: _____
      Michael Aquino

28

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

     IN WITNESS WHEREOF, the Trustee-Royal-Accountants Settlement Parties have

executed this Agreement on the day and year first above written.

CHARLES A. STANZIALE, JR., SOLELY IN HIS
CAPACITY AS CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF STUDENT FINANCE
CORPORATION, AND ON BEHALF OF STUDENT
FINANCE CORPORATION, AS CHAPTER 7
DEBTOR

By:_____
       Charles A. Stanziale, Jr.
       Chapter 7 Trustee


ROYAL INDEMNITY COMPANY


By:_____
       Name:
       Position:

MCGLADREY & PULLEN, LLP


By: _____
       Name:
       Position:


FREED MAXICK & BATTAGLIA CPAs PC


By: _____
       Name: ROBERT M. GLASER
       Position: President


FREED MAXICK SACHS & MURPHY, P.C.


By: _____
       Name: ROBERT M GLASER
       Position: PRESIDENT


MICHAEL AQUINO


By: _____
       Michael Aquino

28

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

IN WITNESS WHEREOF, the Trustee-Royal-Accountants Settlement Parties have

executed this Agreement on the day and year first above written.

CHARLES A. STANZIALE, JR., SOLELY IN HIS           MCGLADREY & PULLEN, LLP
CAPACITY AS CHAPTER 7 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF STUDENT FINANCE
CORPORATION, AND ON BEHALF OF STUDENT           By: _____
FINANCE CORPORATION, AS CHAPTER 7                      Name:
DEBTOR                                                                   Position:


By:_____                          FREED MAXICK & BATTAGLIA CPAS PC
        Charles A. Stanziale, Jr.
        Chapter 7 Trustee
                                                                    By: _____
                                                                            Name:
                                                                            Position:


ROYAL INDEMNITY COMPANY                          FREED MAXICK SACHS & MURPHY, P.C.


By:_____                          By: _____
        Name:                                                       Name:
        Position:                                                   Position:

                                                                    MICHAEL AQUINO

                                                                    By: _____
                                                                            Michael Aquino

28

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

Approved as to form:

Michael S. Waters
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 565-2051

*Attorneys for Charles A. Stanziale, Jr., solely
in his capacity as Chapter 7 Trustee for the
Bankruptcy Estate of Student Finance
Corporation*

_____

Michael H. Barr
Richard M. Zuckerman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 23rd Floor
New York, NY 10020-1089
(212) 768-6700

*Attorneys for Royal Indemnity Company*

Approved as to form:

_____

Steven M. Farina
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
(202) 434-5526

*Attorneys for McGladrey & Pullen, LLP*

_____

Veronica E. Rendon
ARNOLD & PORTER, LLP
399 Park Avenue
New York, NY 10022-4690
(212) 715-1165

*Attorneys for McGladrey & Pullen, LLP and
Michael Aquino*

_____

John H. Eickemeyer
VEDDER PRICE KAUFMAN & KAMMHOLZ, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7700

*Attorneys for Freed Maxick & Battaglia CPAs
PC, and Freed Maxick Sachs & Murphy, P.C.*

29

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

Approved as to form:

_____
Michael S. Waters
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 565-2051

*Attorneys for Charles A. Stanziale, Jr., solely
in his capacity as Chapter 7 Trustee for the
Bankruptcy Estate of Student Finance
Corporation*

_____
Michael H. Barr
Richard M. Zuckerman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 23rd Floor
New York, NY 10020-1089
(212) 768-6700

*Attorneys for Royal Indemnity Company*

Approved as to form:

_____
Steven M. Farina
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
(202) 434-5526

*Attorneys for McGladrey & Pullen, LLP*

_____
Veronica E. Rendon
ARNOLD & PORTER, LLP
399 Park Avenue
New York, NY 10022-4690
(212) 715-1165

*Attorneys for McGladrey & Pullen, LLP and
Michael Aquino*

_____
John H. Eickemeyer
VEDDER PRICE KAUFMAN & KAMMHOLZ, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7700

*Attorneys for Freed Maxick & Battaglia CPAs
PC, and Freed Maxick Sachs & Murphy, P.C.*

29

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

Approved as to form:

---

Michael S. Waters
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 565-2051

*Attorneys for Charles A. Stanziale, Jr , solely
in his capacity as Chapter 7 Trustee for the
Bankruptcy Estate of Student Finance
Corporation*

---

Michael H. Barr
Richard M. Zuckerman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 23rd Floor
New York, NY 10020-1089
(212) 768-6700

*Attorneys for Royal Indemnity Company*

Approved as to form:

---

Steven M. Farina
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
(202) 434-5526

*Attorneys for McGladrey & Pullen, LLP*

---

Veronica E. Rendon
ARNOLD & PORTER, LLP
399 Park Avenue
New York, NY 10022-4690
(212) 715-1165

*Attorneys for McGladrey & Pullen, LLP and
Michael Aquino*

---

John H. Eickemeyer
VEDDER PRICE KAUFMAN & KAMMHOLZ, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7700

*Attorneys for Freed Maxick & Battaglia CPAs
PC, and Freed Maxick Sachs & Murphy, P.C.*

29

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

**Approved as to form:**

_____
Michael S. Waters
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 565-2051

*Attorneys for Charles A. Stanziale, Jr., solely
in his capacity as Chapter 7 Trustee for the
Bankruptcy Estate of Student Finance
Corporation*


_____
Michael H. Barr
Richard M. Zuckerman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 23rd Floor
New York, NY 10020-1089
(212) 768-6700

*Attorneys for Royal Indemnity Company*

**Approved as to form:**

_____
Steven M. Farina
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
(202) 434-5526

*Attorneys for McGladrey & Pullen, LLP*

_____
Veronica E. Rendon
ARNOLD & PORTER, LLP
399 Park Avenue
New York, NY 10022-4690
(212) 715-1165

*Attorneys for McGladrey & Pullen, LLP and
Michael Aquino*


_____
John H. Eickemeyer
VEDDER PRICE KAUFMAN & KAMMHOLZ, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7700

*Attorneys for Freed Maxick & Battaglia CPAs
PC, and Freed Maxick Sachs & Murphy, P.C.*

TRUSTEE-ROYAL-ACCOUNTANTS AGREEMENT

**Approved as to form:**

_____
Michael S. Waters
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 565-2051

*Attorneys for Charles A. Stanziale, Jr., solely
in his capacity as Chapter 7 Trustee for the
Bankruptcy Estate of Student Finance
Corporation*

_____
Michael H. Barr
Richard M. Zuckerman
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas, 23rd Floor
New York, NY 10020-1089
(212) 768-6700

*Attorneys for Royal Indemnity Company*

**Approved as to form:**

_____
Steven M. Farina
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
(202) 434-5526

*Attorneys for McGladrey & Pullen, LLP*

_____
Veronica E. Rendon
ARNOLD & PORTER, LLP
399 Park Avenue
New York, NY 10022-4690
(212) 715-1165

*Attorneys for McGladrey & Pullen, LLP and
Michael Aquino*

_____
John H. Eickemeyer
VEDDER PRICE KAUFMAN & KAMMHOLZ, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7700

*Attorneys for Freed Maxick & Battaglia CPAs
PC, and Freed Maxick Sachs & Murphy, P.C.*

29

<u>EXHIBIT A</u>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>STUDENT FINANCE CORP.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 02-11620 (JBR) |
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE OF<br>STUDENT FINANCE CORPORATION,<br><br>       Plaintiff,<br><br>     v.<br><br>MCGLADREY & PULLEN, LLP, AND MICHAEL AQUINO,<br><br>       Defendants. | Adversary Proceeding<br>No. 04-58003<br><br>(District Court Case No.<br>05-72-JJF)<br><br>**ORDER APPROVING SETTLEMENT** |

   The Court having considered the Motion of Charles A. Stanziale, Jr., as Chapter 7

Trustee ("Trustee") of Student Finance Corporation, dated July __, 2007, for Approval of

Settlement with McGladrey & Pullen LLP, Freed Maxick & Battaglia CPAs PC, Freed Maxick

Sachs & Murphy, P.C., and Michael Aquino (collectively, the "Accountants"), pursuant to

Bankruptcy Rule 9019 (the "Motion"); and a hearing on the Motion having been held before the

Court on _____, 2007, and good and sufficient notice of the hearing and of the Motion

having been given; and the Court having given due consideration to any responses to the Motion,

and it appearing that there is good cause to grant the relief requested in the Motion and that the

approval of the Motion is in the best interests of the estate, now therefore it is hereby

   ORDERED, ADJUDGED and DECREED THAT the Motion is granted in all respects,

and it is further

   ORDERED that the Trustee-Royal-Accountants Agreement (as defined in the Motion) is

approved and the Trustee is authorized and directed to take all actions necessary to consummate

the settlement on the terms and in the manner set forth in the Trustee-Royal-Accountants

Agreement, and it is further

9997773\V-14

ORDERED that the Trustee-Royal-Accountants Agreement shall be binding upon all parties thereto in accordance with its terms, and shall be fully enforceable by the parties thereto upon entry of this Order, and it is further

ORDERED that all persons and entities are permanently barred from asserting or prosecuting against the Accountant Releasees, as defined in the Motion, any claim for indemnity or contribution, however denominated, based upon, arising out of, or relating to claims or allegations asserted by, or which could have been asserted by, the Trustee related to SFC, including without limitation those claims or allegations asserted by, or which could have been asserted by, the Trustee in *In re Student Finance Corp.*, No. 02-11620 (Bankr. D. Del.); *Charles A. Stanziale, Jr., Chapter 7 Trustee, etc. v. McGladrey & Pullen, LLP et al.*, No. 04-58003-DDS (Bankr. D. Del); *Royal Indemnity Company v. Pepper Hamilton LLP et al.*, Civ No. 05-165- JJF (D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Career Path Training Corporation, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-56414 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Andrew N. Yao, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-55218 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Pepper Hamilton LLP, et al.*, Civ. Action No. 04-1551-JJF (D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Alexandria Karlsen a/k/a Alexandria Karlsen Wolfe, et al.*, Case No. 02-11620, Adv. Proceeding No. 04-55635 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Franklin Career Services, Inc.*, et al., Case No. 02-11620, Adv. Proceeding No. 04-56416 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. Mandalay Corp. d/b/a Mandalay Bay Resort & Casino*, Case No. 02-11620, Adv. Proceeding No. 04-56483 (Bankr. D. Del.); *Charles A. Stanziale, Chapter 7 Trustee v. SWH Funding*, Case No. 02-11620, Adv. Proceeding No. 04-56478 (Bankr. D. Del.), or in any action involving a person with whom the Trustee has entered into a tolling agreement. Any joint tort-feasor (as defined in the Trustee-Royal-Accountants Agreement) so barred shall be entitled to a judgment reduction to the extent of the "Bar Amount," as defined in, and under the conditions set forth in, the Trustee-Royal-Accountants Agreement, and it is further

ORDERED that this Court shall retain jurisdiction to consider and resolve any disputes arising under or relating to the Trustee-Royal-Accountants Agreement, as well as any disputes arising under or relating to the agreement among Royal and the Accountants which was entered into contemporaneously therewith.

Dated: _____, 2007
       Wilmington, Delaware


                                 _____
                                 United States Bankruptcy Judge

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STUDENT FINANCE CORPORATION,<br><br>            Debtor. | Chapter 7<br><br>Case No. 02-11620 |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT<br>FINANCE CORPORATION,<br><br>            Plaintiff,<br>     v.<br>McGLADREY & PULLEN LLP, et al.<br><br>            Defendants. | Adv. Pro. No. 04-58003-DDS<br><br>(District Court Case No.<br>05-72-JJF)<br><br>**STIPULATION OF DISMISSAL WITH<br>PREJUDICE** |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties, that this action be and hereby is dismissed with prejudice.

Dated: _____, 2007

THE BAYARD FIRM

By: _____
Charlene D. Davis
222 Delaware Avenue
Wilmington, DE 19801
(302) 655-5000

MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102-4079
(973) 565-2051

*Attorneys for Charles A. Stanziale, Jr., solely
in his capacity as Chapter 7 Trustee for the
Bankruptcy Estate of Student Finance
Corporation*

WILLIAMS & CONNOLLY LLP

By: _____
Steven M. Farina
725 Twelfth St., N.W.
Washington, D.C. 20005
(202) 434-5526

*Attorneys for McGladrey & Pullen LLP*

ARNOLD & PORTER LLP

By: _____
Veronica E. Rendon
399 Park Avenue
New York, NY 10022-4690
(212) 715-1165

*Attorneys for McGladrey & Pullen LLP and
Michael Aquino*

DUANE MORRIS LLP

By: _____
Christopher M. Winter
1100 North Market Street Suite 1200
Wilmington, DE 19801
(302) 657-4900

*Attorneys for McGladrey & Pullen LLP and
Michael Aquino*

So Ordered: _____, 2007

_____