IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>STUDENT FINANCE CORPORATION,<br>　　　　Debtor. | Chapter 7<br><br>Case No. 02-11620 (KJC)<br><br>**Objection Date: September 6, 2007 at 4:00 p.m. (ET)**<br>**Hearing Date: September 13, 2007 at 10:00 a.m. (ET)**<br><br>**Re: D.I. 1646** |
| CHARLES A. STANZIALE, JR.,<br>CHAPTER 7 TRUSTEE OF STUDENT FINANCE CORPORATION,<br>　　　　Plaintiff,<br><br>v.<br><br>MCGLADREY & PULLEN LLP, et al.,<br><br>　　　　Defendants. | Adv. Pro. No. 04-58003<br><br>Civil Action No. 05-72 (JJF) |

**LIMITED OBJECTION OF PEPPER HAMILTON LLP
TO THE MOTION OF CHAPTER 7 TRUSTEE CHARLES A. STANZIALE
TO APPROVE A SETTLEMENT AGREEMENT WITH MCGLADREY &
PULLEN, LLP, FREED MAXICK & BATTAGLIA CPAs PC,
FREED MAXICK SACHS & MURPHY, P.C. AND MICHAEL AQUINO**

Trustee Charles A. Stanziale, Jr. (the "Trustee") has submitted a Motion to this Court for Approval of the August 10, 2007 settlement agreement (the "Settlement Agreement") between himself and McGladrey & Pullen LLP, Freed Maxick & Battaglia CPAs PC, Freed Maxick Sachs & Murphy, P.C. and Michael Aquino (collectively, the "Accountants"). Pepper Hamilton LLP ("Pepper Hamilton"), a creditor in this proceeding, enters this limited objection to the Trustee's Motion on the ground that it seeks to enjoin third party claims outside of the Bankruptcy Action and will unnecessarily and impermissibly interfere with and impede the resolution of two actions pending before the Hon. Joseph J. Farnan in the United States District Court for the District of Delaware: *Charles A. Stanziale, Jr. v. Pepper Hamilton LLP, et al.*, Civil No. 04-

1551 (JJF); and *Royal Indemnity Company* v. *Pepper Hamilton LLP, et al.*, Civil No. 05-165 (JJF).

1.  Pepper Hamilton does not contest this Court's authority to approve the Trustee's proposed settlement under Federal Rule of Bankruptcy Procedure 9019(a). Nor does it object to the $9 million settlement amount specified in the Settlement Agreement.

2.  However, the Trustee's Motion seeks an order from this Court (the "Order Approving Settlement") that, in addition to approving the Settlement Agreement, also bars "all persons and entities" from asserting or prosecuting any claim for indemnity or contribution against the Accountants where such claims relate to the actions presently being settled. The proposed order should be modified so as to make clear that this bar is not applicable to Pepper Hamilton or any partner thereof.

3.  The Accountants and Pepper Hamilton are alleged joint tortfeasors. As presently worded the Order Approving Settlement would prohibit Pepper Hamilton from pursuing its own, independent claims against the Accountants outside of this Bankruptcy Action, whether (i) to secure affirmative recovery, or (ii) simply as the procedural vehicle to permit determination of the appropriate judgment credit to be afforded on account of the Accountants' settlements to Pepper Hamilton in each of the two above-referenced actions pending before Judge Farnan. Entry of the proposed order in its current form would constitute an impermissible extension of the Court's jurisdiction, as well as an impermissible intrusion into the jurisdiction of the federal district court in respect of the actions presently pending before Judge Farnan, who must (but has yet to) determine (i) the effect on the actions before him of the Trustee's settlement with the Accountants or (ii) the procedure to be employed to ascertain that effect.

4. The Trustee's Motion does not cite any authority empowering the Court to issue the bar order sought. Assuming, however, that the Trustee intends to invoke the Court's equitable powers under 11 U.S.C. § 105(a), the effect of the proposed bar would far exceed the established scope of that provision. As the Third Circuit has explained, "§ 105(a) is a powerful, versatile tool, but . . . it operates only within the context of bankruptcy proceedings." *Joubert v. ABN AMRO Mortgage Group, Inc.*, 411 F.3d 452, 455 (3d Cir. 2005). This Court may not create substantive rights in favor of a debtor that are in addition to the rights bestowed by the Code if such rights do not also exist outside of bankruptcy law. *In re Phar-Mor, Inc. Sec. Litig.*, 166 B.R. 57, 61 (W.D. Pa. 1994) (citing *Southern Railway Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985). Where, as here, a proposed injunction under § 105 seeks to control independent claims held outside of the bankruptcy proceeding by non-debtors, courts in this Circuit have refused to recognize such authority.[1] The reasons for this refusal are clear: (1) bankruptcy courts are courts of limited jurisdiction, and have no automatic power over independent civil actions between two non-debtors, *see generally In re VF Brands, Inc.*, 282 B.R. 134, 138 n.4 (Bankr. D. Del. 2002); and (2) the Court's equitable considerations under § 105 do not begin and end with the Trustee. *See In re Medical Asset Management*, 249 B.R. at 663 ("The fairness to the

---

[1] *See, e.g., In re Medical Asset Management, Inc.*, 249 B.R. 659, 664 (Bankr. W.D. Pa. 2000) (refusing to approve proposed three party settlement between disbursing agent, creditor, and insurer where such settlement sought to enjoin all actions against insurer by non-settling third parties, and noting that "[w]e do not have 'free-floating discretion' as a court of equity to rearrange rights in accordance with our . . . view of what is fair and just"); *In re Phar-Mor*, 166 B.R. at 62 (refusing debtors' request to stay related creditor actions against third party accountants and emphasizing that "the fact that the Debtors were also injured by the alleged negligent audits does not transform the Creditor Actions into derivative claims [subject to control as part of the Debtor estate]. . . . [T]he Code was not intended to stay actions which assert that a nondebtor is independently liable").

settling parties of a proposed settlement agreement may not warrant its approval if the rights of others who are not parties to the settlement agreement are unduly prejudiced.").

5. Pepper Hamilton objects to the Trustee's proposed order because its entry would impermissibly restrict Judge Farnan's ability to resolve matters presently pending before him. Specifically, the proposed order purports to bar the assertion of claims that may be necessary simply as the procedural vehicle for granting Pepper Hamilton an appropriate judgment credit under the Uniform Contribution Among Tort-Feasors Act. The Settlement Agreement provides for the following reduction of any future damages recoverable in a related action by the Trustee:

> ". . . any damages recoverable against any and all joint tortfeasors shall be reduced by the 'Bar Amount' . . . . The 'Bar Amount' shall be the amount, if any, necessary under applicable law to effect a bar against contribution or indemnity claims, however denominated, against the Accountants, whether calculated as the Accountants' pro-rata shares(s) of legal liability or the [settlement sum]."

*See* Settlement Agreement at 9. Both the Settlement Agreement and the Trustee's Motion emphasize that the Trustee has given the above judgment reduction in order to obviate the need for the Accountants to remain party to the Trustee's surviving action against Pepper Hamilton (or become party to a new action for purposes of establishing their tortfeasor status). However, the Settlement Agreement cites three different state statutes (Del. Stat. Ann. tit. 10 § 6304, 42 Pa. Cons. Stat. Ann. § 8327, and N.C. Gen. Stat. Ann. §1B-4) as guidelines for the above release, *see* Settlement Agreement at 8, and case law treatment of those statutes indicates differences between each state's procedural requirements for ascertaining possible judgment reduction.

6. While under Pennsylvania and North Carolina law it appears that the actual filing of claims by Pepper Hamilton against the Accountants is not necessary for the Court to determine the applicable judgment credit, Judge Farnan has not as yet determined that either Pennsylvania or North Carolina law will apply. Judge Farnan may determine that Delaware law

applies to this issue and under Delaware law it appears that the actual assertion of claims by Pepper Hamilton against the Accountants is necessary in order for the Court to allocate fault and apply the "Bar Amount" calculation contemplated by the Settlement Agreement. *See Ikeda* v. *Molock*, 603 A.2d 785 (Del. 1991); *Medical Center of Delaware, Inc.* v. *Mullins*, 637 A.2d 6 (Del. 1994).

7. In its presently worded form, the proposed order would impermissibly preempt a decision by Judge Farnan regarding the procedure to be employed to determine the effect that the Settlement Agreement will have in the two District Court actions. Since no party to this action, or to any of the actions pending before Judge Farnan, disputes the rights of Pepper Hamilton to the fullest claim reduction under whichever law Judge Farnan deems appropriate, it is essential that the proposed order be modified as requested herein.

## Conclusion

For the reasons set forth above, Pepper Hamilton respectfully requests that the proposed Order Approving Settlement should be modified so as to make clear that the proposed bar order is not applicable to Pepper Hamilton, or any partner thereof, and that the effect of the settlements with the Accountants by both the Trustee and Royal on the two actions presently pending before Judge Farnan will be determined by Judge Farnan.

Dated: September 4, 2007

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        /s/ Daniel B. Butz
        William H. Sudell, Jr. (No. 0463)
        Daniel B. Butz (No. 4227)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899-1347
        Telephone: (302) 658-9200
        Facsimile: (302) 658-3989

        *Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP*

Of Counsel:

| | |
|---|---|
| Charles A. Gilman | Elizabeth K. Ainslie |
| David G. Januszewski | Stephen J. Shapiro |
| David G. Montone | Schnader Harrison Segal & Lewis LLP |
| Cahill Gordon & Reindel LLP | 1600 Market Street, Suite 3600 |
| 80 Pine Street | Philadelphia, PA 19103 |
| New York, NY 10005 | Telephone: (215) 751-2000 |
| Telephone: (212) 701-3000 | Facsimile: (215) 751-2205 |
| Facsimile: (212) 269-5420 | |
| *Attorneys for Defendant Pepper Hamilton LLP* | *Attorneys for Defendant Pepper Hamilton LLP and W. Roderick Gagne, in his capacity as an attorney practicing at Pepper Hamilton LLP* |

1226178