**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MBIA INSURANCE CORPORATION, et al., ) <br>     Plaintiffs/Counterclaim Defendants, ) <br> ) <br> v. ) <br> ) <br> ROYAL INDEMNITY COMPANY, ) <br>     Defendant/Counterclaim Plaintiff. ) | C.A. No. 02-1294-JJF |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEPPER HAMILTON LLP, et al., ) <br>     Defendants. ) | C.A. No. 04-1551-JJF |
| CHARLES A. STANZIALE, JR., Ch. 7 Trustee, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> McGLADREY & PULLEN LLP, et al., ) <br>     Defendants. ) | C.A. No. 05-72-JJF |
| ROYAL INDEMNITY COMPANY, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEPPER HAMILTON LLP, et al., ) <br>     Defendants. ) | C.A. No. 05-165-JJF |

**ROYAL INDEMNITY COMPANY'S MOTION *IN LIMINE* NO. 5
TO EXCLUDE EVIDENCE REGARDING "OTHER" TRANSACTIONS
CONDUCTED BY ROYAL'S FINANCIAL ENHANCEMENTS UNIT**

Royal Indemnity Company ("Royal") respectfully submits this motion *in limine* to exclude from trial evidence regarding transactions conducted by Royal's Financial Enhancements Unit (the "FEU"), or any other Royal department, that are not related to Student Finance Corporation ("SFC") and do not involve Wells Fargo Bank Minnesota, N.A. ("Wells").

**PRELIMINARY STATEMENT**

As part of the collateral sideshow that Wells intends to conduct at trial concerning Royal's alleged due diligence failures (*see* Memorandum of Law in Support of Royal's Motion *in Limine* No. 1), Wells will also seek to introduce evidence that the FEU, the department responsible for the SFC coverage, entered into various other transactions unrelated to the SFC securitizations that had negative consequences for Royal. The soundness of other transactions underwritten by Royal's FEU – transactions that did not involve Wells or SFC in any way – is irrelevant to the issue of whether Wells breached its contractual obligations to Royal, and therefore should be excluded under Fed. R. Evid. 401. *See Genzyme Corp. v. Atrium Med. Corp.*, 315 F. Supp. 2d 552, 561 (D. Del. 2004) ("The Federal Rules of Evidence (FRE) require that the evidence presented be relevant to the matter in dispute and free from unfair prejudice. According to FRE 401-403, admissible evidence must be relevant, or tend to make a fact more or less probable."); *Skretvedt v. E.I. Du Pont De Nemours Co.*, 262 F. Supp. 2d 366, 373 (D. Del. 2003).

Simply, there is no circumstance under which Wells is permitted to introduce evidence of these unrelated transactions. The FEU's past conduct is not admissible to show that it has a "propensity" for conducting business negligently. *See* Fed. R. Evid. 404(b); *Southern Pac. Trans. Co. v. Builders Trans., Inc.*, Civ. A. No. 90-3177, 1993 WL 185620, *10 (E.D. La. May 25, 1993) (finding that evidence of prior negligent acts is not admissible to show that defendant's employees were negligent on date in question). Similarly, the FEU's conduct in prior transactions does not constitute evidence of habit or routine practice under Fed. R. Evid. 406. *See Becker v. Arco Chem. Co.*, 207 F.3d 176, 204 (3d Cir. 2000). In all events, Wells is not entitled to put on any evidence of Royal's alleged negligence as a defense to this breach of contract action. *See Coffin v. Fidelity-Philadelphia Trust Co.*, 97 A.2d 857, 863 (Pa. 1953).

## CONCLUSION

For the foregoing reasons, Royal respectfully requests that this Court exclude evidence relating to the FEU's past transactions that are wholly unrelated to the SFC securitizations at issue.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Tiffany Geyer Lydon* |
| *Of Counsel:* | _____ |
|  | Philip Trainer, Jr. (I.D. #2788) |
| Michael H. Barr | Tiffany Geyer Lydon (I.D. #3950) |
| Kenneth J. Pfaehler | Andrew D. Cordo (I.D. #4534) |
| SONNENSCHEIN NATH & ROSENTHAL LLP | 500 Delaware Avenue, 8th Floor |
| 1221 Avenue of the Americas | Wilmington, Delaware 19899 |
| New York, New York 10020-1089 | (302) 654-1888 |
| (212) 768-6700 | ptrainer@ashby-geddes.com |
|  | tlydon@ashby-geddes.com |
| - and - | acordo@ashby-geddes.com |
|  |  |
| John Grossbart | *Attorneys for Defendant/Counterclaim Plaintiff* |
| Steve Merouse | *Royal Indemnity Company* |
| SONNENSCHEIN NATH & ROSENTHAL LLP |  |
| 7800 Sears Tower |  |
| 233 S. Wacker Drive |  |
| Chicago, Illinois 60606 |  |
| (312) 876-8000 |  |

Dated: September 28, 2007
184594.1